

**Kriss &Feuerstein** LLP

360 Lexington Avenue, New York, NY 10017

Jason S. Leibowitz, Esq.
(212) 661-2900 ext. 4115
(212) 661-9397 (fax)
jleibowitz@kandfllp.com

**ORIGINAL**

July 19, 2012

***Via FedEx Overnight Courier***
Amsterdam Hospitality Group LLC
C/O Altman Schochet LLP
225 Broadway / 39th Floor
New York, New York 10007

   Re: In re 243rd Street Bronx R&R LLC
     Chapter 11
     <u>Case No. 1:11-13321-alg</u>

Dear Amsterdam Hospitality Group LLC:

   This firm is counsel to secured creditor, 243rd Street Lender LLC (the "Secured Creditor"), in the above-referenced matter.

   On or about January 10, 2012 you were served with a subpoena dated January 10, 2012 (the "Subpoena"), a copy of which is enclosed herein, requiring you to produce certain documents (the "Outstanding Documents") in connection with the above-referenced matter. Nevertheless, you failed to produce any documents at the offices of the undersigned.

   Enclosed please find a copy of a Scheduling Order (the "Order") dated July 13, 2012, which required that you produce the Outstanding Documents demanded in connection with the Subpoena by Friday, July 13, 2012. Notwithstanding, you have failed to produce any of said documents at the offices of the undersigned.

   Please be further advised that as a result, you are in contempt of the Order, and a repeated demand for such Outstanding Documents is hereby made. The Secured Creditor is herein providing you with an opportunity to purge your contempt, provided the Outstanding Documents are provided by the close of business tomorrow.

   Should you fail to produce the Outstanding Documents by the close of business tomorrow, the Secured Creditor will seek any and all appropriate remedies, including legal fees.

Amsterdam Hospitality Group LLC
July 19, 2012
Page – 2 –


In addition, enclosed herewith is the Secured Creditor's Supplemental Document Demands (the "Supplemental Demands").  The documents contained in the Supplemental Demands are due from you within seven (7) days of the date of this letter.

Thank you for your attention in this matter.



Yours truly,


JASON S. LEIBOWITZ

## INSTRUCTIONS

1.  The uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated fully herein.

2.  These requests for the production of documents require that you produce all responsive documents and things in your possession, custody, or control, without regard to the physical location of such documents and things. You have the duty to search for responsive documents and things in all media and sources in its possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup facilities. You have the duty to ensure that no responsive documents are destroyed, deleted of otherwise disposed of.

3.  In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure, which applies Rule 45(d) of the Federal Rules of Civil Procedure to this matter, documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the requests to which the documents are responsive. If there are no documents responsive to a request herein, the response to such request shall so state.

4.  In connection with any objection or request for relief with respect to the document requests herein, the objecting party shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer. Immediately following each such specification the objecting party shall set forth the basis of the objection or relief requested. Any such objection or request for relief shall state all grounds with specificity. Any ground not stated in such objection or request for relief within the time provided by the Federal or Local Bankruptcy Rules shall be deemed waived.

5.  If a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, written objections to such request shall identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege being invoked, and the responding party shall provide at the time of the response to this subpoena, a list setting forth as to each document of portion of document withheld the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the documents; (vi) the relationship of the author of the document to the recipients of the document; and (vii) the privilege claimed as to the document.

6.  If any responsive documents or parts of documents have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the

document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted, or otherwise disposed of.

## DEFINITIONS

The following terms when used herein shall have the following meaning:

"We Care Housing Services" shall mean We Care Housing Services, LLC.

"We Care" shall mean We Care Housing LLC.

"We Care Entities" shall mean We Care Housing Services, LLC and We Care Housing LLC.

The "Debtor" shall mean 243RD STREET BRONX R&R LLC, the Debtor in *In re: 243RD STREET BRONX R&R LLC*, (Chapter 11 Case No. 11-13321-alg), and due to "overlap" between the Debtor and We Care, all documents demanded of the *Debtor* shall hereby simultaneously also be demanded of We Care.

"Wertman" shall mean Charles Wertman, an individual person.

"Lapes" shall mean Alan Lapes, an individual person.

The "Disclosure Statement" refers to the Second Amended Disclosure Statement of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 [docket item 54].

The "Plan" refers to the Second Amended Plan of Reorganization of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 and any and all amendments thereto [docket item 53].

The "Property" shall mean the real property located at 708-710 East 243rd Street, 738-740 East 243rd Street, Bronx, State of New York being known and described as Block 5115, Lots 28 and 47.

"Secured Creditor" shall mean 243RD STREET LENDER LLC and/or its predecessor-in-interest.

"Tristate" shall mean Tristate Realty Holdings, LLC as it is identified on the Debtor's Schedule F.

"Newell Funding" shall mean Newell Funding LLC.

"Quality One" shall mean Quality One Management LLC.

2

"Amsterdam" shall mean Amsterdam Hospitality Group & Amsterdam Hospitality LLC.
"Volunteers" shall mean Volunteers of America Greater New York, Inc.

The "Mortgage" shall mean the Consolidated and Modified Mortgage, Assignments of
Rents, Security Agreement and Fixture Filing.

"Podolsky" shall mean Stuart Podolsky and/or Jay Podolsky.

## SUPPLEMENTAL DOCUMENT DEMANDS

1. Copies of all Federal, State, City and other income tax returns of the Debtor for the 2007,
   2008, 2009, 2010, 2011 and 2012 years, complete with all filed schedules, and together
   with W-2 statements, Form 1099's, schedules and worksheets thereof and all papers,
   documents and memoranda referring to any adjustment or audit made in connection
   therewith.

2. Copies of all Federal, State, City and other income tax returns of each of the We Care
   Entities for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with all filed
   schedules, and together with W-2 statements, Form 1099's, schedules and worksheets
   thereof and all papers, documents and memoranda referring to any adjustment or audit
   made in connection therewith.

3. Copies of Amsterdam's Federal, State, City and other income tax returns for the 2007,
   2008, 2009, 2010, 2011 and 2012 years, complete with all filed schedules, and together
   with W-2 statements, Form 1099's, schedules and worksheets thereof and all papers,
   documents and memoranda referring to any adjustment or audit made in connection
   therewith.

4. All evidence of communications with respect to any new lease terms between the Debtor
   and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care
   Entities, Quality One and/or Volunteers.

5. All payments received by the Debtor from Wertman, Podolsky, Amsterdam, Tristate,
   Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers, as well as
   any payments received by Amsterdam, Tristate, Newell Funding, any of the We Care
   Entities, Quality One, and/or Volunteers from the Debtor, on account of any agreements
   made by and between the Debtor and Wertman, Podolsky, Amsterdam, Tristate, Newell
   Funding, any of the We Care Entities, Quality One, and/or Volunteers;

6. All communications, documents, agreements and/or memoranda concerning Wertman's,
   Podolsky's, Amsterdam's, Tristate's, Newell Funding's, any of the We Care Entities',
   Quality One's, and/or Volunteers' willingness or ability to pay rent increases for
   apartments it currently leases at the Property;

7. All communications, documents, agreements and/or memoranda between the Debtor, on
   the one hand, and any of Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any

of the We Care Entities, Quality One, and/or Volunteers on the other hand, which identifies the principals of Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

8. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which evidences or describes the Debtor's indebtedness to Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

9. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which identifies how the Debtor utilized funds obtained from Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

10. Itemization of all payments of any kind whatsoever, received by Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers, along with the nature of such payments, as they were made by the Debtor to Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

11. Itemization of payments received by the Debtor from Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers since July 8, 2005;

12. All documents concerning the Debtor's relationship with Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers or its principals in connection with any other properties owned by the Debtors and/or its principals;

13. All documents, resolutions, operating agreements, manager's certificate, shareholder's agreement, partnership agreement or articles of organization pertaining to the Debtor;

14. Names and addresses of all equity holders or interest holders of the Debtor;

15. Names and addresses of the parties that executed the November 4, 2011 Amendment to Lease filed on the Court's Docket on November 7, 2011 [Docket item #29];

16. All agreements between the Debtor and the Secured Creditor, including but not limited to any and all loan documents;

17. A list of all buildings in which any of the We Care Entities places tenants, and the rents that either or both of the We Care Entities pay for those tenants;

18. Any and all appraisals of the Property, including but not limited to any draft appraisals;

4

19. All documents which will be introduced at any confirmation hearing for any purpose whatsoever, including without limitation, as to feasibility of a plan, the Debtor's good faith, the amount of any liens or secured claims, any violations at the Property, the amount of any unsecured claims, and the value of the Property;

20. All documents concerning any liens on the Property other than that of the Secured Creditor;

21. A payment history for each of the Debtor's leases with We Care Housing Services and/or We Care from the date of the lease to the present;

22. A current balance sheet and income statement for each of the We Care Entities;

23. All organizational documents of the Debtor, We Care and We Care Housing Services including without limitation, certificate of formation, bylaws, operating agreement, and any shareholders or members agreements;

24. All documents concerning how We Care and We Care Housing Services is paid by any person or entity with respect to the apartments it leases from the Debtor;

25. All documents between either of the We Care Entities, on the one hand, and any person or entity, on the other hand, concerning the apartments We Care leases from the Debtor;

26. All resolutions of We Care and We Care Housing Service's members, shareholders, or board approving any transactions with the Debtor (and any minutes of any board meetings at which such transactions are discussed);

27. All documents between or among (i) any of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities, on the one hand, and (ii) the Debtor and/or any shareholder, member or insider of the Debtor;

28. All documents concerning any compensation, distributions or monies received for any reason whatsoever, received within the last 10 years by any shareholder, member or insider of the Debtor from either of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities;

29. All construction contracts of any kind concerning the Debtor's Property since January 1, 2006;

30. All documents concerning any work or improvements done to or construction at, or to the Property since January 1, 2006;

31. All documents concerning any building violations at the Property since January 1, 2007;

32. A current balance sheet for each of the Debtor's insiders, including but not limited to Wertman, Tristate, Amsterdam, each of the We Care Entities and Podolsky;

33. A current balance sheet for every person or entity that will advance any funds or monies to fund the Debtor's Plan.

34. All documents concerning the Debtor's ability to pay all amounts due under the Plan, including without limitation, all documents evidencing or describing the sources for all such payments;

35. All documents and/or agreements concerning the terms and conditions by which the Debtor will be able to make payments due under the Plan;

36. All documents and/or agreements concerning the terms and conditions by which, funds will be provided to the Debtor in the future from any person or entity, aside from rents, to permit the Debtor to make payments due under the Plan;

37. Any bank statements from any person or entity that will in whole or in part, fund the Plan;

38. All certified operating statements for the Property for years 2007, 2008, 2009, 2010, 2011;

39. A current certified rent roll schedule;

40. Audited financial statements of the Debtor for 2009, 2010 and 2011;

41. Any and all information management agreements, current insurance certificates, occupancy history for 2009, 2010, 2011 and 2012;

42. A termite report, utility bills from 2011 and 2012, all permits, licenses and certifications, all property related service contracts, a description of budgeted capital expenditures, along with a year-to-date capital expenditure schedule, including a capital expenditure schedule for 2009, 2010, 2011 and 2012, a line item breakout of repairs and maintenance;

43. All current residential and commercial leases, along with a year-to-date tenant arrearage report through 2011;

44. All Division of Housing and Community Renewal Reports with respect to the Property of the Debtor for the years 2007, 2008, 2009, 2010, 2011 and 2012;

45. To the extent not already provided, all records, papers and memoranda, including, but not limited to, copies of deeds, mortgages, contracts, bids, closing statements, leases, loan applications, and rent receipts, concerning any and all real property owned, rented or leased by the Debtor, individually, or in conjunction with any other person or persons,

6

including but not limited to any of its partners or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

46. Any and all records, documents, papers and memoranda pertaining to monies owed to the Debtor, and any security or collateral for such debts;

47. All stock certificates, mutual funds, bonds or other securities in the name of the Debtor, individually or in conjunction with any other person or persons, or any other partners, which may be held in the account of the Debtor, individually, or in conjunction with any other person or person, in any corporation, domestic or foreign, or issued by the Federal government, or by any State, Municipality, or other governmental agency, including foreign governments for the period January 1, 2005 to the present;

48. All records and memoranda, including, but not limited to, monthly account statements of stock brokerage accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or any of its partners, or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

49. Records of all transfers of real property and/or personal property of any kind by the Debtor for the period January 1, 2005 to the present;

50. Records, including, but not limited to, partnership agreements, identifying each and every general or limited partnership in which the Debtor has an interest and its percentage interest in the partnership;

51. Records pertaining to the value of any general or limited partnership in which the Debtor has an interest, and the value of its interest in each such partnership, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

52. Records, including, but not limited to, stockholders' agreements, stock certificates and corporate minute books identifying each and every corporation in which the Debtor has an ownership interest or is an officer or director, and its percentage interest in the corporation;

53. Records pertaining to the value of any corporation in which the Debtor has an ownership interest or is an officer or director, and the value of its ownership interest in each such corporation, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

54. Copies of all insurance and/or annuity policies in which the Debtor has an interest;

55. Copies of all insurance policies (including life and disability) owned by the Debtor;

56. Copies of all monthly expense reports for employees of the Debtor from January 1, 2007 to the present;

7

57. Copies of all cash receipts necessary to determine the amount of outstanding receivables for services provided to the Debtor from January 1, 2007 to present;

58. All documents concerning any communications, lease(s), agreements and/or memoranda between or among any of the Debtor, Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers from September 21, 2004 to the present;

59. All documents concerning any evidence of communications with respect to negotiations of any new lease terms between the Debtor and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

60. All agreements between the Debtor and Newell Funding;

61. All agreements between the Debtor and Alan Lapes;

62. All agreements between the Debtor and Quality One;

63. All agreements between the Debtor and Amsterdam;

64. All agreements between the Debtor and Volunteers;

65. All agreements between the Debtor and Wertman;

66. All agreements between the Debtor and Tristate;

67. All agreements between the Debtor and Podolksy;

68. To the extent not already provided, all savings bankbooks, passbooks and records and memoranda pertaining to the Debtor, and/or in the name of the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners including We Care, in trust, or as custodian for any other person or persons, or in which the Debtor has any equitable, legal or other interest for the period January 1, 2007 to the present;

69. All records and memoranda, including, but not limited to, checkbooks, checkbook registers, canceled checks, check stubs and deposit slips, pertaining to all checking accounts, money market funds or other funds, and any investment accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or in which the Debtor has a legal, equitable, or other interest for the period January 1, 2007 to the present.

8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                                    Case No. 11-13321-alg

                                                          Chapter 11

243RD STREET BRONX R&R LLC,

                              Debtor.

-------------------------------------------------------------------x

## SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026(f), 243RD

STREET LENDER LLC (the "Secured Creditor"), a secured creditor and interested party to this

Chapter 11 Case, along with the debtor 243RD STREET BRONX R&R LLC (the "Debtor")

shall adhere to the following mutually agreed upon dates and deadlines governing discovery in

this case:

1.  All subpoenaed persons and/or entities shall produce the documents directed in the
    Subpoenas not later than Friday, July 13, 2012.

2.  Additional and/or supplemental document requests, if needed, to be served by the
    Secured Creditor not later than Thursday, July 19, 2012.

3.  All responses to documents demanded in connection with the Secured Creditors'
    supplemental documents requests to be supplied not later than seven (7) days after
    service of such supplemental document request.

4.  The following persons and/or entities shall appear for depositions at the offices of
    counsel for the Secured Creditor, on the following dates and times:

    a.  Charles Wertman – Wednesday, August 15, 2012 at 10:00 a.m.
    b.  Stuart Podolsky – Thursday, August 16, 2012 at 10:00 a.m.
    c.  A principal of Tristate – Friday, September 7, 2012 at 10:00 a.m.
    d.  Jay Podolsky – Thursday, September 6, 2012 at 10:00 a.m.
    e.  A principal of We Care Housing Services LLC – Monday, September 10, 2012 at
        10:00 a.m.
    f.  A principal of We Care Housing LLC - Monday, September 10, 2012 at 1:00 p.m.

Depositions shall remain ongoing and continuing until complete.    Furthermore,
depositions of additional persons and/or entities may be scheduled as deemed necessary.

1

Nothing contained herein shall in any way limit any rights of the Secured Creditor to seek any additional documents, depositions and/or any other discovery from the Debtor or any other persons and/or entities all of which rights are expressly reserved.

5.  Objections to confirmation of the Second Amended Plan to be filed on or before Friday, September 28, 2012, with a combined hearing on confirmation and the Secured Creditor's motion for relief from the automatic stay to be held on October 10, 2012, at 10:00 a.m. The parties shall arrange a telephonic conference with Chambers between October 1 and October 5, 2012, to discuss the confirmation hearing.

6.  The deadline to submit ballots in connection with the Debtor's Second Amended Plan shall be extended to Friday, September 28, 2012.


Dated:  New York, New York
        July 13, 2012


                                    s/Allan L. Gropper
                                    ALLAN L. GROPPER
                                    UNITED STATES BANKRUPTCY JUDGE

2

7/19/12

FedEx Ship Manager - Print Your Label(s)

From: (212) 661-2900
Timothy Colon
Kriss & Feuerstein LLP
360 Lexington Ave
Suite 1200
New York, NY 10017

Origin ID: OGSA



Ship Date: 19JUL12
ActWgt: 0.1 LB
CAD: 1201248/INET3300

J12201205300325

BILL SENDER

SHIP TO: (212) 661-2900

**C/o Altman Schochet LLP**
**Amsterdam Hospitality Group LLC**
**225 Broadway**
**39th Floor**
**new york, NY 10007**

Delivery Address Bar Code



Ref #        AHG.Supplemental.7.19.12.
Invoice #
PO #
Dept #

TRK#    **7986 4208 8363**
0201

FRI - 20 JUL  A1
STANDARD OVERNIGHT

**10007**
NY-US

**EWR**

# EA PCTA



515G1/E052/AA44

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



 **Kriss**
**&Feuerstein**LLP

360 Lexington Avenue, New York, NY 10017

Jason S. Leibowitz, Esq.
(212) 661-2900 ext. 4115
(212) 661-9397 (fax)
jleibowitz@kandfllp.com


July 19, 2012


*__Via FedEx Overnight Courier__*
Amsterdam Hospitality LLC
888 8th Ave, 20th Floor
New York, New York 10106

Re:    In re 243rd Street Bronx R&R LLC
       Chapter 11
       <u>Case No. 1:11-13321-alg</u>

Dear Amsterdam Hospitality LLC:

This firm is counsel to secured creditor, 243rd Street Lender LLC (the "Secured Creditor"), in the above-referenced matter.

On or about January 10, 2012 you were served with a subpoena dated January 10, 2012 (the "Subpoena"), a copy of which is enclosed herein, requiring you to produce certain documents (the "Outstanding Documents") in connection with the above-referenced matter. Nevertheless, you failed to produce any documents at the offices of the undersigned.

Enclosed please find a copy of a Scheduling Order (the "Order") dated July 13, 2012, which required that you produce the Outstanding Documents demanded in connection with the Subpoena by Friday, July 13, 2012. Notwithstanding, you have failed to produce any of said documents at the offices of the undersigned.

Please be further advised that as a result, you are in contempt of the Order, and a repeated demand for such Outstanding Documents is hereby made. The Secured Creditor is herein providing you with an opportunity to purge your contempt, provided the Outstanding Documents are provided by the close of business tomorrow.

Should you fail to produce the Outstanding Documents by the close of business tomorrow, the Secured Creditor will seek any and all appropriate remedies, including legal fees.

Amsterdam Hospitality LLC
July 19, 2012
Page – 2 –


In addition, enclosed herewith is the Secured Creditor's Supplemental Document Demands (the "Supplemental Demands").  The documents contained in the Supplemental Demands are due from you within seven (7) days of the date of this letter.

Thank you for your attention in this matter.



Yours truly,


JASON S. LEIBOWITZ

## INSTRUCTIONS

1.  The uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated fully herein.

2.  These requests for the production of documents require that you produce all responsive documents and things in your possession, custody, or control, without regard to the physical location of such documents and things. You have the duty to search for responsive documents and things in all media and sources in its possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup facilities. You have the duty to ensure that no responsive documents are destroyed, deleted of otherwise disposed of.

3.  In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure, which applies Rule 45(d) of the Federal Rules of Civil Procedure to this matter, documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the requests to which the documents are responsive. If there are no documents responsive to a request herein, the response to such request shall so state.

4.  In connection with any objection or request for relief with respect to the document requests herein, the objecting party shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer. Immediately following each such specification the objecting party shall set forth the basis of the objection or relief requested. Any such objection or request for relief shall state all grounds with specificity. Any ground not stated in such objection or request for relief within the time provided by the Federal or Local Bankruptcy Rules shall be deemed waived.

5.  If a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, written objections to such request shall identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege being invoked, and the responding party shall provide at the time of the response to this subpoena, a list setting forth as to each document of portion of document withheld the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the documents; (vi) the relationship of the author of the document to the recipients of the document; and (vii) the privilege claimed as to the document.

6.  If any responsive documents or parts of documents have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the

document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted, or otherwise disposed of.

## DEFINITIONS

The following terms when used herein shall have the following meaning:

"We Care Housing Services" shall mean We Care Housing Services, LLC.

"We Care" shall mean We Care Housing LLC.

"We Care Entities" shall mean We Care Housing Services, LLC and We Care Housing LLC.

The "Debtor" shall mean 243RD STREET BRONX R&R LLC, the Debtor in *In re: 243RD STREET BRONX R&R LLC,* (Chapter 11 Case No. 11-13321-alg), and due to "overlap" between the Debtor and We Care, all documents demanded of the *Debtor* shall hereby simultaneously also be demanded of We Care.

"Wertman" shall mean Charles Wertman, an individual person.

"Lapes" shall mean Alan Lapes, an individual person.

The "Disclosure Statement" refers to the Second Amended Disclosure Statement of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 [docket item 54].

The "Plan" refers to the Second Amended Plan of Reorganization of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 and any and all amendments thereto [docket item 53].

The "Property" shall mean the real property located at 708-710 East 243rd Street, 738-740 East 243rd Street, Bronx, State of New York being known and described as Block 5115, Lots 28 and 47.

"Secured Creditor" shall mean 243RD STREET LENDER LLC and/or its predecessor-in-interest.

"Tristate" shall mean Tristate Realty Holdings, LLC as it is identified on the Debtor's Schedule F.

"Newell Funding" shall mean Newell Funding LLC.

"Quality One" shall mean Quality One Management LLC.

"Amsterdam" shall mean Amsterdam Hospitality Group & Amsterdam Hospitality LLC. "Volunteers" shall mean Volunteers of America Greater New York, Inc.

The "Mortgage" shall mean the Consolidated and Modified Mortgage, Assignments of Rents, Security Agreement and Fixture Filing.

"Podolsky" shall mean Stuart Podolsky and/or Jay Podolsky.

## SUPPLEMENTAL DOCUMENT DEMANDS

1. Copies of all Federal, State, City and other income tax returns of the Debtor for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with all filed schedules, and together with W-2 statements, Form 1099's, schedules and worksheets thereof and all papers, documents and memoranda referring to any adjustment or audit made in connection therewith.

2. Copies of all Federal, State, City and other income tax returns of each of the We Care Entities for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with all filed schedules, and together with W-2 statements, Form 1099's, schedules and worksheets thereof and all papers, documents and memoranda referring to any adjustment or audit made in connection therewith.

3. Copies of Amsterdam's Federal, State, City and other income tax returns for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with all filed schedules, and together with W-2 statements, Form 1099's, schedules and worksheets thereof and all papers, documents and memoranda referring to any adjustment or audit made in connection therewith.

4. All evidence of communications with respect to any new lease terms between the Debtor and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One and/or Volunteers.

5. All payments received by the Debtor from Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers, as well as any payments received by Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers from the Debtor, on account of any agreements made by and between the Debtor and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

6. All communications, documents, agreements and/or memoranda concerning Wertman's, Podolsky's, Amsterdam's, Tristate's, Newell Funding's, any of the We Care Entities', Quality One's, and/or Volunteers' willingness or ability to pay rent increases for apartments it currently leases at the Property;

7. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and any of Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any

3

of the We Care Entities, Quality One, and/or Volunteers on the other hand, which identifies the principals of Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

8. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which evidences or describes the Debtor's indebtedness to Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

9. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which identifies how the Debtor utilized funds obtained from Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

10. Itemization of all payments of any kind whatsoever, received by Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers, along with the nature of such payments, as they were made by the Debtor to Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

11. Itemization of payments received by the Debtor from Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers since July 8, 2005;

12. All documents concerning the Debtor's relationship with Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers or its principals in connection with any other properties owned by the Debtors and/or its principals;

13. All documents, resolutions, operating agreements, manager's certificate, shareholder's agreement, partnership agreement or articles of organization pertaining to the Debtor;

14. Names and addresses of all equity holders or interest holders of the Debtor;

15. Names and addresses of the parties that executed the November 4, 2011 Amendment to Lease filed on the Court's Docket on November 7, 2011 [Docket item #29];

16. All agreements between the Debtor and the Secured Creditor, including but not limited to any and all loan documents;

17. A list of all buildings in which any of the We Care Entities places tenants, and the rents that either or both of the We Care Entities pay for those tenants;

18. Any and all appraisals of the Property, including but not limited to any draft appraisals;

4

19. All documents which will be introduced at any confirmation hearing for any purpose whatsoever, including without limitation, as to feasibility of a plan, the Debtor's good faith, the amount of any liens or secured claims, any violations at the Property, the amount of any unsecured claims, and the value of the Property;

20. All documents concerning any liens on the Property other than that of the Secured Creditor;

21. A payment history for each of the Debtor's leases with We Care Housing Services and/or We Care from the date of the lease to the present;

22. A current balance sheet and income statement for each of the We Care Entities;

23. All organizational documents of the Debtor, We Care and We Care Housing Services including without limitation, certificate of formation, bylaws, operating agreement, and any shareholders or members agreements;

24. All documents concerning how We Care and We Care Housing Services is paid by any person or entity with respect to the apartments it leases from the Debtor;

25. All documents between either of the We Care Entities, on the one hand, and any person or entity, on the other hand, concerning the apartments We Care leases from the Debtor;

26. All resolutions of We Care and We Care Housing Service's members, shareholders, or board approving any transactions with the Debtor (and any minutes of any board meetings at which such transactions are discussed);

27. All documents between or among (i) any of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities, on the one hand, and (ii) the Debtor and/or any shareholder, member or insider of the Debtor;

28. All documents concerning any compensation, distributions or monies received for any reason whatsoever, received within the last 10 years by any shareholder, member or insider of the Debtor from either of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities;

29. All construction contracts of any kind concerning the Debtor's Property since January 1, 2006;

30. All documents concerning any work or improvements done to or construction at, or to the Property since January 1, 2006;

31. All documents concerning any building violations at the Property since January 1, 2007;

5

32. A current balance sheet for each of the Debtor's insiders, including but not limited to Wertman, Tristate, Amsterdam, each of the We Care Entities and Podolsky;

33. A current balance sheet for every person or entity that will advance any funds or monies to fund the Debtor's Plan.

34. All documents concerning the Debtor's ability to pay all amounts due under the Plan, including without limitation, all documents evidencing or describing the sources for all such payments;

35. All documents and/or agreements concerning the terms and conditions by which the Debtor will be able to make payments due under the Plan;

36. All documents and/or agreements concerning the terms and conditions by which, funds will be provided to the Debtor in the future from any person or entity, aside from rents, to permit the Debtor to make payments due under the Plan;

37. Any bank statements from any person or entity that will in whole or in part, fund the Plan;

38. All certified operating statements for the Property for years 2007, 2008, 2009, 2010, 2011;

39. A current certified rent roll schedule;

40. Audited financial statements of the Debtor for 2009, 2010 and 2011;

41. Any and all information management agreements, current insurance certificates, occupancy history for 2009, 2010, 2011 and 2012;

42. A termite report, utility bills from 2011 and 2012, all permits, licenses and certifications, all property related service contracts, a description of budgeted capital expenditures, along with a year-to-date capital expenditure schedule, including a capital expenditure schedule for 2009, 2010, 2011 and 2012, a line item breakout of repairs and maintenance;

43. All current residential and commercial leases, along with a year-to-date tenant arrearage report through 2011;

44. All Division of Housing and Community Renewal Reports with respect to the Property of the Debtor for the years 2007, 2008, 2009, 2010, 2011 and 2012;

45. To the extent not already provided, all records, papers and memoranda, including, but not limited to, copies of deeds, mortgages, contracts, bids, closing statements, leases, loan applications, and rent receipts, concerning any and all real property owned, rented or leased by the Debtor, individually, or in conjunction with any other person or persons,

including but not limited to any of its partners or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

46. Any and all records, documents, papers and memoranda pertaining to monies owed to the Debtor, and any security or collateral for such debts;

47. All stock certificates, mutual funds, bonds or other securities in the name of the Debtor, individually or in conjunction with any other person or persons, or any other partners, which may be held in the account of the Debtor, individually, or in conjunction with any other person or person, in any corporation, domestic or foreign, or issued by the Federal government, or by any State, Municipality, or other governmental agency, including foreign governments for the period January 1, 2005 to the present;

48. All records and memoranda, including, but not limited to, monthly account statements of stock brokerage accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or any of its partners, or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

49. Records of all transfers of real property and/or personal property of any kind by the Debtor for the period January 1, 2005 to the present;

50. Records, including, but not limited to, partnership agreements, identifying each and every general or limited partnership in which the Debtor has an interest and its percentage interest in the partnership;

51. Records pertaining to the value of any general or limited partnership in which the Debtor has an interest, and the value of its interest in each such partnership, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

52. Records, including, but not limited to, stockholders' agreements, stock certificates and corporate minute books identifying each and every corporation in which the Debtor has an ownership interest or is an officer or director, and its percentage interest in the corporation;

53. Records pertaining to the value of any corporation in which the Debtor has an ownership interest or is an officer or director, and the value of its ownership interest in each such corporation, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

54. Copies of all insurance and/or annuity policies in which the Debtor has an interest;

55. Copies of all insurance policies (including life and disability) owned by the Debtor;

56. Copies of all monthly expense reports for employees of the Debtor from January 1, 2007 to the present;

57. Copies of all cash receipts necessary to determine the amount of outstanding receivables for services provided to the Debtor from January 1, 2007 to present;

58. All documents concerning any communications, lease(s), agreements and/or memoranda between or among any of the Debtor, Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers from September 21, 2004 to the present;

59. All documents concerning any evidence of communications with respect to negotiations of any new lease terms between the Debtor and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

60. All agreements between the Debtor and Newell Funding;

61. All agreements between the Debtor and Alan Lapes;

62. All agreements between the Debtor and Quality One;

63. All agreements between the Debtor and Amsterdam;

64. All agreements between the Debtor and Volunteers;

65. All agreements between the Debtor and Wertman;

66. All agreements between the Debtor and Tristate;

67. All agreements between the Debtor and Podolksy;

68. To the extent not already provided, all savings bankbooks, passbooks and records and memoranda pertaining to the Debtor, and/or in the name of the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners including We Care, in trust, or as custodian for any other person or persons, or in which the Debtor has any equitable, legal or other interest for the period January 1, 2007 to the present;

69. All records and memoranda, including, but not limited to, checkbooks, checkbook registers, canceled checks, check stubs and deposit slips, pertaining to all checking accounts, money market funds or other funds, and any investment accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or in which the Debtor has a legal, equitable, or other interest for the period January 1, 2007 to the present.

8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

                                           Case No. 11-13321-alg

In re:

                                           Chapter 11

243RD STREET BRONX R&R LLC,

                          Debtor.
-----------------------------------------------------------------x

## <u>SCHEDULING ORDER</u>

      Pursuant to Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026(f), 243RD

STREET LENDER LLC (the "Secured Creditor"), a secured creditor and interested party to this

Chapter 11 Case, along with the debtor 243RD STREET BRONX R&R LLC (the "Debtor")

shall adhere to the following mutually agreed upon dates and deadlines governing discovery in

this case:

1. All subpoenaed persons and/or entities shall produce the documents directed in the
Subpoenas not later than Friday, July 13, 2012.

2. Additional and/or supplemental document requests, if needed, to be served by the
Secured Creditor not later than Thursday, July 19, 2012.

3. All responses to documents demanded in connection with the Secured Creditors'
supplemental documents requests to be supplied not later than seven (7) days after
service of such supplemental document request.

4. The following persons and/or entities shall appear for depositions at the offices of
counsel for the Secured Creditor, on the following dates and times:

    a. Charles Wertman – Wednesday, August 15, 2012 at 10:00 a.m.
    b. Stuart Podolsky – Thursday, August 16, 2012 at 10:00 a.m.
    c. A principal of Tristate – Friday, September 7, 2012 at 10:00 a.m.
    d. Jay Podolsky – Thursday, September 6, 2012 at 10:00 a.m.
    e. A principal of We Care Housing Services LLC – Monday, September 10, 2012 at
       10:00 a.m.
    f. A principal of We Care Housing LLC - Monday, September 10, 2012 at 1:00 p.m.

      Depositions shall remain ongoing and continuing until complete. Furthermore,
depositions of additional persons and/or entities may be scheduled as deemed necessary.

Nothing contained herein shall in any way limit any rights of the Secured Creditor to seek any additional documents, depositions and/or any other discovery from the Debtor or any other persons and/or entities all of which rights are expressly reserved.

5. Objections to confirmation of the Second Amended Plan to be filed on or before Friday, September 28, 2012, with a combined hearing on confirmation and the Secured Creditor's motion for relief from the automatic stay to be held on October 10, 2012, at 10:00 a.m. The parties shall arrange a telephonic conference with Chambers between October 1 and October 5, 2012, to discuss the confirmation hearing.

6. The deadline to submit ballots in connection with the Debtor's Second Amended Plan shall be extended to Friday, September 28, 2012.

Dated: New York, New York
       July 13, 2012


                                        s/Allan L. Gropper
                                        ALLAN L. GROPPER
                                        UNITED STATES BANKRUPTCY JUDGE

2

7/19/12

Fedex Ship Manager - Print Your Label(s)

From: (212) 661-2900
Timothy Colon
Kriss & Feuerstein LLP
360 Lexington Ave
Suite 1200
New York, NY 10017

Origin ID: OGSA



Ship Date: 19JUL12
ActWgt: 0.1 LB
CAD: 1201248/INET3300

Delivery Address Bar Code



J12201205300325

SHIP TO: (212) 661-2900          BILL SENDER

Ref #       Amsterdam.Supplemental.7.19.12
Invoice #
PO #
Dept #

**Amsterdam Hospitality LLC**
**888 7TH AVE**
**FL 20**
**NEW YORK, NY 10106**

FRI - 20 JUL  A1
STANDARD OVERNIGHT

TRK#   **7986 4208 6338**
0201

10106
NY-US
EWR

**EA QNYA**



515G1/E052/AA44

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



Jason S. Leibowitz, Esq.
(212) 661-2900 ext. 4115
(212) 661-9397 (fax)
jleibowitz@kandfllp.com

360 Lexington Avenue, New York, NY 10017

July 19, 2012

***Via FedEx Overnight Courier***
Mark A. Frankel, Esq.
Backenroth Frankel & Krinsky LLP
*Attorneys for the Debtor*
489 Fifth Avenue
New York, New York 10017

>        Re:    In re 243[rd] Street Bronx R&R LLC
>               Chapter 11
>               <u>Case No. 1:11-13321-alg</u>

Dear Mr. Frankel:

        This firm is counsel to secured creditor, 243rd Street Lender LLC (the "Secured Creditor"), in the above-referenced matter.

        Enclosed herewith please find a copy of the Scheduling Order (the "Order") dated July 13, 2012, which was previously provided to your office as counsel to 243rd Street Bronx R&R LLC (the "Debtor") on July 13, 2012, requiring the Debtor to produce various documents by Friday, July 13, 2012.

        Notwithstanding, the Secured Creditor's service of a subpoena (the "Subpoena") for certain documents on January 11, 2012 and the Debtor being provided with a copy of the Order on July 13, 2012 requiring compliance by July 13, 2012, several documents were not produced (the "Outstanding Documents").

        Please be further advised that as a result, the Debtor is in contempt of the Order, and a repeated demand for such Outstanding Documents is hereby made. The Secured Creditor is herein providing the Debtor with another opportunity to purge its contempt, provided the Outstanding Documents are provided by the close of business tomorrow.

        Should the Debtor fail to produce the Outstanding Documents by the close of business tomorrow, the Secured Creditor will seek any and all appropriate remedies, including legal fees.

Mark A. Frankel, Esq.
July 19, 2012
Page – 2 –


      In addition, enclosed herewith is the Secured Creditor's Supplemental Document
Demands (the "Supplemental Demands"). The documents contained in the Supplemental
Demands are due from the Debtor on or before Friday, July 30, 2012.

      Thank you for your attention in this matter.


Yours truly,

JASON S. LEIBOWITZ


cc:


Mark A. Frankel
Backenroth Frankel & Krinsky LLP
*Attorneys for the Debtor*
489 Fifth Avenue
New York, New York 10017

United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004

## INSTRUCTIONS

1.  The uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated fully herein.

2.  These requests for the production of documents require that you produce all responsive documents and things in your possession, custody, or control, without regard to the physical location of such documents and things. You have the duty to search for responsive documents and things in all media and sources in its possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup facilities. You have the duty to ensure that no responsive documents are destroyed, deleted of otherwise disposed of.

3.  In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure, which applies Rule 45(d) of the Federal Rules of Civil Procedure to this matter, documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the requests to which the documents are responsive. If there are no documents responsive to a request herein, the response to such request shall so state.

4.  In connection with any objection or request for relief with respect to the document requests herein, the objecting party shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer. Immediately following each such specification the objecting party shall set forth the basis of the objection or relief requested. Any such objection or request for relief shall state all grounds with specificity. Any ground not stated in such objection or request for relief within the time provided by the Federal or Local Bankruptcy Rules shall be deemed waived.

5.  If a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, written objections to such request shall identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege being invoked, and the responding party shall provide at the time of the response to this subpoena, a list setting forth as to each document of portion of document withheld the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the documents; (vi) the relationship of the author of the document to the recipients of the document; and (vii) the privilege claimed as to the document.

6.  If any responsive documents or parts of documents have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the

document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted, or otherwise disposed of.

## DEFINITIONS

The following terms when used herein shall have the following meaning:

"We Care Housing Services" shall mean We Care Housing Services, LLC.

"We Care" shall mean We Care Housing LLC.

"We Care Entities" shall mean We Care Housing Services, LLC and We Care Housing LLC.

The "Debtor" shall mean 243RD STREET BRONX R&R LLC, the Debtor in *In re: 243RD STREET BRONX R&R LLC,* (Chapter 11 Case No. 11-13321-alg), and due to "overlap" between the Debtor and We Care, all documents demanded of the *Debtor* shall hereby simultaneously also be demanded of We Care.

"Wertman" shall mean Charles Wertman, an individual person.

"Lapes" shall mean Alan Lapes, an individual person.

The "Disclosure Statement" refers to the Second Amended Disclosure Statement of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 [docket item 54].

The "Plan" refers to the Second Amended Plan of Reorganization of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 and any and all amendments thereto [docket item 53].

The "Property" shall mean the real property located at 708-710 East 243rd Street, 738-740 East 243rd Street, Bronx, State of New York being known and described as Block 5115, Lots 28 and 47.

"Secured Creditor" shall mean 243RD STREET LENDER LLC and/or its predecessor-in-interest.

"Tristate" shall mean Tristate Realty Holdings, LLC as it is identified on the Debtor's Schedule F.

"Newell Funding" shall mean Newell Funding LLC.

"Quality One" shall mean Quality One Management LLC.

"Amsterdam" shall mean Amsterdam Hospitality Group & Amsterdam Hospitality LLC.
"Volunteers" shall mean Volunteers of America Greater New York, Inc.

The "Mortgage" shall mean the Consolidated and Modified Mortgage, Assignments of
Rents, Security Agreement and Fixture Filing.

## SUPPLEMENTAL DOCUMENT DEMANDS

1. To the extent not already provided, copies of all Federal, State, City and other income tax
   returns of the Debtor for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with
   all filed schedules, and together with W-2 statements, Form 1099's, schedules and
   worksheets thereof and all papers, documents and memoranda referring to any adjustment
   or audit made in connection therewith.

2. To the extent not already provided, copies of all Federal, State, City and other income tax
   returns of each of the We Care Entities for the 2007, 2008, 2009, 2010, 2011 and 2012
   years, complete with all filed schedules, and together with W-2 statements, Form 1099's,
   schedules and worksheets thereof and all papers, documents and memoranda referring to
   any adjustment or audit made in connection therewith.

3. All evidence of communications with respect to any new lease terms between the Debtor
   and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities,
   Quality One and/or Volunteers.

4. All payments received by the Debtor from Wertman, Amsterdam, Tristate, Newell
   Funding, any of the We Care Entities, Quality One, and/or Volunteers, as well as any
   payments received by Amsterdam, Tristate, Newell Funding, any of the We Care Entities,
   Quality One, and/or Volunteers from the Debtor, on account of any agreements made by
   and between the Debtor and Wertman, Amsterdam, Tristate, Newell Funding, any of the
   We Care Entities, Quality One, and/or Volunteers;

5. All communications, documents, agreements and/or memoranda concerning Wertman's,
   Amsterdam's, Tristate's, Newell Funding's, any of the We Care Entities', Quality One's,
   and/or Volunteers' willingness or ability to pay rent increases for apartments it currently
   leases at the Property;

6. All communications, documents, agreements and/or memoranda between the Debtor, on
   the one hand, and any of Wertman, Amsterdam, Tristate, Newell Funding, any of the We
   Care Entities, Quality One, and/or Volunteers on the other hand, which identifies the
   principals of Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality
   One, and/or Volunteers;

7. All communications, documents, agreements and/or memoranda between the Debtor, on
   the one hand, and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care
   Entities, Quality One, and/or Volunteers on the other hand, which evidences or describes

3

the Debtor's indebtedness to Wertman, Amsterdam, Tristate, Newell Funding, any of the
We Care Entities, Quality One, and/or Volunteers;

8. All communications, documents, agreements and/or memoranda between the Debtor, on
the one hand, and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care
Entities, Quality One, and/or Volunteers on the other hand, which identifies how the
Debtor utilized funds obtained from Amsterdam, Tristate, Newell Funding, any of the We
Care Entities, Quality One, and/or Volunteers;

9. Itemization of all payments of any kind whatsoever, received by Wertman, Amsterdam,
Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers,
along with the nature of such payments, as they were made by the Debtor to Wertman,
Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or
Volunteers;

10. Itemization of payments received by the Debtor from Wertman, Amsterdam, Tristate,
Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers since July
8, 2005;

11. All documents concerning the Debtor's relationship with Wertman, Amsterdam, Tristate,
Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers or its
principals in connection with any other properties owned by the Debtors and/or its
principals;

12. All documents, resolutions, operating agreements, manager's certificate, shareholder's
agreement, partnership agreement or articles of organization pertaining to the Debtor;

13. Names and addresses of all equity holders or interest holders of the Debtor;

14. Names and addresses of the parties that executed the November 4, 2011 Amendment to
Lease filed on the Court's Docket on November 7, 2011 [Docket item #29];

15. All agreements between the Debtor and the Secured Creditor, including but not limited to
any and all loan documents;

16. A list of all buildings in which any of the We Care Entities places tenants, and the rents
that either or both of the We Care Entities pay for those tenants;

17. Any and all appraisals of the Property, including but not limited to any draft appraisals;

18. All documents which will be introduced at any confirmation hearing for any purpose
whatsoever, including without limitation, as to feasibility of a plan, the Debtor's good
faith, the amount of any liens or secured claims, any violations at the Property, the
amount of any unsecured claims, and the value of the Property;

4

19. All documents concerning any liens on the Property other than that of the Secured Creditor;

20. A payment history for each of the Debtor's leases with We Care Housing Services and/or We Care from the date of the lease to the present;

21. A current balance sheet and income statement for each of the We Care Entities;

22. All organizational documents of the Debtor, We Care and We Care Housing Services including without limitation, certificate of formation, bylaws, operating agreement, and any shareholders or members agreements;

23. All documents concerning how We Care and We Care Housing Services is paid by any person or entity with respect to the apartments it leases from the Debtor;

24. All documents between either of the We Care Entities, on the one hand, and any person or entity, on the other hand, concerning the apartments We Care leases from the Debtor;

25. All resolutions of We Care and We Care Housing Service's members, shareholders, or board approving any transactions with the Debtor (and any minutes of any board meetings at which such transactions are discussed);

26. All documents between or among (i) any of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities, on the one hand, and (ii) the Debtor and/or any shareholder, member or insider of the Debtor;

27. All documents concerning any compensation, distributions or monies received for any reason whatsoever, received within the last 10 years by any shareholder, member or insider of the Debtor from either of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities;

28. All construction contracts of any kind concerning the Debtor's Property since January 1, 2006;

29. All documents concerning any work or improvements done to or construction at, or to the Property since January 1, 2006;

30. All documents concerning any building violations at the Property since January 1, 2007;

31. A current balance sheet for each of the Debtor's insiders, including but not limited to Wertman, Tristate, each of the We Care Entities, Jay Podolsky and Stuart Podolsky;

32. A current balance sheet for every person or entity that will advance any funds or monies to fund the Debtor's Plan.

33. All documents concerning the Debtor's ability to pay all amounts due under the Plan, including without limitation, all documents evidencing or describing the sources for all such payments;

34. All documents and/or agreements concerning the terms and conditions by which the Debtor will be able to make payments due under the Plan;

35. All documents and/or agreements concerning the terms and conditions by which, funds will be provided to the Debtor in the future from any person or entity, aside from rents, to permit the Debtor to make payments due under the Plan;

36. Any bank statements from any person or entity that will in whole or in part, fund the Plan;

37. All certified operating statements for the Property for years 2007, 2008, 2009, 2010, 2011;

38. A current certified rent roll schedule;

39. Audited financial statements of the Debtor for 2009, 2010 and 2011;

40. Any and all information management agreements, current insurance certificates, occupancy history for 2009, 2010, 2011 and 2012;

41. A termite report, utility bills from 2011 and 2012, all permits, licenses and certifications, all property related service contracts, a description of budgeted capital expenditures, along with a year-to-date capital expenditure schedule, including a capital expenditure schedule for 2009, 2010, 2011 and 2012, a line item breakout of repairs and maintenance;

42. All current residential and commercial leases, along with a year-to-date tenant arrearage report through 2011;

43. All Division of Housing and Community Renewal Reports with respect to the Property of the Debtor for the years 2007, 2008, 2009, 2010, 2011 and 2012;

44. To the extent not already provided, all records, papers and memoranda, including, but not limited to, copies of deeds, mortgages, contracts, bids, closing statements, leases, loan applications, and rent receipts, concerning any and all real property owned, rented or leased by the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

45. Any and all records, documents, papers and memoranda pertaining to monies owed to the Debtor, and any security or collateral for such debts;

46. All stock certificates, mutual funds, bonds or other securities in the name of the Debtor, individually or in conjunction with any other person or persons, or any other partners, which may be held in the account of the Debtor, individually, or in conjunction with any other person or person, in any corporation, domestic or foreign, or issued by the Federal government, or by any State, Municipality, or other governmental agency, including foreign governments for the period January 1, 2005 to the present;

47. All records and memoranda, including, but not limited to, monthly account statements of stock brokerage accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or any of its partners, or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

48. Records of all transfers of real property and/or personal property of any kind by the Debtor for the period January 1, 2005 to the present;

49. Records, including, but not limited to, partnership agreements, identifying each and every general or limited partnership in which the Debtor has an interest and its percentage interest in the partnership;

50. Records pertaining to the value of any general or limited partnership in which the Debtor has an interest, and the value of its interest in each such partnership, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

51. Records, including, but not limited to, stockholders' agreements, stock certificates and corporate minute books identifying each and every corporation in which the Debtor has an ownership interest or is an officer or director, and its percentage interest in the corporation;

52. Records pertaining to the value of any corporation in which the Debtor has an ownership interest or is an officer or director, and the value of its ownership interest in each such corporation, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

53. Copies of all insurance and/or annuity policies in which the Debtor has an interest;

54. Copies of all insurance policies (including life and disability) owned by the Debtor;

55. Copies of all monthly expense reports for employees of the Debtor from January 1, 2007 to the present;

56. Copies of all cash receipts necessary to determine the amount of outstanding receivables for services provided to the Debtor from January 1, 2007 to present;

57. All documents concerning any communications, lease(s), agreements and/or memoranda between or among any of the Debtor, Wertman, Amsterdam, Tristate, Newell Funding,

any of the We Care Entities, Quality One, and/or Volunteers from September 21, 2004 to the present;

58. All documents concerning any evidence of communications with respect to negotiations of any new lease terms between the Debtor and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

59. All agreements between the Debtor and Newell Funding;

60. All agreements between the Debtor and Alan Lapes;

61. All agreements between the Debtor and Quality One;

62. All agreements between the Debtor and Amsterdam;

63. All agreements between the Debtor and Volunteers;

64. All agreements between the Debtor and Wertman;

65. To the extent not already provided, all savings bankbooks, passbooks and records and memoranda pertaining to the Debtor, and/or in the name of the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners including We Care, in trust, or as custodian for any other person or persons, or in which the Debtor has any equitable, legal or other interest for the period January 1, 2007 to the present;

66. All records and memoranda, including, but not limited to, checkbooks, checkbook registers, canceled checks, check stubs and deposit slips, pertaining to all checking accounts, money market funds or other funds, and any investment accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or in which the Debtor has a legal, equitable, or other interest for the period January 1, 2007 to the present.

8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:

243RD STREET BRONX R&R LLC,

                                    Debtor.
-------------------------------------------------------------------x

Case No. 11-13321-alg

Chapter 11

## SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026(f), 243RD

STREET LENDER LLC (the "Secured Creditor"), a secured creditor and interested party to this

Chapter 11 Case, along with the debtor 243RD STREET BRONX R&R LLC (the "Debtor")

shall adhere to the following mutually agreed upon dates and deadlines governing discovery in

this case:

1. All subpoenaed persons and/or entities shall produce the documents directed in the
   Subpoenas not later than Friday, July 13, 2012.

2. Additional and/or supplemental document requests, if needed, to be served by the
   Secured Creditor not later than Thursday, July 19, 2012.

3. All responses to documents demanded in connection with the Secured Creditors'
   supplemental documents requests to be supplied not later than seven (7) days after
   service of such supplemental document request.

4. The following persons and/or entities shall appear for depositions at the offices of
   counsel for the Secured Creditor, on the following dates and times:

   a. Charles Wertman – Wednesday, August 15, 2012 at 10:00 a.m.
   b. Stuart Podolsky – Thursday, August 16, 2012 at 10:00 a.m.
   c. A principal of Tristate – Friday, September 7, 2012 at 10:00 a.m.
   d. Jay Podolsky – Thursday, September 6, 2012 at 10:00 a.m.
   e. A principal of We Care Housing Services LLC – Monday, September 10, 2012 at
      10:00 a.m.
   f. A principal of We Care Housing LLC - Monday, September 10, 2012 at 1:00 p.m.

Depositions shall remain ongoing and continuing until complete.    Furthermore,
depositions of additional persons and/or entities may be scheduled as deemed necessary.

1

Nothing contained herein shall in any way limit any rights of the Secured Creditor to seek any additional documents, depositions and/or any other discovery from the Debtor or any other persons and/or entities all of which rights are expressly reserved.

5.  Objections to confirmation of the Second Amended Plan to be filed on or before Friday, September 28, 2012, with a combined hearing on confirmation and the Secured Creditor's motion for relief from the automatic stay to be held on October 10, 2012, at 10:00 a.m. The parties shall arrange a telephonic conference with Chambers between October 1 and October 5, 2012, to discuss the confirmation hearing.

6.  The deadline to submit ballots in connection with the Debtor's Second Amended Plan shall be extended to Friday, September 28, 2012.


Dated: New York, New York
       July 13, 2012


                              s/Allan L. Gropper
                              ALLAN L. GROPPER
                              UNITED STATES BANKRUPTCY JUDGE

2

7/19/12

FedEx Ship Manager - Print Your Label(s)

From: (212) 661-2900
Timothy Colon
Kriss & Feuerstein LLP
360 Lexington Ave
Suite 1200
New York, NY 10017

Origin ID: OGSA



FedEx
Express

**E**

J12201205300325

Ship Date: 19JUL12
ActWgt: 1.0 LB
CAD: 1201248/INET3300

Delivery Address Bar Code

SHIP TO: (212) 661-2900          BILL SENDER

**MARK A. FRANKEL**
**BACKENROTH FRANKEL & KRINSKY, LLP**
**489 5TH AVE**

**NEW YORK, NY 10017**

Ref #       243RDBRNX/Frankel.All
Invoice #
PO #
Dept #



TRK#   **7986 4206 0349**
0201

FRI - 20 JUL  A1
STANDARD OVERNIGHT

**EA OGSA**

**10017**
NY-US

**EWR**

515G1/E052/AA44

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



Jason S. Leibowitz, Esq.
(212) 661-2900 ext. 4115
(212) 661-9397 (fax)
jleibowitz@kandfllp.com

360 Lexington Avenue, New York, NY 10017

July 19, 2012

***Via FedEx Overnight Courier***
Naftuli Follman a/k/a Nate Folman
1333 56th Street, Apt 1
New York, New York 11219

> Re:   In re 243rd Street Bronx R&R LLC
>        Chapter 11
>        Case No. 1:11-13321-alg

Dear Mr. Follman:

This firm is counsel to secured creditor, 243rd Street Lender LLC (the "Secured Creditor"), in the above-referenced matter.

On or about January 10, 2012 you were served with a subpoena dated January 10, 2012 (the "Subpoena"), a copy of which is enclosed herein, requiring you to produce certain documents (the "Outstanding Documents") in connection with the above-referenced matter. Nevertheless, you failed to produce any documents at the offices of the undersigned.

Enclosed please find a copy of a Scheduling Order (the "Order") dated July 13, 2012, which required that you produce the Outstanding Documents demanded in connection with the Subpoena by Friday, July 13, 2012. Notwithstanding, you have failed to produce any of said documents at the offices of the undersigned.

Please be further advised that as a result, you are in contempt of the Order, and a repeated demand for such Outstanding Documents is hereby made. The Secured Creditor is herein providing you with an opportunity to purge your contempt, provided the Outstanding Documents are provided by the close of business tomorrow.

Should you fail to produce the Outstanding Documents by the close of business tomorrow, the Secured Creditor will seek any and all appropriate remedies, including legal fees.

Naftuli Follman a/k/a Nate Folman
July 19, 2012
Page – 2 –


     In addition, enclosed herewith is the Secured Creditor's Supplemental Document
Demands (the "Supplemental Demands").  The documents contained in the Supplemental
Demands are due from you within seven (7) days of the date of this letter.

     Thank you for your attention in this matter.


           Yours truly,



           JASON S. LEIBOWITZ

## INSTRUCTIONS

1.  The uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated fully herein.

2.  These requests for the production of documents require that you produce all responsive documents and things in your possession, custody, or control, without regard to the physical location of such documents and things. You have the duty to search for responsive documents and things in all media and sources in its possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup facilities. You have the duty to ensure that no responsive documents are destroyed, deleted of otherwise disposed of.

3.  In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure, which applies Rule 45(d) of the Federal Rules of Civil Procedure to this matter, documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the requests to which the documents are responsive. If there are no documents responsive to a request herein, the response to such request shall so state.

4.  In connection with any objection or request for relief with respect to the document requests herein, the objecting party shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer. Immediately following each such specification the objecting party shall set forth the basis of the objection or relief requested. Any such objection or request for relief shall state all grounds with specificity. Any ground not stated in such objection or request for relief within the time provided by the Federal or Local Bankruptcy Rules shall be deemed waived.

5.  If a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, written objections to such request shall identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege being invoked, and the responding party shall provide at the time of the response to this subpoena, a list setting forth as to each document of portion of document withheld the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the documents; (vi) the relationship of the author of the document to the recipients of the document; and (vii) the privilege claimed as to the document.

6.  If any responsive documents or parts of documents have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the

document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted, or otherwise disposed of.

## DEFINITIONS

The following terms when used herein shall have the following meaning:

"We Care Housing Services" shall mean We Care Housing Services, LLC.

"We Care" shall mean We Care Housing LLC.

"We Care Entities" shall mean We Care Housing Services, LLC and We Care Housing LLC.

The "Debtor" shall mean 243RD STREET BRONX R&R LLC, the Debtor in *In re: 243RD STREET BRONX R&R LLC,* (Chapter 11 Case No. 11-13321-alg), and due to "overlap" between the Debtor and We Care, all documents demanded of the *Debtor* shall hereby simultaneously also be demanded of We Care.

"Wertman" shall mean Charles Wertman, an individual person.

"Lapes" shall mean Alan Lapes, an individual person.

The "Disclosure Statement" refers to the Second Amended Disclosure Statement of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 [docket item 54].

The "Plan" refers to the Second Amended Plan of Reorganization of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 and any and all amendments thereto [docket item 53].

The "Property" shall mean the real property located at 708-710 East 243rd Street, 738-740 East 243rd Street, Bronx, State of New York being known and described as Block 5115, Lots 28 and 47.

"Secured Creditor" shall mean 243RD STREET LENDER LLC and/or its predecessor-in-interest.

"Tristate" shall mean Tristate Realty Holdings, LLC as it is identified on the Debtor's Schedule F.

"Newell Funding" shall mean Newell Funding LLC.

"Quality One" shall mean Quality One Management LLC.

"Amsterdam" shall mean Amsterdam Hospitality Group & Amsterdam Hospitality LLC.
"Volunteers" shall mean Volunteers of America Greater New York, Inc.

The "Mortgage" shall mean the Consolidated and Modified Mortgage, Assignments of
Rents, Security Agreement and Fixture Filing.

"Podolsky" shall mean Stuart Podolsky and/or Jay Podolsky.

"Follman" shall mean Naftuli Follman and/or Nate Folman

## SUPPLEMENTAL DOCUMENT DEMANDS

1. Copies of all Federal, State, City and other income tax returns of the Debtor for the 2007,
   2008, 2009, 2010, 2011 and 2012 years, complete with all filed schedules, and together
   with W-2 statements, Form 1099's, schedules and worksheets thereof and all papers,
   documents and memoranda referring to any adjustment or audit made in connection
   therewith.

2. To the extent not already provided, copies of all Federal, State, City and other income tax
   returns of each of the We Care Entities for the 2007, 2008, 2009, 2010, 2011 and 2012
   years, complete with all filed schedules, and together with W-2 statements, Form 1099's,
   schedules and worksheets thereof and all papers, documents and memoranda referring to
   any adjustment or audit made in connection therewith.

3. Copies of Follman's Federal, State, City and other income tax returns for the 2007, 2008,
   2009, 2010, 2011 and 2012 years, complete with all filed schedules, and together with W-
   2 statements, Form 1099's, schedules and worksheets thereof and all papers, documents
   and memoranda referring to any adjustment or audit made in connection therewith.

4. All evidence of communications with respect to any new lease terms between the Debtor
   and Wertman, Podolsky, Lapes, Follman, Amsterdam, Tristate, Newell Funding, any of
   the We Care Entities, Quality One and/or Volunteers.

5. All payments received by the Debtor from Wertman, Podolsky, Amsterdam, Tristate,
   Newell Funding, Lapes, Follman, any of the We Care Entities, Quality One, and/or
   Volunteers, as well as any payments received by Amsterdam, Tristate, Newell Funding,
   any of the We Care Entities, Quality One, and/or Volunteers from the Debtor, on account
   of any agreements made by and between the Debtor and Wertman, Podolsky,
   Amsterdam, Tristate, Newell Funding, Lapes, Follman, any of the We Care Entities,
   Quality One, and/or Volunteers;

6. All communications, documents, agreements and/or memoranda concerning Wertman's,
   Podolsky's, Amsterdam's, Tristate's, Newell Funding's, Lapes', Follman's, any of the
   We Care Entities', Quality One's, and/or Volunteers' willingness or ability to pay rent
   increases for apartments it currently leases at the Property;

3

7. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and any of Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, Follman, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which identifies the principals of Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

8. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, Follman, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which evidences or describes the Debtor's indebtedness to Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, Follman, any of the We Care Entities, Quality One, and/or Volunteers;

9. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, Follman, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which identifies how the Debtor utilized funds obtained from Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

10. Itemization of all payments of any kind whatsoever, received by Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, Follman, any of the We Care Entities, Quality One, and/or Volunteers, along with the nature of such payments, as they were made by the Debtor to Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, Follman, any of the We Care Entities, Quality One, and/or Volunteers;

11. Itemization of payments received by the Debtor from Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, Follman, any of the We Care Entities, Quality One, and/or Volunteers since July 8, 2005;

12. All documents concerning the Debtor's relationship with Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, Follman, any of the We Care Entities, Quality One, and/or Volunteers or its principals in connection with any other properties owned by the Debtors and/or its principals;

13. All documents, resolutions, operating agreements, manager's certificate, shareholder's agreement, partnership agreement or articles of organization pertaining to the Debtor;

14. Names and addresses of all equity holders or interest holders of the Debtor;

15. Names and addresses of the parties that executed the November 4, 2011 Amendment to Lease filed on the Court's Docket on November 7, 2011 [Docket item #29];

16. All agreements between the Debtor and the Secured Creditor, including but not limited to any and all loan documents;

4

17. A list of all buildings in which any of the We Care Entities places tenants, and the rents that either or both of the We Care Entities pay for those tenants;

18. Any and all appraisals of the Property, including but not limited to any draft appraisals;

19. All documents which will be introduced at any confirmation hearing for any purpose whatsoever, including without limitation, as to feasibility of a plan, the Debtor's good faith, the amount of any liens or secured claims, any violations at the Property, the amount of any unsecured claims, and the value of the Property;

20. All documents concerning any liens on the Property other than that of the Secured Creditor;

21. A payment history for each of the Debtor's leases with We Care Housing Services and/or We Care from the date of the lease to the present;

22. A current balance sheet and income statement for each of the We Care Entities;

23. All organizational documents of the Debtor, We Care and We Care Housing Services including without limitation, certificate of formation, bylaws, operating agreement, and any shareholders or members agreements;

24. All documents concerning how We Care and We Care Housing Services is paid by any person or entity with respect to the apartments it leases from the Debtor;

25. All documents between either of the We Care Entities, on the one hand, and any person or entity, on the other hand, concerning the apartments We Care leases from the Debtor;

26. All resolutions of We Care and We Care Housing Service's members, shareholders, or board approving any transactions with the Debtor (and any minutes of any board meetings at which such transactions are discussed);

27. All documents between or among (i) any of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities, on the one hand, and (ii) the Debtor and/or any shareholder, member or insider of the Debtor;

28. All documents concerning any compensation, distributions or monies received for any reason whatsoever, received within the last 10 years by any shareholder, member or insider of the Debtor from either of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities;

29. All construction contracts of any kind concerning the Debtor's Property since January 1, 2006;

30. All documents concerning any work or improvements done to or construction at, or to the Property since January 1, 2006;

5

31. All documents concerning any building violations at the Property since January 1, 2007;

32. A current balance sheet for each of the Debtor's insiders, including but not limited to Wertman, Tristate, Lapes, Follman, each of the We Care Entities and Podolsky;

33. A current balance sheet for every person or entity that will advance any funds or monies to fund the Debtor's Plan.

34. All documents concerning the Debtor's ability to pay all amounts due under the Plan, including without limitation, all documents evidencing or describing the sources for all such payments;

35. All documents and/or agreements concerning the terms and conditions by which the Debtor will be able to make payments due under the Plan;

36. All documents and/or agreements concerning the terms and conditions by which, funds will be provided to the Debtor in the future from any person or entity, aside from rents, to permit the Debtor to make payments due under the Plan;

37. Any bank statements from any person or entity that will in whole or in part, fund the Plan;

38. All certified operating statements for the Property for years 2007, 2008, 2009, 2010, 2011;

39. A current certified rent roll schedule;

40. Audited financial statements of the Debtor for 2009, 2010 and 2011;

41. Any and all information management agreements, current insurance certificates, occupancy history for 2009, 2010, 2011 and 2012;

42. A termite report, utility bills from 2011 and 2012, all permits, licenses and certifications, all property related service contracts, a description of budgeted capital expenditures, along with a year-to-date capital expenditure schedule, including a capital expenditure schedule for 2009, 2010, 2011 and 2012, a line item breakout of repairs and maintenance;

43. All current residential and commercial leases, along with a year-to-date tenant arrearage report through 2011;

44. All Division of Housing and Community Renewal Reports with respect to the Property of the Debtor for the years 2007, 2008, 2009, 2010, 2011 and 2012;

45. To the extent not already provided, all records, papers and memoranda, including, but not limited to, copies of deeds, mortgages, contracts, bids, closing statements, leases, loan

6

applications, and rent receipts, concerning any and all real property owned, rented or leased by the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

46. Any and all records, documents, papers and memoranda pertaining to monies owed to the Debtor, and any security or collateral for such debts;

47. All stock certificates, mutual funds, bonds or other securities in the name of the Debtor, individually or in conjunction with any other person or persons, or any other partners, which may be held in the account of the Debtor, individually, or in conjunction with any other person or person, in any corporation, domestic or foreign, or issued by the Federal government, or by any State, Municipality, or other governmental agency, including foreign governments for the period January 1, 2005 to the present;

48. All records and memoranda, including, but not limited to, monthly account statements of stock brokerage accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or any of its partners, or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

49. Records of all transfers of real property and/or personal property of any kind by the Debtor for the period January 1, 2005 to the present;

50. Records, including, but not limited to, partnership agreements, identifying each and every general or limited partnership in which the Debtor has an interest and its percentage interest in the partnership;

51. Records pertaining to the value of any general or limited partnership in which the Debtor has an interest, and the value of its interest in each such partnership, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

52. Records, including, but not limited to, stockholders' agreements, stock certificates and corporate minute books identifying each and every corporation in which the Debtor has an ownership interest or is an officer or director, and its percentage interest in the corporation;

53. Records pertaining to the value of any corporation in which the Debtor has an ownership interest or is an officer or director, and the value of its ownership interest in each such corporation, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

54. Copies of all insurance and/or annuity policies in which the Debtor has an interest;

55. Copies of all insurance policies (including life and disability) owned by the Debtor;

56. Copies of all monthly expense reports for employees of the Debtor from January 1, 2007 to the present;

57. Copies of all cash receipts necessary to determine the amount of outstanding receivables for services provided to the Debtor from January 1, 2007 to present;

58. All documents concerning any communications, lease(s), agreements and/or memoranda between or among any of the Debtor, Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, Follman, any of the We Care Entities, Quality One, and/or Volunteers from September 21, 2004 to the present;

59. All documents concerning any evidence of communications with respect to negotiations of any new lease terms between the Debtor and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, Follman, any of the We Care Entities, Quality One, and/or Volunteers;

60. All agreements between the Debtor and Newell Funding;

61. All agreements between the Debtor and Lapes;

62. All agreements between the Debtor and Quality One;

63. All agreements between the Debtor and Amsterdam;

64. All agreements between the Debtor and Volunteers;

65. All agreements between the Debtor and Wertman;

66. All agreements between the Debtor and Tristate;

67. All agreements between the Debtor and Podolksy;

68. All agreements between the Debtor and Follman;

69. To the extent not already provided, all savings bankbooks, passbooks and records and memoranda pertaining to the Debtor, and/or in the name of the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners including We Care, in trust, or as custodian for any other person or persons, or in which the Debtor has any equitable, legal or other interest for the period January 1, 2007 to the present;

70. All records and memoranda, including, but not limited to, checkbooks, checkbook registers, canceled checks, check stubs and deposit slips, pertaining to all checking accounts, money market funds or other funds, and any investment accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or in

8

which the Debtor has a legal, equitable, or other interest for the period January 1, 2007 to
the present.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:

243RD STREET BRONX R&R LLC,

                                        Debtor.

-------------------------------------------------------------------x

Case No. 11-13321-alg

Chapter 11

## SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026(f), 243RD

STREET LENDER LLC (the "Secured Creditor"), a secured creditor and interested party to this

Chapter 11 Case, along with the debtor 243RD STREET BRONX R&R LLC (the "Debtor")

shall adhere to the following mutually agreed upon dates and deadlines governing discovery in

this case:

1. All subpoenaed persons and/or entities shall produce the documents directed in the
   Subpoenas not later than Friday, July 13, 2012.

2. Additional and/or supplemental document requests, if needed, to be served by the
   Secured Creditor not later than Thursday, July 19, 2012.

3. All responses to documents demanded in connection with the Secured Creditors'
   supplemental documents requests to be supplied not later than seven (7) days after
   service of such supplemental document request.

4. The following persons and/or entities shall appear for depositions at the offices of
   counsel for the Secured Creditor, on the following dates and times:

   a. Charles Wertman – Wednesday, August 15, 2012 at 10:00 a.m.
   b. Stuart Podolsky – Thursday, August 16, 2012 at 10:00 a.m.
   c. A principal of Tristate – Friday, September 7, 2012 at 10:00 a.m.
   d. Jay Podolsky – Thursday, September 6, 2012 at 10:00 a.m.
   e. A principal of We Care Housing Services LLC – Monday, September 10, 2012 at
      10:00 a.m.
   f. A principal of We Care Housing LLC - Monday, September 10, 2012 at 1:00 p.m.

Depositions shall remain ongoing and continuing until complete. Furthermore,

depositions of additional persons and/or entities may be scheduled as deemed necessary.

1

Nothing contained herein shall in any way limit any rights of the Secured Creditor to seek any additional documents, depositions and/or any other discovery from the Debtor or any other persons and/or entities all of which rights are expressly reserved.

5.  Objections to confirmation of the Second Amended Plan to be filed on or before Friday, September 28, 2012, with a combined hearing on confirmation and the Secured Creditor's motion for relief from the automatic stay to be held on October 10, 2012, at 10:00 a.m.  The parties shall arrange a telephonic conference with Chambers between October 1 and October 5, 2012, to discuss the confirmation hearing.

6.  The deadline to submit ballots in connection with the Debtor's Second Amended Plan shall be extended to Friday, September 28, 2012.


Dated:  New York, New York
        July 13, 2012


                              s/Allan L. Gropper
                              ALLAN L. GROPPER
                              UNITED STATES BANKRUPTCY JUDGE

2

7/19/12

From: (212) 661-2900
Timothy Colon
Kriss & Feuerstein LLP
360 Lexington Ave
Suite 1200
New York, NY 10017

Origin ID: OGSA


FedEx
Express

E

J12201205300325

Ship Date: 19JUL12
ActWgt: 0.1 LB
CAD: 1201248/INET3300

Delivery Address Bar Code



SHIP TO: (212) 661-2900

**Nate Folman**

**1333 56TH ST, Apt 1**

**BROOKLYN, NY 11219**

BILL SENDER

Ref #        Folman.Supplemental.7.19.12
Invoice #
PO #
Dept #



TRK#    **7938 1150 3980**
0201

**FRI - 20 JUL  A2**
STANDARD OVERNIGHT

**ZM HUSA**

**11219**
NY-US
**JFK**



515G1/E052/AA44

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



**Kriss & Feuerstein** LLP

360 Lexington Avenue, New York, NY 10017

Jason S. Leibowitz, Esq.
(212) 661-2900 ext. 4115
(212) 661-9397 (fax)
jleibowitz@kandfllp.com

July 19, 2012

*Via FedEx Overnight Courier*
Jay Podolsky
163 Whitman Drive
Broolyn, New York 11234

    Re: In re 243rd Street Bronx R&R LLC
       Chapter 11
       <u>Case No. 1:11-13321-alg</u>

Dear Jay Podolsky:

   This firm is counsel to secured creditor, 243rd Street Lender LLC (the "Secured Creditor"), in the above-referenced matter.

   On or about January 10, 2012 you were served with a subpoena dated January 10, 2012 (the "Subpoena"), a copy of which is enclosed herein, requiring you to produce certain documents (the "Outstanding Documents") in connection with the above-referenced matter. Nevertheless, you failed to produce any documents at the offices of the undersigned.

   Enclosed please find a copy of a Scheduling Order (the "Order") dated July 13, 2012, which required that you produce the Outstanding Documents demanded in connection with the Subpoena by Friday, July 13, 2012. Notwithstanding, you have failed to produce any of said documents at the offices of the undersigned.

   Please be further advised that as a result, you are in contempt of the Order, and a repeated demand for such Outstanding Documents is hereby made. The Secured Creditor is herein providing you with an opportunity to purge your contempt, provided the Outstanding Documents are provided by the close of business tomorrow.

   Should you fail to produce the Outstanding Documents by the close of business tomorrow, the Secured Creditor will seek any and all appropriate remedies, including legal fees.

Jay Podolsky
July 19, 2012
Page – 2 –


     In addition, enclosed herewith is the Secured Creditor's Supplemental Document Demands (the "Supplemental Demands"). The documents contained in the Supplemental Demands are due from you within seven (7) days of the date of this letter.

     Thank you for your attention in this matter.


                      Yours truly,



                      JASON S. LEIBOWITZ

## INSTRUCTIONS

1.  The uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated fully herein.

2.  These requests for the production of documents require that you produce all responsive documents and things in your possession, custody, or control, without regard to the physical location of such documents and things.  You have the duty to search for responsive documents and things in all media and sources in its possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup facilities.  You have the duty to ensure that no responsive documents are destroyed, deleted or otherwise disposed of.

3.  In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure, which applies Rule 45(d) of the Federal Rules of Civil Procedure to this matter, documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the requests to which the documents are responsive.  If there are no documents responsive to a request herein, the response to such request shall so state.

4.  In connection with any objection or request for relief with respect to the document requests herein, the objecting party shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer.  Immediately following each such specification the objecting party shall set forth the basis of the objection or relief requested.  Any such objection or request for relief shall state all grounds with specificity.  Any ground not stated in such objection or request for relief within the time provided by the Federal or Local Bankruptcy Rules shall be deemed waived.

5.  If a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, written objections to such request shall identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege being invoked, and the responding party shall provide at the time of the response to this subpoena, a list setting forth as to each document of portion of document withheld the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the documents; (vi) the relationship of the author of the document to the recipients of the document; and (vii) the privilege claimed as to the document.

6.  If any responsive documents or parts of documents have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the

document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted, or otherwise disposed of.

## DEFINITIONS

The following terms when used herein shall have the following meaning:

"We Care Housing Services" shall mean We Care Housing Services, LLC.

"We Care" shall mean We Care Housing LLC.

"We Care Entities" shall mean We Care Housing Services, LLC and We Care Housing LLC.

The "Debtor" shall mean 243RD STREET BRONX R&R LLC, the Debtor in *In re: 243RD STREET BRONX R&R LLC,* (Chapter 11 Case No. 11-13321-alg), and due to "overlap" between the Debtor and We Care, all documents demanded of the *Debtor* shall hereby simultaneously also be demanded of We Care.

"Wertman" shall mean Charles Wertman, an individual person.

"Lapes" shall mean Alan Lapes, an individual person.

The "Disclosure Statement" refers to the Second Amended Disclosure Statement of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 [docket item 54].

The "Plan" refers to the Second Amended Plan of Reorganization of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 and any and all amendments thereto [docket item 53].

The "Property" shall mean the real property located at 708-710 East 243rd Street, 738-740 East 243rd Street, Bronx, State of New York being known and described as Block 5115, Lots 28 and 47.

"Secured Creditor" shall mean 243RD STREET LENDER LLC and/or its predecessor-in-interest.

"Tristate" shall mean Tristate Realty Holdings, LLC as it is identified on the Debtor's Schedule F.

"Newell Funding" shall mean Newell Funding LLC.

"Quality One" shall mean Quality One Management LLC.

2

"Amsterdam" shall mean Amsterdam Hospitality Group & Amsterdam Hospitality LLC. "Volunteers" shall mean Volunteers of America Greater New York, Inc.

The "Mortgage" shall mean the Consolidated and Modified Mortgage, Assignments of Rents, Security Agreement and Fixture Filing.

"Podolsky" shall mean Stuart Podolsky and/or Jay Podolsky.

## SUPPLEMENTAL DOCUMENT DEMANDS

1. To the extent not already provided, copies of all Federal, State, City and other income tax returns of the Debtor for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with all filed schedules, and together with W-2 statements, Form 1099's, schedules and worksheets thereof and all papers, documents and memoranda referring to any adjustment or audit made in connection therewith.

2. To the extent not already provided, copies of all Federal, State, City and other income tax returns of each of the We Care Entities for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with all filed schedules, and together with W-2 statements, Form 1099's, schedules and worksheets thereof and all papers, documents and memoranda referring to any adjustment or audit made in connection therewith.

3. Copies of your Federal, State, City and other income tax returns for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with all filed schedules, and together with W-2 statements, Form 1099's, schedules and worksheets thereof and all papers, documents and memoranda referring to any adjustment or audit made in connection therewith.

4. All evidence of communications with respect to any new lease terms between the Debtor and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One and/or Volunteers.

5. All payments received by the Debtor from Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers, as well as any payments received by Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers from the Debtor, on account of any agreements made by and between the Debtor and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

6. All communications, documents, agreements and/or memoranda concerning Wertman's, Podolsky's, Amsterdam's, Tristate's, Newell Funding's, any of the We Care Entities', Quality One's, and/or Volunteers' willingness or ability to pay rent increases for apartments it currently leases at the Property;

7. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and any of Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which

3

identifies the principals of Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

8. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which evidences or describes the Debtor's indebtedness to Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

9. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which identifies how the Debtor utilized funds obtained from Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

10. Itemization of all payments of any kind whatsoever, received by Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers, along with the nature of such payments, as they were made by the Debtor to Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

11. Itemization of payments received by the Debtor from Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers since July 8, 2005;

12. All documents concerning the Debtor's relationship with Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers or its principals in connection with any other properties owned by the Debtors and/or its principals;

13. All documents, resolutions, operating agreements, manager's certificate, shareholder's agreement, partnership agreement or articles of organization pertaining to the Debtor;

14. Names and addresses of all equity holders or interest holders of the Debtor;

15. Names and addresses of the parties that executed the November 4, 2011 Amendment to Lease filed on the Court's Docket on November 7, 2011 [Docket item #29];

16. All agreements between the Debtor and the Secured Creditor, including but not limited to any and all loan documents;

17. A list of all buildings in which any of the We Care Entities places tenants, and the rents that either or both of the We Care Entities pay for those tenants;

18. Any and all appraisals of the Property, including but not limited to any draft appraisals;

4

19. All documents which will be introduced at any confirmation hearing for any purpose whatsoever, including without limitation, as to feasibility of a plan, the Debtor's good faith, the amount of any liens or secured claims, any violations at the Property, the amount of any unsecured claims, and the value of the Property;

20. All documents concerning any liens on the Property other than that of the Secured Creditor;

21. A payment history for each of the Debtor's leases with We Care Housing Services and/or We Care from the date of the lease to the present;

22. A current balance sheet and income statement for each of the We Care Entities;

23. All organizational documents of the Debtor, We Care and We Care Housing Services including without limitation, certificate of formation, bylaws, operating agreement, and any shareholders or members agreements;

24. All documents concerning how We Care and We Care Housing Services is paid by any person or entity with respect to the apartments it leases from the Debtor;

25. All documents between either of the We Care Entities, on the one hand, and any person or entity, on the other hand, concerning the apartments We Care leases from the Debtor;

26. All resolutions of We Care and We Care Housing Service's members, shareholders, or board approving any transactions with the Debtor (and any minutes of any board meetings at which such transactions are discussed);

27. All documents between or among (i) any of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities, on the one hand, and (ii) the Debtor and/or any shareholder, member or insider of the Debtor;

28. All documents concerning any compensation, distributions or monies received for any reason whatsoever, received within the last 10 years by any shareholder, member or insider of the Debtor from either of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities;

29. All construction contracts of any kind concerning the Debtor's Property since January 1, 2006;

30. All documents concerning any work or improvements done to or construction at, or to the Property since January 1, 2006;

31. All documents concerning any building violations at the Property since January 1, 2007;

32. A current balance sheet for each of the Debtor's insiders, including but not limited to Wertman, Tristate, each of the We Care Entities and Podolsky;

33. A current balance sheet for every person or entity that will advance any funds or monies to fund the Debtor's Plan.

34. All documents concerning the Debtor's ability to pay all amounts due under the Plan, including without limitation, all documents evidencing or describing the sources for all such payments;

35. All documents and/or agreements concerning the terms and conditions by which the Debtor will be able to make payments due under the Plan;

36. All documents and/or agreements concerning the terms and conditions by which, funds will be provided to the Debtor in the future from any person or entity, aside from rents, to permit the Debtor to make payments due under the Plan;

37. Any bank statements from any person or entity that will in whole or in part, fund the Plan;

38. All certified operating statements for the Property for years 2007, 2008, 2009, 2010, 2011;

39. A current certified rent roll schedule;

40. Audited financial statements of the Debtor for 2009, 2010 and 2011;

41. Any and all information management agreements, current insurance certificates, occupancy history for 2009, 2010, 2011 and 2012;

42. A termite report, utility bills from 2011 and 2012, all permits, licenses and certifications, all property related service contracts, a description of budgeted capital expenditures, along with a year-to-date capital expenditure schedule, including a capital expenditure schedule for 2009, 2010, 2011 and 2012, a line item breakout of repairs and maintenance;

43. All current residential and commercial leases, along with a year-to-date tenant arrearage report through 2011;

44. All Division of Housing and Community Renewal Reports with respect to the Property of the Debtor for the years 2007, 2008, 2009, 2010, 2011 and 2012;

45. To the extent not already provided, all records, papers and memoranda, including, but not limited to, copies of deeds, mortgages, contracts, bids, closing statements, leases, loan applications, and rent receipts, concerning any and all real property owned, rented or leased by the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

6

46. Any and all records, documents, papers and memoranda pertaining to monies owed to the Debtor, and any security or collateral for such debts;

47. All stock certificates, mutual funds, bonds or other securities in the name of the Debtor, individually or in conjunction with any other person or persons, or any other partners, which may be held in the account of the Debtor, individually, or in conjunction with any other person or person, in any corporation, domestic or foreign, or issued by the Federal government, or by any State, Municipality, or other governmental agency, including foreign governments for the period January 1, 2005 to the present;

48. All records and memoranda, including, but not limited to, monthly account statements of stock brokerage accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or any of its partners, or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

49. Records of all transfers of real property and/or personal property of any kind by the Debtor for the period January 1, 2005 to the present;

50. Records, including, but not limited to, partnership agreements, identifying each and every general or limited partnership in which the Debtor has an interest and its percentage interest in the partnership;

51. Records pertaining to the value of any general or limited partnership in which the Debtor has an interest, and the value of its interest in each such partnership, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

52. Records, including, but not limited to, stockholders' agreements, stock certificates and corporate minute books identifying each and every corporation in which the Debtor has an ownership interest or is an officer or director, and its percentage interest in the corporation;

53. Records pertaining to the value of any corporation in which the Debtor has an ownership interest or is an officer or director, and the value of its ownership interest in each such corporation, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

54. Copies of all insurance and/or annuity policies in which the Debtor has an interest;

55. Copies of all insurance policies (including life and disability) owned by the Debtor;

56. Copies of all monthly expense reports for employees of the Debtor from January 1, 2007 to the present;

57. Copies of all cash receipts necessary to determine the amount of outstanding receivables for services provided to the Debtor from January 1, 2007 to present;

58. All documents concerning any communications, lease(s), agreements and/or memoranda between or among any of the Debtor, Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers from September 21, 2004 to the present;

59. All documents concerning any evidence of communications with respect to negotiations of any new lease terms between the Debtor and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

60. All agreements between the Debtor and Newell Funding;

61. All agreements between the Debtor and Alan Lapes;

62. All agreements between the Debtor and Quality One;

63. All agreements between the Debtor and Amsterdam;

64. All agreements between the Debtor and Volunteers;

65. All agreements between the Debtor and Wertman;

66. All agreements between the Debtor and Tristate;

67. All agreements between the Debtor and Podolksy;

68. To the extent not already provided, all savings bankbooks, passbooks and records and memoranda pertaining to the Debtor, and/or in the name of the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners including We Care, in trust, or as custodian for any other person or persons, or in which the Debtor has any equitable, legal or other interest for the period January 1, 2007 to the present;

69. All records and memoranda, including, but not limited to, checkbooks, checkbook registers, canceled checks, check stubs and deposit slips, pertaining to all checking accounts, money market funds or other funds, and any investment accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or in which the Debtor has a legal, equitable, or other interest for the period January 1, 2007 to the present.

8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

In re:

243RD STREET BRONX R&R LLC,

                              Debtor.

-----------------------------------------------------------------------x

Case No. 11-13321-alg

Chapter 11

### SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026(f), 243RD STREET LENDER LLC (the "Secured Creditor"), a secured creditor and interested party to this Chapter 11 Case, along with the debtor 243RD STREET BRONX R&R LLC (the "Debtor") shall adhere to the following mutually agreed upon dates and deadlines governing discovery in this case:

1. All subpoenaed persons and/or entities shall produce the documents directed in the Subpoenas not later than Friday, July 13, 2012.

2. Additional and/or supplemental document requests, if needed, to be served by the Secured Creditor not later than Thursday, July 19, 2012.

3. All responses to documents demanded in connection with the Secured Creditors' supplemental documents requests to be supplied not later than seven (7) days after service of such supplemental document request.

4. The following persons and/or entities shall appear for depositions at the offices of counsel for the Secured Creditor, on the following dates and times:

    a. Charles Wertman – Wednesday, August 15, 2012 at 10:00 a.m.
    b. Stuart Podolsky – Thursday, August 16, 2012 at 10:00 a.m.
    c. A principal of Tristate – Friday, September 7, 2012 at 10:00 a.m.
    d. Jay Podolsky – Thursday, September 6, 2012 at 10:00 a.m.
    e. A principal of We Care Housing Services LLC – Monday, September 10, 2012 at 10:00 a.m.
    f. A principal of We Care Housing LLC - Monday, September 10, 2012 at 1:00 p.m.

Depositions shall remain ongoing and continuing until complete. Furthermore, depositions of additional persons and/or entities may be scheduled as deemed necessary.

1

Nothing contained herein shall in any way limit any rights of the Secured Creditor to seek any additional documents, depositions and/or any other discovery from the Debtor or any other persons and/or entities all of which rights are expressly reserved.

5.  Objections to confirmation of the Second Amended Plan to be filed on or before Friday, September 28, 2012, with a combined hearing on confirmation and the Secured Creditor's motion for relief from the automatic stay to be held on October 10, 2012, at 10:00 a.m.  The parties shall arrange a telephonic conference with Chambers between October 1 and October 5, 2012, to discuss the confirmation hearing.

6.  The deadline to submit ballots in connection with the Debtor's Second Amended Plan shall be extended to Friday, September 28, 2012.


Dated: New York, New York
       July 13, 2012


                              s/Allan L. Gropper
                              ALLAN L. GROPPER
                              UNITED STATES BANKRUPTCY JUDGE

2

7/19/12

Fedex Ship Manager - Print Your Label(s)

From: (212) 661-2900
Timothy Colon
Kriss & Feuerstein LLP
360 Lexington Ave
Suite 1200
New York, NY 10017

Origin ID: OGSA


FedEx
Express

**E**

J12201205300325

Ship Date: 19JUL12
ActWgt: 0.1 LB
CAD: 1201248/INET3300

**Delivery Address Bar Code**



SHIP TO: (212) 661-2900        BILL SENDER
**Jay Podolsky**

**163 WHITMAN DR**

**BROOKLYN, NY 11234**

Ref #        Supplemental.Jay.7.19.12
Invoice #
PO #
Dept #



TRK#    **7986 4207 7609**
**0201**

FRI - 20 JUL  A2
STANDARD OVERNIGHT

**11234**
NY-US
**JFK**

# ZM SLKA



515G1/E052/AA44

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



Jason S. Leibowitz, Esq.
(212) 661-2900 ext. 4115
(212) 661-9397 (fax)
jleibowitz@kandfllp.com

360 Lexington Avenue, New York, NY 10017

July 19, 2012

***Via FedEx Overnight Courier***
Alan Lapes
72 Eagle Rim Road
Upper Saddle River, New Jersey 07458

>       Re:     In re 243rd Street Bronx R&R LLC
>               Chapter 11
>               <u>Case No. 1:11-13321-alg</u>

Dear Alan Lapes:

This firm is counsel to secured creditor, 243rd Street Lender LLC (the "Secured Creditor"), in the above-referenced matter.

On or about January 10, 2012 you were served with a subpoena dated January 10, 2012 (the "Subpoena"), a copy of which is enclosed herein, requiring you to produce certain documents (the "Outstanding Documents") in connection with the above-referenced matter. Nevertheless, you failed to produce any documents at the offices of the undersigned.

Enclosed please find a copy of a Scheduling Order (the "Order") dated July 13, 2012, which required that you produce the Outstanding Documents demanded in connection with the Subpoena by Friday, July 13, 2012. Notwithstanding, you have failed to produce any of said documents at the offices of the undersigned.

Please be further advised that as a result, you are in contempt of the Order, and a repeated demand for such Outstanding Documents is hereby made. The Secured Creditor is herein providing you with an opportunity to purge your contempt, provided the Outstanding Documents are provided by the close of business tomorrow.

Should you fail to produce the Outstanding Documents by the close of business tomorrow, the Secured Creditor will seek any and all appropriate remedies, including legal fees.

Alan Lapes
July 19, 2012
Page – 2 –


In addition, enclosed herewith is the Secured Creditor's Supplemental Document Demands (the "Supplemental Demands"). The documents contained in the Supplemental Demands are due from you within seven (7) days of the date of this letter.

Thank you for your attention in this matter.


Yours truly,


JASON S. LEIBOWITZ

## INSTRUCTIONS

1.   The uniform definitions and rules of construction set forth in Rule 26.3 of the Local
     Rules of the United States District Courts for the Southern and Eastern Districts of New
     York are incorporated fully herein.

2.   These requests for the production of documents require that you produce all responsive
     documents and things in your possession, custody, or control, without regard to the
     physical location of such documents and things.   You have the duty to search for
     responsive documents and things in all media and sources in its possession, custody, or
     control where paper or electronic files are kept or stored, including floppy disks, hard
     drives on or for personal computers, computer servers, mainframe storage tapes or disks,
     archive facilities and backup facilities.   You have the duty to ensure that no responsive
     documents are destroyed, deleted of otherwise disposed of.

3.   In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure, which
     applies Rule 45(d) of the Federal Rules of Civil Procedure to this matter, documents shall
     be produced as they have been kept in the ordinary course of business or shall be
     organized and labeled to correspond with the requests to which the documents are
     responsive.   If there are no documents responsive to a request herein, the response to such
     request shall so state.

4.   In connection with any objection or request for relief with respect to the document
     requests herein, the objecting party shall (i) simultaneously file a copy of the document
     request or answer, and (ii) specify and quote verbatim each relevant document request or
     answer.   Immediately following each such specification the objecting party shall set forth
     the basis of the objection or relief requested.   Any such objection or request for relief
     shall state all grounds with specificity.   Any ground not stated in such objection or
     request for relief within the time provided by the Federal or Local Bankruptcy Rules shall
     be deemed waived.

5.   If a claim of privilege is asserted with respect to any of the requests herein, and any
     responsive documents or portions of responsive documents are withheld on such basis,
     written objections to such request shall identify the nature of the privilege being claimed
     and, if the privilege is being asserted in connection with a claim or defense governed by
     state law, the state's privilege being invoked, and the responding party shall provide at
     the time of the response to this subpoena, a list setting forth as to each document of
     portion of document withheld the following information: (i) the type of document; (ii) the
     general subject matter of the document; (iii) the date of the document; (iv) the author of
     the document; (v) the recipients of the documents; (vi) the relationship of the author of
     the document to the recipients of the document; and (vii) the privilege claimed as to the
     document.

6.   If any responsive documents or parts of documents have been destroyed, deleted, or
     otherwise disposed of, a list shall be provided setting forth as to each such document the
     following information to the extent known: (i) the type of document; (ii) the general
     subject matter of the document; (iii) the date of the document; (iv) the author of the

document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted, or otherwise disposed of.

## DEFINITIONS

The following terms when used herein shall have the following meaning:

"We Care Housing Services" shall mean We Care Housing Services, LLC.

"We Care" shall mean We Care Housing LLC.

"We Care Entities" shall mean We Care Housing Services, LLC and We Care Housing LLC.

The "Debtor" shall mean 243RD STREET BRONX R&R LLC, the Debtor in *In re: 243RD STREET BRONX R&R LLC,* (Chapter 11 Case No. 11-13321-alg), and due to "overlap" between the Debtor and We Care, all documents demanded of the *Debtor* shall hereby simultaneously also be demanded of We Care.

"Wertman" shall mean Charles Wertman, an individual person.

"Lapes" shall mean Alan Lapes, an individual person.

The "Disclosure Statement" refers to the Second Amended Disclosure Statement of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 [docket item 54].

The "Plan" refers to the Second Amended Plan of Reorganization of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 and any and all amendments thereto [docket item 53].

The "Property" shall mean the real property located at 708-710 East 243rd Street, 738-740 East 243rd Street, Bronx, State of New York being known and described as Block 5115, Lots 28 and 47.

"Secured Creditor" shall mean 243RD STREET LENDER LLC and/or its predecessor-in-interest.

"Tristate" shall mean Tristate Realty Holdings, LLC as it is identified on the Debtor's Schedule F.

"Newell Funding" shall mean Newell Funding LLC.

"Quality One" shall mean Quality One Management LLC.

"Amsterdam" shall mean Amsterdam Hospitality Group & Amsterdam Hospitality LLC.
"Volunteers" shall mean Volunteers of America Greater New York, Inc.

The "Mortgage" shall mean the Consolidated and Modified Mortgage, Assignments of
Rents, Security Agreement and Fixture Filing.

"Podolsky" shall mean Stuart Podolsky and/or Jay Podolsky.

## SUPPLEMENTAL DOCUMENT DEMANDS

1. Copies of all Federal, State, City and other income tax returns of the Debtor for the 2007,
   2008, 2009, 2010, 2011 and 2012 years, complete with all filed schedules, and together
   with W-2 statements, Form 1099's, schedules and worksheets thereof and all papers,
   documents and memoranda referring to any adjustment or audit made in connection
   therewith.

2. To the extent not already provided, copies of all Federal, State, City and other income tax
   returns of each of the We Care Entities for the 2007, 2008, 2009, 2010, 2011 and 2012
   years, complete with all filed schedules, and together with W-2 statements, Form 1099's,
   schedules and worksheets thereof and all papers, documents and memoranda referring to
   any adjustment or audit made in connection therewith.

3. Copies of Lapes' Federal, State, City and other income tax returns for the 2007, 2008,
   2009, 2010, 2011 and 2012 years, complete with all filed schedules, and together with W-
   2 statements, Form 1099's, schedules and worksheets thereof and all papers, documents
   and memoranda referring to any adjustment or audit made in connection therewith.

4. All evidence of communications with respect to any new lease terms between the Debtor
   and Wertman, Podolsky, Lapes, Amsterdam, Tristate, Newell Funding, any of the We
   Care Entities, Quality One and/or Volunteers.

5. All payments received by the Debtor from Wertman, Podolsky, Amsterdam, Tristate,
   Newell Funding, Lapes, any of the We Care Entities, Quality One, and/or Volunteers, as
   well as any payments received by Amsterdam, Tristate, Newell Funding, any of the We
   Care Entities, Quality One, and/or Volunteers from the Debtor, on account of any
   agreements made by and between the Debtor and Wertman, Podolsky, Amsterdam,
   Tristate, Newell Funding, Lapes, any of the We Care Entities, Quality One, and/or
   Volunteers;

6. All communications, documents, agreements and/or memoranda concerning Wertman's,
   Podolsky's, Amsterdam's, Tristate's, Newell Funding's, Lapes', any of the We Care
   Entities', Quality One's, and/or Volunteers' willingness or ability to pay rent increases
   for apartments it currently leases at the Property;

7. All communications, documents, agreements and/or memoranda between the Debtor, on
   the one hand, and any of Wertman, Podolsky, Amsterdam, Tristate, Newell Funding,

Lapes, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which identifies the principals of Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

8. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which evidences or describes the Debtor's indebtedness to Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, any of the We Care Entities, Quality One, and/or Volunteers;

9. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which identifies how the Debtor utilized funds obtained from Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

10. Itemization of all payments of any kind whatsoever, received by Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, any of the We Care Entities, Quality One, and/or Volunteers, along with the nature of such payments, as they were made by the Debtor to Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, any of the We Care Entities, Quality One, and/or Volunteers;

11. Itemization of payments received by the Debtor from Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, any of the We Care Entities, Quality One, and/or Volunteers since July 8, 2005;

12. All documents concerning the Debtor's relationship with Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, any of the We Care Entities, Quality One, and/or Volunteers or its principals in connection with any other properties owned by the Debtors and/or its principals;

13. All documents, resolutions, operating agreements, manager's certificate, shareholder's agreement, partnership agreement or articles of organization pertaining to the Debtor;

14. Names and addresses of all equity holders or interest holders of the Debtor;

15. Names and addresses of the parties that executed the November 4, 2011 Amendment to Lease filed on the Court's Docket on November 7, 2011 [Docket item #29];

16. All agreements between the Debtor and the Secured Creditor, including but not limited to any and all loan documents;

17. A list of all buildings in which any of the We Care Entities places tenants, and the rents that either or both of the We Care Entities pay for those tenants;

4

18. Any and all appraisals of the Property, including but not limited to any draft appraisals;

19. All documents which will be introduced at any confirmation hearing for any purpose whatsoever, including without limitation, as to feasibility of a plan, the Debtor's good faith, the amount of any liens or secured claims, any violations at the Property, the amount of any unsecured claims, and the value of the Property;

20. All documents concerning any liens on the Property other than that of the Secured Creditor;

21. A payment history for each of the Debtor's leases with We Care Housing Services and/or We Care from the date of the lease to the present;

22. A current balance sheet and income statement for each of the We Care Entities;

23. All organizational documents of the Debtor, We Care and We Care Housing Services including without limitation, certificate of formation, bylaws, operating agreement, and any shareholders or members agreements;

24. All documents concerning how We Care and We Care Housing Services is paid by any person or entity with respect to the apartments it leases from the Debtor;

25. All documents between either of the We Care Entities, on the one hand, and any person or entity, on the other hand, concerning the apartments We Care leases from the Debtor;

26. All resolutions of We Care and We Care Housing Service's members, shareholders, or board approving any transactions with the Debtor (and any minutes of any board meetings at which such transactions are discussed);

27. All documents between or among (i) any of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities, on the one hand, and (ii) the Debtor and/or any shareholder, member or insider of the Debtor;

28. All documents concerning any compensation, distributions or monies received for any reason whatsoever, received within the last 10 years by any shareholder, member or insider of the Debtor from either of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities;

29. All construction contracts of any kind concerning the Debtor's Property since January 1, 2006;

30. All documents concerning any work or improvements done to or construction at, or to the Property since January 1, 2006;

31. All documents concerning any building violations at the Property since January 1, 2007;

5

32. A current balance sheet for each of the Debtor's insiders, including but not limited to Wertman, Tristate, Lapes, each of the We Care Entities and Podolsky;

33. A current balance sheet for every person or entity that will advance any funds or monies to fund the Debtor's Plan.

34. All documents concerning the Debtor's ability to pay all amounts due under the Plan, including without limitation, all documents evidencing or describing the sources for all such payments;

35. All documents and/or agreements concerning the terms and conditions by which the Debtor will be able to make payments due under the Plan;

36. All documents and/or agreements concerning the terms and conditions by which, funds will be provided to the Debtor in the future from any person or entity, aside from rents, to permit the Debtor to make payments due under the Plan;

37. Any bank statements from any person or entity that will in whole or in part, fund the Plan;

38. All certified operating statements for the Property for years 2007, 2008, 2009, 2010, 2011;

39. A current certified rent roll schedule;

40. Audited financial statements of the Debtor for 2009, 2010 and 2011;

41. Any and all information management agreements, current insurance certificates, occupancy history for 2009, 2010, 2011 and 2012;

42. A termite report, utility bills from 2011 and 2012, all permits, licenses and certifications, all property related service contracts, a description of budgeted capital expenditures, along with a year-to-date capital expenditure schedule, including a capital expenditure schedule for 2009, 2010, 2011 and 2012, a line item breakout of repairs and maintenance;

43. All current residential and commercial leases, along with a year-to-date tenant arrearage report through 2011;

44. All Division of Housing and Community Renewal Reports with respect to the Property of the Debtor for the years 2007, 2008, 2009, 2010, 2011 and 2012;

45. To the extent not already provided, all records, papers and memoranda, including, but not limited to, copies of deeds, mortgages, contracts, bids, closing statements, leases, loan applications, and rent receipts, concerning any and all real property owned, rented or leased by the Debtor, individually, or in conjunction with any other person or persons,

including but not limited to any of its partners or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

46. Any and all records, documents, papers and memoranda pertaining to monies owed to the Debtor, and any security or collateral for such debts;

47. All stock certificates, mutual funds, bonds or other securities in the name of the Debtor, individually or in conjunction with any other person or persons, or any other partners, which may be held in the account of the Debtor, individually, or in conjunction with any other person or person, in any corporation, domestic or foreign, or issued by the Federal government, or by any State, Municipality, or other governmental agency, including foreign governments for the period January 1, 2005 to the present;

48. All records and memoranda, including, but not limited to, monthly account statements of stock brokerage accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or any of its partners, or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

49. Records of all transfers of real property and/or personal property of any kind by the Debtor for the period January 1, 2005 to the present;

50. Records, including, but not limited to, partnership agreements, identifying each and every general or limited partnership in which the Debtor has an interest and its percentage interest in the partnership;

51. Records pertaining to the value of any general or limited partnership in which the Debtor has an interest, and the value of its interest in each such partnership, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

52. Records, including, but not limited to, stockholders' agreements, stock certificates and corporate minute books identifying each and every corporation in which the Debtor has an ownership interest or is an officer or director, and its percentage interest in the corporation;

53. Records pertaining to the value of any corporation in which the Debtor has an ownership interest or is an officer or director, and the value of its ownership interest in each such corporation, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

54. Copies of all insurance and/or annuity policies in which the Debtor has an interest;

55. Copies of all insurance policies (including life and disability) owned by the Debtor;

56. Copies of all monthly expense reports for employees of the Debtor from January 1, 2007 to the present;

7

57. Copies of all cash receipts necessary to determine the amount of outstanding receivables for services provided to the Debtor from January 1, 2007 to present;

58. All documents concerning any communications, lease(s), agreements and/or memoranda between or among any of the Debtor, Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, any of the We Care Entities, Quality One, and/or Volunteers from September 21, 2004 to the present;

59. All documents concerning any evidence of communications with respect to negotiations of any new lease terms between the Debtor and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, Lapes, any of the We Care Entities, Quality One, and/or Volunteers;

60. All agreements between the Debtor and Newell Funding;

61. All agreements between the Debtor and Lapes;

62. All agreements between the Debtor and Quality One;

63. All agreements between the Debtor and Amsterdam;

64. All agreements between the Debtor and Volunteers;

65. All agreements between the Debtor and Wertman;

66. All agreements between the Debtor and Tristate;

67. All agreements between the Debtor and Podolksy;

68. To the extent not already provided, all savings bankbooks, passbooks and records and memoranda pertaining to the Debtor, and/or in the name of the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners including We Care, in trust, or as custodian for any other person or persons, or in which the Debtor has any equitable, legal or other interest for the period January 1, 2007 to the present;

69. All records and memoranda, including, but not limited to, checkbooks, checkbook registers, canceled checks, check stubs and deposit slips, pertaining to all checking accounts, money market funds or other funds, and any investment accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or in which the Debtor has a legal, equitable, or other interest for the period January 1, 2007 to the present.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

Case No. 11-13321-alg

In re:

Chapter 11

243RD STREET BRONX R&R LLC,

                                                    Debtor.

-----------------------------------------------------------------------x

## SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026(f), 243RD

STREET LENDER LLC (the "Secured Creditor"), a secured creditor and interested party to this

Chapter 11 Case, along with the debtor 243RD STREET BRONX R&R LLC (the "Debtor")

shall adhere to the following mutually agreed upon dates and deadlines governing discovery in

this case:

1.  All subpoenaed persons and/or entities shall produce the documents directed in the
    Subpoenas not later than Friday, July 13, 2012.

2.  Additional and/or supplemental document requests, if needed, to be served by the
    Secured Creditor not later than Thursday, July 19, 2012.

3.  All responses to documents demanded in connection with the Secured Creditors'
    supplemental documents requests to be supplied not later than seven (7) days after
    service of such supplemental document request.

4.  The following persons and/or entities shall appear for depositions at the offices of
    counsel for the Secured Creditor, on the following dates and times:

    a.  Charles Wertman – Wednesday, August 15, 2012 at 10:00 a.m.
    b.  Stuart Podolsky – Thursday, August 16, 2012 at 10:00 a.m.
    c.  A principal of Tristate – Friday, September 7, 2012 at 10:00 a.m.
    d.  Jay Podolsky – Thursday, September 6, 2012 at 10:00 a.m.
    e.  A principal of We Care Housing Services LLC – Monday, September 10, 2012 at
        10:00 a.m.
    f.  A principal of We Care Housing LLC - Monday, September 10, 2012 at 1:00 p.m.

Depositions shall remain ongoing and continuing until complete. Furthermore,

depositions of additional persons and/or entities may be scheduled as deemed necessary.

1

Nothing contained herein shall in any way limit any rights of the Secured Creditor to seek any additional documents, depositions and/or any other discovery from the Debtor or any other persons and/or entities all of which rights are expressly reserved.

5. Objections to confirmation of the Second Amended Plan to be filed on or before Friday, September 28, 2012, with a combined hearing on confirmation and the Secured Creditor's motion for relief from the automatic stay to be held on October 10, 2012, at 10:00 a.m. The parties shall arrange a telephonic conference with Chambers between October 1 and October 5, 2012, to discuss the confirmation hearing.

6. The deadline to submit ballots in connection with the Debtor's Second Amended Plan shall be extended to Friday, September 28, 2012.


Dated: New York, New York
       July 13, 2012



                              s/Allan L. Gropper
                              ALLAN L. GROPPER
                              UNITED STATES BANKRUPTCY JUDGE

2

7/19/12

FedEx Ship Manager - Print Your Label(s)

From: (212) 661-2900
Timothy Colon
Kriss & Feuerstein LLP
360 Lexington Ave
Suite 1200
New York, NY 10017

Origin ID: OGSA



Ship Date: 19JUL12
ActWgt: 0.1 LB
CAD: 1201248/INET3300

J12201205300325

Delivery Address Bar Code



SHIP TO: (212) 661-2900          BILL SENDER

alan lapes

72 EAGLE RIM RD

UPPER SADDLE RIVER, NJ 07458

Ref #      Lapes.Supplemental.7.19.12
Invoice #
PO #
Dept #

FRI - 20 JUL  A2
STANDARD OVERNIGHT

TRK#   **7938 1149 3894**
0201

07458
NJ-US

# ZH GMVA

SWF



515G1/E052/AA44

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



Jason S. Leibowitz, Esq.
(212) 661-2900 ext. 4115
(212) 661-9397 (fax)
jleibowitz@kandfllp.com

360 Lexington Avenue, New York, NY 10017

July 19, 2012

***Via FedEx Overnight Courier***
Newell Funding LLC
17 Black Brook Rd
Pound Ridge, New York 10576

   Re: In re 243rd Street Bronx R&R LLC
      Chapter 11
      <u>Case No. 1:11-13321-alg</u>

Dear Newell Funding LLC:

   This firm is counsel to secured creditor, 243rd Street Lender LLC (the "Secured Creditor"), in the above-referenced matter.

   Enclosed herewith please find a copy of the Scheduling Order (the "Order") dated July 13, 2012, which was previously provided to your office as counsel to 243rd Street Bronx R&R LLC (the "Debtor") on July 13, 2012, requiring the Debtor to produce various documents by Friday, July 13, 2012.

   Notwithstanding, the Secured Creditor's service of a subpoena (the "Subpoena") for certain documents on January 11, 2012 and the Debtor being provided with a copy of the Order on July 13, 2012 requiring compliance by July 13, 2012, several documents were not produced (the "Outstanding Documents").

   Please be further advised that as a result, the Debtor is in contempt of the Order, and a repeated demand for such Outstanding Documents is hereby made. The Secured Creditor is herein providing the Debtor with another opportunity to purge its contempt, provided the Outstanding Documents are provided by the close of business tomorrow.

   Should the Debtor fail to produce the Outstanding Documents by the close of business tomorrow, the Secured Creditor will seek any and all appropriate remedies, including legal fees.

Newell Funding LLC
July 19, 2012
Page – 2 –


In addition, enclosed herewith is the Secured Creditor's Supplemental Document
Demands (the "Supplemental Demands"). The documents contained in the Supplemental
Demands are due from the Debtor on or before Friday, July 27, 2012.

Thank you for your attention in this matter.


Yours truly,

JASON S. LEIBOWITZ


cc:


Mark A. Frankel                          United States Trustee
Backenroth Frankel & Krinsky LLP          33 Whitehall Street
*Attorneys for the Debtor*                21st Floor
489 Fifth Avenue                          New York, NY 10004
New York, New York 10017

# INSTRUCTIONS

1.  The uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated fully herein.

2.  These requests for the production of documents require that you produce all responsive documents and things in your possession, custody, or control, without regard to the physical location of such documents and things. You have the duty to search for responsive documents and things in all media and sources in its possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup facilities. You have the duty to ensure that no responsive documents are destroyed, deleted of otherwise disposed of.

3.  In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure, which applies Rule 45(d) of the Federal Rules of Civil Procedure to this matter, documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the requests to which the documents are responsive. If there are no documents responsive to a request herein, the response to such request shall so state.

4.  In connection with any objection or request for relief with respect to the document requests herein, the objecting party shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer. Immediately following each such specification the objecting party shall set forth the basis of the objection or relief requested. Any such objection or request for relief shall state all grounds with specificity. Any ground not stated in such objection or request for relief within the time provided by the Federal or Local Bankruptcy Rules shall be deemed waived.

5.  If a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, written objections to such request shall identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege being invoked, and the responding party shall provide, at the time of the response to this subpoena, a list setting forth as to each document of portion of document withheld the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the documents; (vi) the relationship of the author of the document to the recipients of the document; and (vii) the privilege claimed as to the document.

6.  If any responsive documents or parts of documents have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the

document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted, or otherwise disposed of.

## DEFINITIONS

The following terms when used herein shall have the following meaning:

"We Care Housing Services" shall mean We Care Housing Services, LLC.

"We Care" shall mean We Care Housing LLC.

"We Care Entities" shall mean We Care Housing Services, LLC and We Care Housing LLC.

The "Debtor" shall mean 243RD STREET BRONX R&R LLC, the Debtor in *In re: 243RD STREET BRONX R&R LLC,* (Chapter 11 Case No. 11-13321-alg), and due to "overlap" between the Debtor and We Care, all documents demanded of the *Debtor* shall hereby simultaneously also be demanded of We Care.

"Wertman" shall mean Charles Wertman, an individual person.

"Lapes" shall mean Alan Lapes, an individual person.

The "Disclosure Statement" refers to the Second Amended Disclosure Statement of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 [docket item 54].

The "Plan" refers to the Second Amended Plan of Reorganization of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 and any and all amendments thereto [docket item 53].

The "Property" shall mean the real property located at 708-710 East 243rd Street, 738-740 East 243rd Street, Bronx, State of New York being known and described as Block 5115, Lots 28 and 47.

"Secured Creditor" shall mean 243RD STREET LENDER LLC and/or its predecessor-in-interest.

"Tristate" shall mean Tristate Realty Holdings, LLC as it is identified on the Debtor's Schedule F.

"Newell Funding" shall mean Newell Funding LLC.

"Quality One" shall mean Quality One Management LLC.

"Amsterdam" shall mean Amsterdam Hospitality Group & Amsterdam Hospitality LLC.
"Volunteers" shall mean Volunteers of America Greater New York, Inc.

The "Mortgage" shall mean the Consolidated and Modified Mortgage, Assignments of
Rents, Security Agreement and Fixture Filing.

## SUPPLEMENTAL DOCUMENT DEMANDS

1. Copies of all Federal, State, City and other income tax returns of the Debtor for the 2007,
   2008, 2009, 2010, 2011 and 2012 years, complete with all filed schedules, and together
   with W-2 statements, Form 1099's, schedules and worksheets thereof and all papers,
   documents and memoranda referring to any adjustment or audit made in connection
   therewith.

2. Copies of all Federal, State, City and other income tax returns of each of the We Care
   Entities for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with all filed
   schedules, and together with W-2 statements, Form 1099's, schedules and worksheets
   thereof and all papers, documents and memoranda referring to any adjustment or audit
   made in connection therewith.

3. Copies of all Federal, State, City and other income tax returns of each of Newell Funding
   for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with all filed schedules,
   and together with W-2 statements, Form 1099's, schedules and worksheets thereof and all
   papers, documents and memoranda referring to any adjustment or audit made in
   connection therewith.

4. All evidence of communications with respect to any new lease terms between the Debtor
   and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities,
   Quality One and/or Volunteers.

5. All payments received by the Debtor from Wertman, Amsterdam, Tristate, Newell
   Funding, any of the We Care Entities, Quality One, and/or Volunteers, as well as any
   payments received by Amsterdam, Tristate, Newell Funding, any of the We Care Entities,
   Quality One, and/or Volunteers from the Debtor, on account of any agreements made by
   and between the Debtor and Wertman, Amsterdam, Tristate, Newell Funding, any of the
   We Care Entities, Quality One and/or Volunteers;

6. All communications, documents, agreements and/or memoranda concerning Wertman's,
   Amsterdam's, Tristate's, Newell Funding's, any of the We Care Entities', Quality One's,
   and/or Volunteers' willingness or ability to pay rent increases for apartments it currently
   leases at the Property;

7. All communications, documents, agreements and/or memoranda between the Debtor, on
   the one hand, and any of Wertman, Amsterdam, Tristate, Newell Funding, any of the We
   Care Entities, Quality One, and/or Volunteers on the other hand, which identifies the

principals of Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

8.  All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which evidences or describes the Debtor's indebtedness to Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

9.  All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which identifies how the Debtor utilized funds obtained from Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

10. Itemization of all payments of any kind whatsoever, received by Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers, along with the nature of such payments, as they were made by the Debtor to Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

11. Itemization of payments received by the Debtor from Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers since July 8, 2005;

12. All documents concerning the Debtor's relationship with Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers or its principals in connection with any other properties owned by the Debtors and/or its principals;

13. All documents, resolutions, operating agreements, manager's certificate, shareholder's agreement, partnership agreement or articles of organization pertaining to the Debtor;

14. Names and addresses of all equity holders or interest holders of the Debtor;

15. Names and addresses of the parties that executed the November 4, 2011 Amendment to Lease filed on the Court's Docket on November 7, 2011 [Docket item #29];

16. All agreements between the Debtor and the Secured Creditor, including but not limited to any and all loan documents;

17. A list of all buildings in which any of the We Care Entities places tenants, and the rents that either or both of the We Care Entities pay for those tenants;

18. Any and all appraisals of the Property, including but not limited to any draft appraisals;

4

19. All documents which will be introduced at any confirmation hearing for any purpose whatsoever, including without limitation, as to feasibility of a plan, the Debtor's good faith, the amount of any liens or secured claims, any violations at the Property, the amount of any unsecured claims, and the value of the Property;

20. All documents concerning any liens on the Property other than that of the Secured Creditor;

21. A payment history for each of the Debtor's leases with We Care Housing Services and/or We Care from the date of the lease to the present;

22. A current balance sheet and income statement for each of the We Care Entities;

23. All organizational documents of the Debtor, We Care and We Care Housing Services including without limitation, certificate of formation, bylaws, operating agreement, and any shareholders or members agreements;

24. All documents concerning how We Care and We Care Housing Services is paid by any person or entity with respect to the apartments it leases from the Debtor;

25. All documents between either of the We Care Entities, on the one hand, and any person or entity, on the other hand, concerning the apartments We Care leases from the Debtor;

26. All resolutions of We Care and We Care Housing Service's members, shareholders, or board approving any transactions with the Debtor (and any minutes of any board meetings at which such transactions are discussed);

27. All documents between or among (i) any of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities, on the one hand, and (ii) the Debtor and/or any shareholder, member or insider of the Debtor;

28. All documents concerning any compensation, distributions or monies received for any reason whatsoever, received within the last 10 years by any shareholder, member or insider of the Debtor from either of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities;

29. All construction contracts of any kind concerning the Debtor's Property since January 1, 2006;

30. All documents concerning any work or improvements done to or construction at, or to the Property since January 1, 2006;

31. All documents concerning any building violations at the Property since January 1, 2007;

32. A current balance sheet for each of the Debtor's insiders, including but not limited to Wertman, Tristate, each of the We Care Entities, Jay Podolsky and Stuart Podolsky;

5

33. A current balance sheet for every person or entity that will advance any funds or monies to fund the Debtor's Plan.

34. All documents concerning the Debtor's ability to pay all amounts due under the Plan, including without limitation, all documents evidencing or describing the sources for all such payments;

35. All documents and/or agreements concerning the terms and conditions by which the Debtor will be able to make payments due under the Plan;

36. All documents and/or agreements concerning the terms and conditions by which, funds will be provided to the Debtor in the future from any person or entity, aside from rents, to permit the Debtor to make payments due under the Plan;

37. Any bank statements from any person or entity that will in whole or in part, fund the Plan;

38. All certified operating statements for the Property for years 2007, 2008, 2009, 2010, 2011;

39. A current certified rent roll schedule;

40. Audited financial statements of the Debtor for 2009, 2010 and 2011;

41. Any and all information management agreements, current insurance certificates, occupancy history for 2009, 2010, 2011 and 2012;

42. A termite report, utility bills from 2011 and 2012, all permits, licenses and certifications, all property related service contracts, a description of budgeted capital expenditures, along with a year-to-date capital expenditure schedule, including a capital expenditure schedule for 2009, 2010, 2011 and 2012, a line item breakout of repairs and maintenance;

43. All current residential and commercial leases, along with a year-to-date tenant arrearage report through 2011;

44. All Division of Housing and Community Renewal Reports with respect to the Property of the Debtor for the years 2007, 2008, 2009, 2010, 2011 and 2012;

45. To the extent not already provided, all records, papers and memoranda, including, but not limited to, copies of deeds, mortgages, contracts, bids, closing statements, leases, loan applications, and rent receipts, concerning any and all real property owned, rented or leased by the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

6

46. Any and all records, documents, papers and memoranda pertaining to monies owed to the Debtor, and any security or collateral for such debts;

47. All stock certificates, mutual funds, bonds or other securities in the name of the Debtor, individually or in conjunction with any other person or persons, or any other partners, which may be held in the account of the Debtor, individually, or in conjunction with any other person or person, in any corporation, domestic or foreign, or issued by the Federal government, or by any State, Municipality, or other governmental agency, including foreign governments for the period January 1, 2005 to the present;

48. All records and memoranda, including, but not limited to, monthly account statements of stock brokerage accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or any of its partners, or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

49. Records of all transfers of real property and/or personal property of any kind by the Debtor for the period January 1, 2005 to the present;

50. Records, including, but not limited to, partnership agreements, identifying each and every general or limited partnership in which the Debtor has an interest and its percentage interest in the partnership;

51. Records pertaining to the value of any general or limited partnership in which the Debtor has an interest, and the value of its interest in each such partnership, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

52. Records, including, but not limited to, stockholders' agreements, stock certificates and corporate minute books identifying each and every corporation in which the Debtor has an ownership interest or is an officer or director, and its percentage interest in the corporation;

53. Records pertaining to the value of any corporation in which the Debtor has an ownership interest or is an officer or director, and the value of its ownership interest in each such corporation, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

54. Copies of all insurance and/or annuity policies in which the Debtor has an interest;

55. Copies of all insurance policies (including life and disability) owned by the Debtor;

56. Copies of all monthly expense reports for employees of the Debtor from January 1, 2007 to the present;

57. Copies of all cash receipts necessary to determine the amount of outstanding receivables for services provided to the Debtor from January 1, 2007 to present;

7

58. All documents concerning any communications, lease(s), agreements and/or memoranda between or among any of the Debtor, Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers from September 21, 2004 to the present;

59. All documents concerning any evidence of communications with respect to negotiations of any new lease terms between the Debtor and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

60. All agreements between the Debtor and Newell Funding;

61. All agreements between the Debtor and Alan Lapes;

62. All agreements between the Debtor and Quality One;

63. All agreements between the Debtor and Amsterdam;

64. All agreements between the Debtor and Volunteers;

65. All agreements between the Debtor and Wertman;

66. To the extent not already provided, all savings bankbooks, passbooks and records and memoranda pertaining to the Debtor, and/or in the name of the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners including We Care, in trust, or as custodian for any other person or persons, or in which the Debtor has any equitable, legal or other interest for the period January 1, 2007 to the present;

67. All records and memoranda, including, but not limited to, checkbooks, checkbook registers, canceled checks, check stubs and deposit slips, pertaining to all checking accounts, money market funds or other funds, and any investment accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or in which the Debtor has a legal, equitable, or other interest for the period January 1, 2007 to the present.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

                                                    Case No. 11-13321-alg

In re:

                                                    Chapter 11

243RD STREET BRONX R&R LLC,

                                Debtor.

-----------------------------------------------------------------------x

## SCHEDULING ORDER

       Pursuant to Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026(f), 243RD

STREET LENDER LLC (the "Secured Creditor"), a secured creditor and interested party to this

Chapter 11 Case, along with the debtor 243RD STREET BRONX R&R LLC (the "Debtor")

shall adhere to the following mutually agreed upon dates and deadlines governing discovery in

this case:

1. All subpoenaed persons and/or entities shall produce the documents directed in the
   Subpoenas not later than Friday, July 13, 2012.

2. Additional and/or supplemental document requests, if needed, to be served by the
   Secured Creditor not later than Thursday, July 19, 2012.

3. All responses to documents demanded in connection with the Secured Creditors'
   supplemental documents requests to be supplied not later than seven (7) days after
   service of such supplemental document request.

4. The following persons and/or entities shall appear for depositions at the offices of
   counsel for the Secured Creditor, on the following dates and times:

   a. Charles Wertman – Wednesday, August 15, 2012 at 10:00 a.m.
   b. Stuart Podolsky – Thursday, August 16, 2012 at 10:00 a.m.
   c. A principal of Tristate – Friday, September 7, 2012 at 10:00 a.m.
   d. Jay Podolsky – Thursday, September 6, 2012 at 10:00 a.m.
   e. A principal of We Care Housing Services LLC – Monday, September 10, 2012 at
      10:00 a.m.
   f. A principal of We Care Housing LLC - Monday, September 10, 2012 at 1:00 p.m.

Depositions shall remain ongoing and continuing until complete. Furthermore,
depositions of additional persons and/or entities may be scheduled as deemed necessary.

1

Nothing contained herein shall in any way limit any rights of the Secured Creditor to seek any additional documents, depositions and/or any other discovery from the Debtor or any other persons and/or entities all of which rights are expressly reserved.

5.  Objections to confirmation of the Second Amended Plan to be filed on or before Friday, September 28, 2012, with a combined hearing on confirmation and the Secured Creditor's motion for relief from the automatic stay to be held on October 10, 2012, at 10:00 a.m.  The parties shall arrange a telephonic conference with Chambers between October 1 and October 5, 2012, to discuss the confirmation hearing.

6.  The deadline to submit ballots in connection with the Debtor's Second Amended Plan shall be extended to Friday, September 28, 2012.


Dated:  New York, New York
        July 13, 2012


                                    s/Allan L. Gropper
                                    ALLAN L. GROPPER
                                    UNITED STATES BANKRUPTCY JUDGE

2

7/19/12                          FedEx Ship Manager - Print Your Label(s)

From: (212) 661-2900          Origin ID: OGSA       
Timothy Colon
Kriss & Feuerstein LLP
360 Lexington Ave
Suite 1200
New York, NY 10017

J12201205300325

Ship Date: 19JUL12
ActWgt: 0.1 LB
CAD: 1201248/INET3300

Delivery Address Bar Code



Ref #        Newell.Supplemental.7.19.12
Invoice #
PO #
Dept #

SHIP TO: (212) 661-2900          BILL SENDER

**Newell Funding LLC**
**17 BLACK BROOK RD**

**POUND RIDGE, NY 10576**

FRI - 20 JUL  A4
STANDARD OVERNIGHT

TRK#   **7938 1149 8830**
0201



10576
NY-US
JFK

**ZS JSDA**



515G1/E052/AA44

**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



**Kriss &Feuerstein**LLP

360 Lexington Avenue, New York, NY 10017

Jason S. Leibowitz, Esq.
(212) 661-2900 ext. 4115
(212) 661-9397 (fax)
jleibowitz@kandfllp.com

July 19, 2012

***Via FedEx Overnight Courier***
Stuart Podolsky
117 E. 57th Street, #52A
New York, New York 10022

Re:   In re 243rd Street Bronx R&R LLC
      Chapter 11
      Case No. 1:11-13321-alg

Dear Stuart Podolsky:

This firm is counsel to secured creditor, 243rd Street Lender LLC (the "Secured Creditor"), in the above-referenced matter.

On or about January 10, 2012 you were served with a subpoena dated January 10, 2012 (the "Subpoena"), a copy of which is enclosed herein, requiring you to produce certain documents (the "Outstanding Documents") in connection with the above-referenced matter. Nevertheless, you failed to produce any documents at the offices of the undersigned.

Enclosed please find a copy of a Scheduling Order (the "Order") dated July 13, 2012, which required that you produce the Outstanding Documents demanded in connection with the Subpoena by Friday, July 13, 2012. Notwithstanding, you have failed to produce any of said documents at the offices of the undersigned.

Please be further advised that as a result, you are in contempt of the Order, and a repeated demand for such Outstanding Documents is hereby made. The Secured Creditor is herein providing you with an opportunity to purge your contempt, provided the Outstanding Documents are provided by the close of business tomorrow.

Should you fail to produce the Outstanding Documents by the close of business tomorrow, the Secured Creditor will seek any and all appropriate remedies, including legal fees.

Stuart Podolsky
July 19, 2012
Page – 2 –


In addition, enclosed herewith is the Secured Creditor's Supplemental Document
Demands (the "Supplemental Demands"). The documents contained in the Supplemental
Demands are due from you within seven (7) days of the date of this letter.

Thank you for your attention in this matter.


Yours truly,

JASON S. LEIBOWITZ

2

## INSTRUCTIONS

1.  The uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated fully herein.

2.  These requests for the production of documents require that you produce all responsive documents and things in your possession, custody, or control, without regard to the physical location of such documents and things.   You have the duty to search for responsive documents and things in all media and sources in its possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup facilities.   You have the duty to ensure that no responsive documents are destroyed, deleted of otherwise disposed of.

3.  In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure, which applies Rule 45(d) of the Federal Rules of Civil Procedure to this matter, documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the requests to which the documents are responsive.   If there are no documents responsive to a request herein, the response to such request shall so state.

4.  In connection with any objection or request for relief with respect to the document requests herein, the objecting party shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer.   Immediately following each such specification the objecting party shall set forth the basis of the objection or relief requested.   Any such objection or request for relief shall state all grounds with specificity.   Any ground not stated in such objection or request for relief within the time provided by the Federal or Local Bankruptcy Rules shall be deemed waived.

5.  If a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, written objections to such request shall identify the nature of the privilege being claimed and, if privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege being invoked, and the responding party shall provide at the time of the response to this subpoena, a list setting forth as to each document of portion of document withheld the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the documents; (vi) the relationship of the author of the document to the recipients of the document; and (vii) the privilege claimed as to the document.

6.  If any responsive documents or parts of documents have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the

document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted, or otherwise disposed of.

## DEFINITIONS

The following terms when used herein shall have the following meaning:

"We Care Housing Services" shall mean We Care Housing Services, LLC.

"We Care" shall mean We Care Housing LLC.

"We Care Entities" shall mean We Care Housing Services, LLC and We Care Housing LLC.

The "Debtor" shall mean 243RD STREET BRONX R&R LLC, the Debtor in *In re: 243RD STREET BRONX R&R LLC,* (Chapter 11 Case No. 11-13321-alg), and due to "overlap" between the Debtor and We Care, all documents demanded of the *Debtor* shall hereby simultaneously also be demanded of We Care.

"Wertman" shall mean Charles Wertman, an individual person.

"Lapes" shall mean Alan Lapes, an individual person.

The "Disclosure Statement" refers to the Second Amended Disclosure Statement of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 [docket item 54].

The "Plan" refers to the Second Amended Plan of Reorganization of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 and any and all amendments thereto [docket item 53].

The "Property" shall mean the real property located at 708-710 East 243rd Street, 738-740 East 243rd Street, Bronx, State of New York being known and described as Block 5115, Lots 28 and 47.

"Secured Creditor" shall mean 243RD STREET LENDER LLC and/or its predecessor-in-interest.

"Tristate" shall mean Tristate Realty Holdings, LLC as it is identified on the Debtor's Schedule F.

"Newell Funding" shall mean Newell Funding LLC.

"Quality One" shall mean Quality One Management LLC.

2

"Amsterdam" shall mean Amsterdam Hospitality Group & Amsterdam Hospitality LLC.
"Volunteers" shall mean Volunteers of America Greater New York, Inc.

The "Mortgage" shall mean the Consolidated and Modified Mortgage, Assignments of
Rents, Security Agreement and Fixture Filing.

"Podolsky" shall mean Stuart Podolsky and/or Jay Podolsky.

## SUPPLEMENTAL DOCUMENT DEMANDS

1. To the extent not already provided, copies of all Federal, State, City and other income tax
returns of the Debtor for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with
all filed schedules, and together with W-2 statements, Form 1099's, schedules and
worksheets thereof and all papers, documents and memoranda referring to any adjustment
or audit made in connection therewith.

2. To the extent not already provided, copies of all Federal, State, City and other income tax
returns of each of the We Care Entities for the 2007, 2008, 2009, 2010, 2011 and 2012
years, complete with all filed schedules, and together with W-2 statements, Form 1099's,
schedules and worksheets thereof and all papers, documents and memoranda referring to
any adjustment or audit made in connection therewith.

3. Copies of your Federal, State, City and other income tax returns for the 2007, 2008, 2009,
2010, 2011 and 2012 years, complete with all filed schedules, and together with W-2
statements, Form 1099's, schedules and worksheets thereof and all papers, documents and
memoranda referring to any adjustment or audit made in connection therewith.

4. All evidence of communications with respect to any new lease terms between the Debtor
and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care
Entities, Quality One and/or Volunteers.

5. All payments received by the Debtor from Wertman, Podolsky, Amsterdam, Tristate,
Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers, as well as
any payments received by Amsterdam, Tristate, Newell Funding, any of the We Care
Entities, Quality One, and/or Volunteers from the Debtor, on account of any agreements
made by and between the Debtor and Wertman, Podolsky, Amsterdam, Tristate, Newell
Funding, any of the We Care Entities, Quality One, and/or Volunteers;

6. All communications, documents, agreements and/or memoranda concerning Wertman's,
Podolsky's, Amsterdam's, Tristate's, Newell Funding's, any of the We Care Entities',
Quality One's, and/or Volunteers' willingness or ability to pay rent increases for
apartments it currently leases at the Property;

7. All communications, documents, agreements and/or memoranda between the Debtor, on
the one hand, and any of Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any
of the We Care Entities, Quality One, and/or Volunteers on the other hand, which

3

identifies the principals of Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

8. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which evidences or describes the Debtor's indebtedness to Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

9. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which identifies how the Debtor utilized funds obtained from Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

10. Itemization of all payments of any kind whatsoever, received by Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers, along with the nature of such payments, as they were made by the Debtor to Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

11. Itemization of payments received by the Debtor from Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers since July 8, 2005;

12. All documents concerning the Debtor's relationship with Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers or its principals in connection with any other properties owned by the Debtors and/or its principals;

13. All documents, resolutions, operating agreements, manager's certificate, shareholder's agreement, partnership agreement or articles of organization pertaining to the Debtor;

14. Names and addresses of all equity holders or interest holders of the Debtor;

15. Names and addresses of the parties that executed the November 4, 2011 Amendment to Lease filed on the Court's Docket on November 7, 2011 [Docket item #29];

16. All agreements between the Debtor and the Secured Creditor, including but not limited to any and all loan documents;

17. A list of all buildings in which any of the We Care Entities places tenants, and the rents that either or both of the We Care Entities pay for those tenants;

18. Any and all appraisals of the Property, including but not limited to any draft appraisals;

4

19. All documents which will be introduced at any confirmation hearing for any purpose whatsoever, including without limitation, as to feasibility of a plan, the Debtor's good faith, the amount of any liens or secured claims, any violations at the Property, the amount of any unsecured claims, and the value of the Property;

20. All documents concerning any liens on the Property other than that of the Secured Creditor;

21. A payment history for each of the Debtor's leases with We Care Housing Services and/or We Care from the date of the lease to the present;

22. A current balance sheet and income statement for each of the We Care Entities;

23. All organizational documents of the Debtor, We Care and We Care Housing Services including without limitation, certificate of formation, bylaws, operating agreement, and any shareholders or members agreements;

24. All documents concerning how We Care and We Care Housing Services is paid by any person or entity with respect to the apartments it leases from the Debtor;

25. All documents between either of the We Care Entities, on the one hand, and any person or entity, on the other hand, concerning the apartments We Care leases from the Debtor;

26. All resolutions of We Care and We Care Housing Service's members, shareholders, or board approving any transactions with the Debtor (and any minutes of any board meetings at which such transactions are discussed);

27. All documents between or among (i) any of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities, on the one hand, and (ii) the Debtor and/or any shareholder, member or insider of the Debtor;

28. All documents concerning any compensation, distributions or monies received for any reason whatsoever, received within the last 10 years by any shareholder, member or insider of the Debtor from either of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities;

29. All construction contracts of any kind concerning the Debtor's Property since January 1, 2006;

30. All documents concerning any work or improvements done to or construction at, or to the Property since January 1, 2006;

31. All documents concerning any building violations at the Property since January 1, 2007;

32. A current balance sheet for each of the Debtor's insiders, including but not limited to Wertman, Tristate, each of the We Care Entities and Podolsky;

5

33. A current balance sheet for every person or entity that will advance any funds or monies to fund the Debtor's Plan.

34. All documents concerning the Debtor's ability to pay all amounts due under the Plan, including without limitation, all documents evidencing or describing the sources for all such payments;

35. All documents and/or agreements concerning the terms and conditions by which the Debtor will be able to make payments due under the Plan;

36. All documents and/or agreements concerning the terms and conditions by which, funds will be provided to the Debtor in the future from any person or entity, aside from rents, to permit the Debtor to make payments due under the Plan;

37. Any bank statements from any person or entity that will in whole or in part, fund the Plan;

38. All certified operating statements for the Property for years 2007, 2008, 2009, 2010, 2011;

39. A current certified rent roll schedule;

40. Audited financial statements of the Debtor for 2009, 2010 and 2011;

41. Any and all information management agreements, current insurance certificates, occupancy history for 2009, 2010, 2011 and 2012;

42. A termite report, utility bills from 2011 and 2012, all permits, licenses and certifications, all property related service contracts, a description of budgeted capital expenditures, along with a year-to-date capital expenditure schedule, including a capital expenditure schedule for 2009, 2010, 2011 and 2012, a line item breakout of repairs and maintenance;

43. All current residential and commercial leases, along with a year-to-date tenant arrearage report through 2011;

44. All Division of Housing and Community Renewal Reports with respect to the Property of the Debtor for the years 2007, 2008, 2009, 2010, 2011 and 2012;

45. To the extent not already provided, all records, papers and memoranda, including, but not limited to, copies of deeds, mortgages, contracts, bids, closing statements, leases, loan applications, and rent receipts, concerning any and all real property owned, rented or leased by the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

6

46. Any and all records, documents, papers and memoranda pertaining to monies owed to the Debtor, and any security or collateral for such debts;

47. All stock certificates, mutual funds, bonds or other securities in the name of the Debtor, individually or in conjunction with any other person or persons, or any other partners, which may be held in the account of the Debtor, individually, or in conjunction with any other person or person, in any corporation, domestic or foreign, or issued by the Federal government, or by any State, Municipality, or other governmental agency, including foreign governments for the period January 1, 2005 to the present;

48. All records and memoranda, including, but not limited to, monthly account statements of stock brokerage accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or any of its partners, or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

49. Records of all transfers of real property and/or personal property of any kind by the Debtor for the period January 1, 2005 to the present;

50. Records, including, but not limited to, partnership agreements, identifying each and every general or limited partnership in which the Debtor has an interest and its percentage interest in the partnership;

51. Records pertaining to the value of any general or limited partnership in which the Debtor has an interest, and the value of its interest in each such partnership, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

52. Records, including, but not limited to, stockholders' agreements, stock certificates and corporate minute books identifying each and every corporation in which the Debtor has an ownership interest or is an officer or director, and its percentage interest in the corporation;

53. Records pertaining to the value of any corporation in which the Debtor has an ownership interest or is an officer or director, and the value of its ownership interest in each such corporation, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

54. Copies of all insurance and/or annuity policies in which the Debtor has an interest;

55. Copies of all insurance policies (including life and disability) owned by the Debtor;

56. Copies of all monthly expense reports for employees of the Debtor from January 1, 2007 to the present;

57. Copies of all cash receipts necessary to determine the amount of outstanding receivables for services provided to the Debtor from January 1, 2007 to present;

7

58. All documents concerning any communications, lease(s), agreements and/or memoranda between or among any of the Debtor, Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers from September 21, 2004 to the present;

59. All documents concerning any evidence of communications with respect to negotiations of any new lease terms between the Debtor and Wertman, Podolsky, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

60. All agreements between the Debtor and Newell Funding;

61. All agreements between the Debtor and Alan Lapes;

62. All agreements between the Debtor and Quality One;

63. All agreements between the Debtor and Amsterdam;

64. All agreements between the Debtor and Volunteers;

65. All agreements between the Debtor and Wertman;

66. All agreements between the Debtor and Tristate;

67. All agreements between the Debtor and Podolksy;

68. To the extent not already provided, all savings bankbooks, passbooks and records and memoranda pertaining to the Debtor, and/or in the name of the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners including We Care, in trust, or as custodian for any other person or persons, or in which the Debtor has any equitable, legal or other interest for the period January 1, 2007 to the present;

69. All records and memoranda, including, but not limited to, checkbooks, checkbook registers, canceled checks, check stubs and deposit slips, pertaining to all checking accounts, money market funds or other funds, and any investment accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or in which the Debtor has a legal, equitable, or other interest for the period January 1, 2007 to the present.

8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

In re:

243RD STREET BRONX R&R LLC,

                                           Debtor.
---------------------------------------------------------------------x

Case No. 11-13321-alg

Chapter 11

## SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026(f), 243RD

STREET LENDER LLC (the "Secured Creditor"), a secured creditor and interested party to this

Chapter 11 Case, along with the debtor 243RD STREET BRONX R&R LLC (the "Debtor")

shall adhere to the following mutually agreed upon dates and deadlines governing discovery in

this case:

1. All subpoenaed persons and/or entities shall produce the documents directed in the
   Subpoenas not later than Friday, July 13, 2012.

2. Additional and/or supplemental document requests, if needed, to be served by the
   Secured Creditor not later than Thursday, July 19, 2012.

3. All responses to documents demanded in connection with the Secured Creditors'
   supplemental documents requests to be supplied not later than seven (7) days after
   service of such supplemental document request.

4. The following persons and/or entities shall appear for depositions at the offices of
   counsel for the Secured Creditor, on the following dates and times:

   a. Charles Wertman – Wednesday, August 15, 2012 at 10:00 a.m.
   b. Stuart Podolsky – Thursday, August 16, 2012 at 10:00 a.m.
   c. A principal of Tristate – Friday, September 7, 2012 at 10:00 a.m.
   d. Jay Podolsky – Thursday, September 6, 2012 at 10:00 a.m.
   e. A principal of We Care Housing Services LLC – Monday, September 10, 2012 at
      10:00 a.m.
   f. A principal of We Care Housing LLC - Monday, September 10, 2012 at 1:00 p.m.

Depositions shall remain ongoing and continuing until complete.    Furthermore,

depositions of additional persons and/or entities may be scheduled as deemed necessary.

1

Nothing contained herein shall in any way limit any rights of the Secured Creditor to seek any additional documents, depositions and/or any other discovery from the Debtor or any other persons and/or entities all of which rights are expressly reserved.

5.  Objections to confirmation of the Second Amended Plan to be filed on or before Friday, September 28, 2012, with a combined hearing on confirmation and the Secured Creditor's motion for relief from the automatic stay to be held on October 10, 2012, at 10:00 a.m.  The parties shall arrange a telephonic conference with Chambers between October 1 and October 5, 2012, to discuss the confirmation hearing.

6.  The deadline to submit ballots in connection with the Debtor's Second Amended Plan shall be extended to Friday, September 28, 2012.


Dated:  New York, New York
        July 13, 2012


                            **s/Allan L. Gropper**
                            ALLAN L. GROPPER
                            UNITED STATES BANKRUPTCY JUDGE

2

7/19/12

FedEx Ship Manager - Print Your Label(s)

From: (212) 661-2900
Timothy Colon
Kriss & Feuerstein LLP
360 Lexington Ave
Suite 1200
New York, NY 10017

Origin ID: OGSA



Ship Date: 19JUL12
ActWgt: 1.0 LB
CAD: 1201248/INET3300

J12201205300325

Delivery Address Bar Code



SHIP TO: (212) 661-2900
**Stuart Podolsky**

**117 E 57TH ST
APT 52A
NEW YORK, NY 10022**

BILL SENDER

Ref #        Stuart.Supplemental.7.19.12
Invoice #
PO #
Dept #

TRK#  **7986 4207 8086**
0201

**FRI - 20 JUL  A1**
**STANDARD OVERNIGHT**

**10022**
NY-US

**EA JRBA**



**EWR**



515G1/E052/AA44

---

**After printing this label**:

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.





Jason S. Leibowitz, Esq.
(212) 661-2900 ext. 4115
(212) 661-9397 (fax)
jleibowitz@kandfllp.com

360 Lexington Avenue, New York, NY 10017

July 19, 2012

**_Via FedEx Overnight Courier_**
Tristate Realty Holdings LLC
230 W. 54th Street, PH
New York, New York 10019

      Re:    In re 243rd Street Bronx R&R LLC
              Chapter 11
              <u>Case No. 1:11-13321-alg</u>

Dear Tristate Realty Holdings LLC:

      This firm is counsel to secured creditor, 243rd Street Lender LLC (the "Secured Creditor"), in the above-referenced matter.

      On or about January 10, 2012 you were served with a subpoena dated January 10, 2012 (the "Subpoena"), a copy of which is enclosed herein, requiring you to produce certain documents (the "Outstanding Documents") in connection with the above-referenced matter. Nevertheless, you failed to produce any documents at the offices of the undersigned.

      Enclosed please find a copy of a Scheduling Order (the "Order") dated July 13, 2012, which required that you produce the Outstanding Documents demanded in connection with the Subpoena by Friday, July 13, 2012. Notwithstanding, you have failed to produce any of said documents at the offices of the undersigned.

      Please be further advised that as a result, you are in contempt of the Order, and a repeated demand for such Outstanding Documents is hereby made. The Secured Creditor is herein providing you with an opportunity to purge your contempt, provided the Outstanding Documents are provided by the close of business tomorrow.

      Should you fail to produce the Outstanding Documents by the close of business tomorrow, the Secured Creditor will seek any and all appropriate remedies, including legal fees.

Tristate Realty Holdings LLC
July 19, 2012
Page – 2 –


In addition, enclosed herewith is the Secured Creditor's Supplemental Document
Demands (the "Supplemental Demands"). The documents contained in the Supplemental
Demands are due from you within seven (7) days of the date of this letter.

Thank you for your attention in this matter.


Yours truly,

JASON S. LEIBOWITZ


2

## INSTRUCTIONS

1.  The uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated fully herein.

2.  These requests for the production of documents require that you produce all responsive documents and things in your possession, custody, or control, without regard to the physical location of such documents and things. You have the duty to search for responsive documents and things in all media and sources in its possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup facilities. You have the duty to ensure that no responsive documents are destroyed, deleted of otherwise disposed of.

3.  In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure, which applies Rule 45(d) of the Federal Rules of Civil Procedure to this matter, documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the requests to which the documents are responsive. If there are no documents responsive to a request herein, the response to such request shall so state.

4.  In connection with any objection or request for relief with respect to the document requests herein, the objecting party shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer. Immediately following each such specification the objecting party shall set forth the basis of the objection or relief requested. Any such objection or request for relief shall state all grounds with specificity. Any ground not stated in such objection or request for relief within the time provided by the Federal or Local Bankruptcy Rules shall be deemed waived.

5.  If a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, written objections to such request shall identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege being invoked, and the responding party shall provide at the time of the response to this subpoena, a list setting forth as to each document of portion of document withheld the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the documents; (vi) the relationship of the author of the document to the recipients of the document; and (vii) the privilege claimed as to the document.

6.  If any responsive documents or parts of documents have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the

document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted, or otherwise disposed of.

## DEFINITIONS

The following terms when used herein shall have the following meaning:

"We Care Housing Services" shall mean We Care Housing Services, LLC.

"We Care" shall mean We Care Housing LLC.

"We Care Entities" shall mean We Care Housing Services, LLC and We Care Housing LLC.

The "Debtor" shall mean 243RD STREET BRONX R&R LLC, the Debtor in *In re: 243RD STREET BRONX R&R LLC,* (Chapter 11 Case No. 11-13321-alg), and due to "overlap" between the Debtor and We Care, all documents demanded of the *Debtor* shall hereby simultaneously also be demanded of We Care.

"Wertman" shall mean Charles Wertman, an individual person.

"Lapes" shall mean Alan Lapes, an individual person.

The "Disclosure Statement" refers to the Second Amended Disclosure Statement of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 [docket item 54].

The "Plan" refers to the Second Amended Plan of Reorganization of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 and any and all amendments thereto [docket item 53].

The "Property" shall mean the real property located at 708-710 East 243rd Street, 738-740 East 243rd Street, Bronx, State of New York being known and described as Block 5115, Lots 28 and 47.

"Secured Creditor" shall mean 243RD STREET LENDER LLC and/or its predecessor-in-interest.

"Tristate" shall mean Tristate Realty Holdings, LLC as it is identified on the Debtor's Schedule F.

"Newell Funding" shall mean Newell Funding LLC.

"Quality One" shall mean Quality One Management LLC.

"Amsterdam" shall mean Amsterdam Hospitality Group & Amsterdam Hospitality LLC.
"Volunteers" shall mean Volunteers of America Greater New York, Inc.

The "Mortgage" shall mean the Consolidated and Modified Mortgage, Assignments of
Rents, Security Agreement and Fixture Filing.

## SUPPLEMENTAL DOCUMENT DEMANDS

1. To the extent not already provided, copies of all Federal, State, City and other income tax
   returns of the Debtor for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with
   all filed schedules, and together with W-2 statements, Form 1099's, schedules and
   worksheets thereof and all papers, documents and memoranda referring to any adjustment
   or audit made in connection therewith.

2. To the extent not already provided, copies of all Federal, State, City and other income tax
   returns of each of the We Care Entities for the 2007, 2008, 2009, 2010, 2011 and 2012
   years, complete with all filed schedules, and together with W-2 statements, Form 1099's,
   schedules and worksheets thereof and all papers, documents and memoranda referring to
   any adjustment or audit made in connection therewith.

3. All evidence of communications with respect to any new lease terms between the Debtor
   and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities,
   Quality One and/or Volunteers.

4. All payments received by the Debtor from Wertman, Amsterdam, Tristate, Newell
   Funding, any of the We Care Entities, Quality One, and/or Volunteers, as well as any
   payments received by Amsterdam, Tristate, Newell Funding, any of the We Care Entities,
   Quality One, and/or Volunteers from the Debtor, on account of any agreements made by
   and between the Debtor and Wertman, Amsterdam, Tristate, Newell Funding, any of the
   We Care Entities, Quality One, and/or Volunteers;

5. All communications, documents, agreements and/or memoranda concerning Wertman's,
   Amsterdam's, Tristate's, Newell Funding's, any of the We Care Entities', Quality One's,
   and/or Volunteers' willingness or ability to pay rent increases for apartments it currently
   leases at the Property;

6. All communications, documents, agreements and/or memoranda between the Debtor, on
   the one hand, and any of Wertman, Amsterdam, Tristate, Newell Funding, any of the We
   Care Entities, Quality One, and/or Volunteers on the other hand, which identifies the
   principals of Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality
   One, and/or Volunteers;

7. All communications, documents, agreements and/or memoranda between the Debtor, on
   the one hand, and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care
   Entities, Quality One, and/or Volunteers on the other hand, which evidences or describes

3

the Debtor's indebtedness to Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

8. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which identifies how the Debtor utilized funds obtained from Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

9. Itemization of all payments of any kind whatsoever, received by Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers, along with the nature of such payments, as they were made by the Debtor to Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

10. Itemization of payments received by the Debtor from Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers since July 8, 2005;

11. All documents concerning the Debtor's relationship with Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers or its principals in connection with any other properties owned by the Debtors and/or its principals;

12. All documents, resolutions, operating agreements, manager's certificate, shareholder's agreement, partnership agreement or articles of organization pertaining to the Debtor;

13. Names and addresses of all equity holders or interest holders of the Debtor;

14. Names and addresses of the parties that executed the November 4, 2011 Amendment to Lease filed on the Court's Docket on November 7, 2011 [Docket item #29];

15. All agreements between the Debtor and the Secured Creditor, including but not limited to any and all loan documents;

16. A list of all buildings in which any of the We Care Entities places tenants, and the rents that either or both of the We Care Entities pay for those tenants;

17. Any and all appraisals of the Property, including but not limited to any draft appraisals;

18. All documents which will be introduced at any confirmation hearing for any purpose whatsoever, including without limitation, as to feasibility of a plan, the Debtor's good faith, the amount of any liens or secured claims, any violations at the Property, the amount of any unsecured claims, and the value of the Property;

4

19. All documents concerning any liens on the Property other than that of the Secured Creditor;

20. A payment history for each of the Debtor's leases with We Care Housing Services and/or We Care from the date of the lease to the present;

21. A current balance sheet and income statement for each of the We Care Entities;

22. All organizational documents of the Debtor, We Care and We Care Housing Services including without limitation, certificate of formation, bylaws, operating agreement, and any shareholders or members agreements;

23. All documents concerning how We Care and We Care Housing Services is paid by any person or entity with respect to the apartments it leases from the Debtor;

24. All documents between either of the We Care Entities, on the one hand, and any person or entity, on the other hand, concerning the apartments We Care leases from the Debtor;

25. All resolutions of We Care and We Care Housing Service's members, shareholders, or board approving any transactions with the Debtor (and any minutes of any board meetings at which such transactions are discussed);

26. All documents between or among (i) any of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities, on the one hand, and (ii) the Debtor and/or any shareholder, member or insider of the Debtor;

27. All documents concerning any compensation, distributions or monies received for any reason whatsoever, received within the last 10 years by any shareholder, member or insider of the Debtor from either of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities;

28. All construction contracts of any kind concerning the Debtor's Property since January 1, 2006;

29. All documents concerning any work or improvements done to or construction at, or to the Property since January 1, 2006;

30. All documents concerning any building violations at the Property since January 1, 2007;

31. A current balance sheet for each of the Debtor's insiders, including but not limited to Wertman, Tristate, each of the We Care Entities, Jay Podolsky and Stuart Podolsky;

32. A current balance sheet for every person or entity that will advance any funds or monies to fund the Debtor's Plan.

5

33. All documents concerning the Debtor's ability to pay all amounts due under the Plan, including without limitation, all documents evidencing or describing the sources for all such payments;

34. All documents and/or agreements concerning the terms and conditions by which the Debtor will be able to make payments due under the Plan;

35. All documents and/or agreements concerning the terms and conditions by which, funds will be provided to the Debtor in the future from any person or entity, aside from rents, to permit the Debtor to make payments due under the Plan;

36. Any bank statements from any person or entity that will in whole or in part, fund the Plan;

37. All certified operating statements for the Property for years 2007, 2008, 2009, 2010, 2011;

38. A current certified rent roll schedule;

39. Audited financial statements of the Debtor for 2009, 2010 and 2011;

40. Any and all information management agreements, current insurance certificates, occupancy history for 2009, 2010, 2011 and 2012;

41. A termite report, utility bills from 2011 and 2012, all permits, licenses and certifications, all property related service contracts, a description of budgeted capital expenditures, along with a year-to-date capital expenditure schedule, including a capital expenditure schedule for 2009, 2010, 2011 and 2012, a line item breakout of repairs and maintenance;

42. All current residential and commercial leases, along with a year-to-date tenant arrearage report through 2011;

43. All Division of Housing and Community Renewal Reports with respect to the Property of the Debtor for the years 2007, 2008, 2009, 2010, 2011 and 2012;

44. To the extent not already provided, all records, papers and memoranda, including, but not limited to, copies of deeds, mortgages, contracts, bids, closing statements, leases, loan applications, and rent receipts, concerning any and all real property owned, rented or leased by the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

45. Any and all records, documents, papers and memoranda pertaining to monies owed to the Debtor, and any security or collateral for such debts;

46. All stock certificates, mutual funds, bonds or other securities in the name of the Debtor, individually or in conjunction with any other person or persons, or any other partners, which may be held in the account of the Debtor, individually, or in conjunction with any other person or person, in any corporation, domestic or foreign, or issued by the Federal government, or by any State, Municipality, or other governmental agency, including foreign governments for the period January 1, 2005 to the present;

47. All records and memoranda, including, but not limited to, monthly account statements of stock brokerage accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or any of its partners, or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

48. Records of all transfers of real property and/or personal property of any kind by the Debtor for the period January 1, 2005 to the present;

49. Records, including, but not limited to, partnership agreements, identifying each and every general or limited partnership in which the Debtor has an interest and its percentage interest in the partnership;

50. Records pertaining to the value of any general or limited partnership in which the Debtor has an interest, and the value of its interest in each such partnership, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

51. Records, including, but not limited to, stockholders' agreements, stock certificates and corporate minute books identifying each and every corporation in which the Debtor has an ownership interest or is an officer or director, and its percentage interest in the corporation;

52. Records pertaining to the value of any corporation in which the Debtor has an ownership interest or is an officer or director, and the value of its ownership interest in each such corporation, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

53. Copies of all insurance and/or annuity policies in which the Debtor has an interest;

54. Copies of all insurance policies (including life and disability) owned by the Debtor;

55. Copies of all monthly expense reports for employees of the Debtor from January 1, 2007 to the present;

56. Copies of all cash receipts necessary to determine the amount of outstanding receivables for services provided to the Debtor from January 1, 2007 to present;

57. All documents concerning any communications, lease(s), agreements and/or memoranda between or among any of the Debtor, Wertman, Amsterdam, Tristate, Newell Funding,

7

any of the We Care Entities, Quality One, and/or Volunteers from September 21, 2004 to the present;

58. All documents concerning any evidence of communications with respect to negotiations of any new lease terms between the Debtor and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

59. All agreements between the Debtor and Newell Funding;

60. All agreements between the Debtor and Alan Lapes;

61. All agreements between the Debtor and Quality One;

62. All agreements between the Debtor and Amsterdam;

63. All agreements between the Debtor and Volunteers;

64. All agreements between the Debtor and Wertman;

65. All agreements between the Debtor and Tristate;

66. To the extent not already provided, all savings bankbooks, passbooks and records and memoranda pertaining to the Debtor, and/or in the name of the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners including We Care, in trust, or as custodian for any other person or persons, or in which the Debtor has any equitable, legal or other interest for the period January 1, 2007 to the present;

67. All records and memoranda, including, but not limited to, checkbooks, checkbook registers, canceled checks, check stubs and deposit slips, pertaining to all checking accounts, money market funds or other funds, and any investment accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or in which the Debtor has a legal, equitable, or other interest for the period January 1, 2007 to the present.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:

243RD STREET BRONX R&R LLC,

                                    Debtor.
------------------------------------------------------------------x

Case No. 11-13321-alg

Chapter 11

## <u>SCHEDULING ORDER</u>

Pursuant to Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026(f), 243RD

STREET LENDER LLC (the "Secured Creditor"), a secured creditor and interested party to this

Chapter 11 Case, along with the debtor 243RD STREET BRONX R&R LLC (the "Debtor")

shall adhere to the following mutually agreed upon dates and deadlines governing discovery in

this case:

1. All subpoenaed persons and/or entities shall produce the documents directed in the
   Subpoenas not later than Friday, July 13, 2012.

2. Additional and/or supplemental document requests, if needed, to be served by the
   Secured Creditor not later than Thursday, July 19, 2012.

3. All responses to documents demanded in connection with the Secured Creditors'
   supplemental documents requests to be supplied not later than seven (7) days after
   service of such supplemental document request.

4. The following persons and/or entities shall appear for depositions at the offices of
   counsel for the Secured Creditor, on the following dates and times:

   a. Charles Wertman – Wednesday, August 15, 2012 at 10:00 a.m.
   b. Stuart Podolsky – Thursday, August 16, 2012 at 10:00 a.m.
   c. A principal of Tristate – Friday, September 7, 2012 at 10:00 a.m.
   d. Jay Podolsky – Thursday, September 6, 2012 at 10:00 a.m.
   e. A principal of We Care Housing Services LLC – Monday, September 10, 2012 at
      10:00 a.m.
   f. A principal of We Care Housing LLC - Monday, September 10, 2012 at 1:00 p.m.

Depositions shall remain ongoing and continuing until complete. Furthermore,
depositions of additional persons and/or entities may be scheduled as deemed necessary.

1

Nothing contained herein shall in any way limit any rights of the Secured Creditor to seek any additional documents, depositions and/or any other discovery from the Debtor or any other persons and/or entities all of which rights are expressly reserved.

5.   Objections to confirmation of the Second Amended Plan to be filed on or before Friday, September 28, 2012, with a combined hearing on confirmation and the Secured Creditor's motion for relief from the automatic stay to be held on October 10, 2012, at 10:00 a.m.  The parties shall arrange a telephonic conference with Chambers between October 1 and October 5, 2012, to discuss the confirmation hearing.

6.   The deadline to submit ballots in connection with the Debtor's Second Amended Plan shall be extended to Friday, September 28, 2012.


Dated: New York, New York
       July 13, 2012


                                    s/Allan L. Gropper
                                    ALLAN L. GROPPER
                                    UNITED STATES BANKRUPTCY JUDGE

2

7/19/12

FedEx Ship Manager - Print Your Label(s)

From: (212) 661-2900
Timothy Colon
Kriss & Feuerstein LLP
360 Lexington Ave
Suite 1200
New York, NY 10017

Origin ID: OGSA



Ship Date: 19JUL12
ActWgt: 1.0 LB
CAD: 1201248/INET3300

Delivery Address Bar Code



SHIP TO: (212) 661-2900          BILL SENDER

Ref #          Renewed.Tristate.7.19.12
Invoice #
PO #
Dept #

**TRISTATE REALTY HOLDINGS LLC**
**230 W 54TH ST**

**NEW YORK, NY 10019**

J12201205300325

TRK#   **7986 4207 2147**
0201

**FRI - 20 JUL  A1**
**STANDARD OVERNIGHT**

**10019**
NY-US
**EWR**

# EA QNYA



515G1/E052/AA44

**After printing this label:**

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



**Kriss & Feuerstein** LLP

360 Lexington Avenue, New York, NY 10017

Jason S. Leibowitz, Esq.
(212) 661-2900 ext. 4115
(212) 661-9397 (fax)
jleibowitz@kandfllp.com

July 19, 2012

***Via FedEx Overnight Courier***
We Care Housing LLC
317 West 45th Street
New York, New York 10036

     Re:    In re 243rd Street Bronx R&R LLC
           Chapter 11
           <u>Case No. 1:11-13321-alg</u>

Dear We Care Housing Services, LLC:

This firm is counsel to secured creditor, 243rd Street Lender LLC (the "Secured Creditor"), in the above-referenced matter.

On or about January 10, 2012 you were served with a subpoena dated January 10, 2012 (the "Subpoena"), a copy of which is enclosed herein, requiring you to produce certain documents (the "Outstanding Documents") in connection with the above-referenced matter. Nevertheless, you failed to produce any documents at the offices of the undersigned.

Enclosed please find a copy of a Scheduling Order (the "Order") dated July 13, 2012, which required that you produce the Outstanding Documents demanded in connection with the Subpoena by Friday, July 13, 2012. Notwithstanding, you have failed to produce any of said documents at the offices of the undersigned.

Please be further advised that as a result, you are in contempt of the Order, and a repeated demand for such Outstanding Documents is hereby made. The Secured Creditor is herein providing you with an opportunity to purge your contempt, provided the Outstanding Documents are provided by the close of business tomorrow.

Should you fail to produce the Outstanding Documents by the close of business tomorrow, the Secured Creditor will seek any and all appropriate remedies, including legal fees.

We Care Housing LLC
July 19, 2012
Page – 2 –


     In addition, enclosed herewith is the Secured Creditor's Supplemental Document Demands (the "Supplemental Demands"). The documents contained in the Supplemental Demands are due from you within seven (7) days of the date of this letter.

     Thank you for your attention in this matter.


               Yours truly,


               JASON S. LEIBOWITZ

# INSTRUCTIONS

1.    The uniform definitions and rules of construction set forth in Rule 26.3 of the Local
Rules of the United States District Courts for the Southern and Eastern Districts of New
York are incorporated fully herein.

2.    These requests for the production of documents require that you produce all responsive
documents and things in your possession, custody, or control, without regard to the
physical location of such documents and things.   You have the duty to search for
responsive documents and things in all media and sources in its possession, custody, or
control where paper or electronic files are kept or stored, including floppy disks, hard
drives on or for personal computers, computer servers, mainframe storage tapes or disks,
archive facilities and backup facilities.   You have the duty to ensure that no responsive
documents are destroyed, deleted of otherwise disposed of.

3.    In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure, which
applies Rule 45(d) of the Federal Rules of Civil Procedure to this matter, documents shall
be produced as they have been kept in the ordinary course of business or shall be
organized and labeled to correspond with the requests to which the documents are
responsive.   If there are no documents responsive to a request herein, the response to such
request shall so state.

4.    In connection with any objection or request for relief with respect to the document
requests herein, the objecting party shall (i) simultaneously file a copy of the document
request or answer, and (ii) specify and quote verbatim each relevant document request or
answer.   Immediately following each such specification the objecting party shall set forth
the basis of the objection or relief requested.   Any such objection or request for relief
shall state all grounds with specificity.   Any ground not stated in such objection or
request for relief within the time provided by the Federal or Local Bankruptcy Rules shall
be deemed waived.

5.    If a claim of privilege is asserted with respect to any of the requests herein, and any
responsive documents or portions of responsive documents are withheld on such basis,
written objections to such request shall identify the nature of the privilege being claimed
and, if the privilege is being asserted in connection with a claim or defense governed by
state law, the state's privilege being invoked, and the responding party shall provide at
the time of the response to this subpoena, a list setting forth as to each document or
portion of document withheld the following information: (i) the type of document; (ii) the
general subject matter of the document; (iii) the date of the document; (iv) the author of
the document; (v) the recipients of the documents; (vi) the relationship of the author of
the document to the recipients of the document; and (vii) the privilege claimed as to the
document.

6.    If any responsive documents or parts of documents have been destroyed, deleted, or
otherwise disposed of, a list shall be provided setting forth as to each such document the
following information to the extent known: (i) the type of document; (ii) the general
subject matter of the document; (iii) the date of the document; (iv) the author of the

document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted, or otherwise disposed of.

## DEFINITIONS

The following terms when used herein shall have the following meaning:

"We Care Housing Services" shall mean We Care Housing Services, LLC.

"We Care" shall mean We Care Housing LLC.

"We Care Entities" shall mean We Care Housing Services, LLC and We Care Housing LLC.

The "Debtor" shall mean 243RD STREET BRONX R&R LLC, the Debtor in *In re: 243RD STREET BRONX R&R LLC,* (Chapter 11 Case No. 11-13321-alg), and due to "overlap" between the Debtor and We Care, all documents demanded of the *Debtor* shall hereby simultaneously also be demanded of We Care.

"Wertman" shall mean Charles Wertman, an individual person.

"Lapes" shall mean Alan Lapes, an individual person.

The "Disclosure Statement" refers to the Second Amended Disclosure Statement of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 [docket item 54].

The "Plan" refers to the Second Amended Plan of Reorganization of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 and any and all amendments thereto [docket item 53].

The "Property" shall mean the real property located at 708-710 East 243rd Street, 738-740 East 243rd Street, Bronx, State of New York being known and described as Block 5115, Lots 28 and 47.

"Secured Creditor" shall mean 243RD STREET LENDER LLC and/or its predecessor-in-interest.

"Tristate" shall mean Tristate Realty Holdings, LLC as it is identified on the Debtor's Schedule F.

"Newell Funding" shall mean Newell Funding LLC.

"Quality One" shall mean Quality One Management LLC.

2

"Amsterdam" shall mean Amsterdam Hospitality Group & Amsterdam Hospitality LLC.
"Volunteers" shall mean Volunteers of America Greater New York, Inc.

The "Mortgage" shall mean the Consolidated and Modified Mortgage, Assignments of
Rents, Security Agreement and Fixture Filing.

## SUPPLEMENTAL DOCUMENT DEMANDS

1. Copies of all Federal, State, City and other income tax returns of either of the We Care
   Entities for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with all filed
   schedules, and together with W-2 statements, Form 1099's, schedules and worksheets
   thereof and all papers, documents and memoranda referring to any adjustment or audit
   made in connection therewith.

2. Copies of all Federal, State, City and other income tax returns of either of the We Care
   Entities for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with all filed
   schedules, and together with W-2 statements, Form 1099's, schedules and worksheets
   thereof and all papers, documents and memoranda referring to any adjustment or audit
   made in connection therewith.

3. All evidence of communications with respect to any new lease terms between either of
   the We Care Entities, on the one hand, and the Debtor and Wertman, Amsterdam,
   Tristate, Newell Funding, Quality One and/or Volunteers on the other hand.

4. All payments received by either of the We Care Entities from the Debtor, Wertman,
   Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or
   Volunteers, as well as any payments received by Amsterdam, Tristate, Newell Funding,
   Quality One, and/or Volunteers from the Debtor, on account of any agreements made by
   and between the Debtor and Wertman, Amsterdam, Tristate, Newell Funding, any of the
   We Care Entities, Quality One, and/or Volunteers;

5. All communications, documents, agreements and/or memoranda concerning Wertman's,
   Amsterdam's, Tristate's, Newell Funding's, any of the We Care Entities', Quality One's,
   and/or Volunteers' willingness or ability to pay rent increases for apartments it currently
   leases at the Property;

6. All communications, documents, agreements and/or memoranda between either of the
   We Care Entities, on the one hand, and any the Debtor, Wertman, Amsterdam, Tristate,
   Newell Funding, We Care, Quality One, and/or Volunteers on the other hand, which
   identifies the principals of Amsterdam, Tristate, Newell Funding, any of the We Care
   Entities, Quality One, and/or Volunteers;

7. All communications, documents, agreements and/or memoranda between either of the
   We Care Entities, on the one hand, and the Debtor, Wertman, Amsterdam, Tristate,
   Newell Funding, Quality One, and/or Volunteers on the other hand, which evidences or

3

describes the Debtor's indebtedness to Wertman, Amsterdam, Tristate, Newell Funding, either of the We Care Entities, Quality One, and/or Volunteers;

8. All communications, documents, agreements and/or memoranda between either of the We Care Entities, on the one hand, and the Debtor, Wertman, Amsterdam, Tristate, Newell Funding, Quality One, and/or Volunteers on the other hand, which identifies how the Debtor utilized funds obtained from Amsterdam, Tristate, Newell Funding, either of the We Care Entities, Quality One, and/or Volunteers;

9. Itemization of all payments of any kind whatsoever, received by Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers, along with the nature of such payments, as they were made by the Debtor to Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

10. Itemization of payments received by the Debtor from Wertman, Amsterdam, Tristate, Newell Funding, either of the We Care Entities, Quality One, and/or Volunteers since July 8, 2005;

11. All documents concerning the Debtor's relationship with Wertman, Amsterdam, Tristate, Newell Funding, either of the We Care Entities, Quality One, and/or Volunteers or its principals in connection with any other properties owned by the Debtors and/or its principals;

12. All documents, resolutions, operating agreements, manager's certificate, shareholder's agreement, partnership agreement or articles of organization pertaining to any of the We Care Entities;

13. Names and addresses of all equity holders or interest holders of either of the We Care Entities;

14. Names and addresses of the parties that executed the November 4, 2011 Amendment to Lease filed on the Court's Docket on November 7, 2011 [Docket item #29];

15. All agreements between the Debtor and either of We Care Entities, including but not limited to any and all loan documents;

16. A list of all buildings in which either of the We Care Entities places tenants, and the rents that either or both of the We Care Entities pay for those tenants;

17. Any and all appraisals of the Property, including but not limited to any draft appraisals;

18. All documents which will be introduced at any confirmation hearing for any purpose whatsoever, including without limitation, as to feasibility of a plan, the Debtor's good faith, the amount of any liens or secured claims, any violations at the Property, the amount of any unsecured claims, and the value of the Property;

4

19. All documents concerning any liens on the Property other than that of the Secured Creditor;

20. A payment history for each of the Debtor's leases with either We Care Housing Services and/or We Care from the date of the lease to the present;

21. A current balance sheet and income statement for either of the We Care Entities;

22. All organizational documents of both We Care and We Care Housing Services including without limitation, certificate of formation, bylaws, operating agreement, and any shareholders or members agreements;

23. All documents concerning how We Care and We Care Housing Services is paid by any person or entity with respect to the apartments it leases from the Debtor;

24. All documents between either of the We Care Entities, on the one hand, and any person or entity, on the other hand, concerning the apartments either of the We Care Entities lease from the Debtor;

25. All resolutions of We Care and We Care Housing Service's members, shareholders, or board approving any transactions with the Debtor (and any minutes of any board meetings at which such transactions are discussed);

26. All documents between or among (i) any of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities, on the one hand, and (ii) the Debtor and/or any shareholder, member or insider of the Debtor;

27. All documents concerning any compensation, distributions or monies received for any reason whatsoever, received within the last 10 years by any shareholder, member or insider of the Debtor from either of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities;

28. All construction contracts of any kind concerning the Debtor's Property involving since January 1, 2006;

29. All documents concerning any work or improvements done to or construction at, or to the Property since January 1, 2006;

30. All documents concerning any building violations at the Property since January 1, 2007;

31. A current balance sheet for either of the We Care Entities' insiders, including but not limited to Wertman, Tristate, Jay Podolsky and Stuart Podolsky;

32. A current balance sheet for every person or entity that will advance any funds or monies to fund the Debtor's Plan.

33. All documents concerning either of the We Care Entities' ability to pay all amounts due under the Plan, including without limitation, all documents evidencing or describing the sources for all such payments;

34. All documents and/or agreements concerning the terms and conditions by which the Debtor will be able to make payments due under the Plan;

35. All documents and/or agreements concerning the terms and conditions by which, funds will be provided to the Debtor in the future from any person or entity, aside from rents, to permit the Debtor to make payments due under the Plan;

36. Any bank statements from any person or entity that will in whole or in part, fund the Plan;

37. All certified operating statements for the Property for years 2007, 2008, 2009, 2010, 2011;

38. A current certified rent roll schedule;

39. Audited financial statements of the We Care Entities for 2009, 2010 and 2011;

40. All records, papers and memoranda, including, but not limited to, copies of deeds, mortgages, contracts, bids, closing statements, leases, loan applications, and rent receipts, concerning any and all real property owned, rented or leased by the We Care Entities, individually, or in conjunction with any other person or persons, including but not limited to any of its partners or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

41. Any and all records, documents, papers and memoranda pertaining to monies owed to or from the We Care Entities by the Debtor, and any security or collateral for such debts;

42. All stock certificates, mutual funds, bonds or other securities in the name of the Debtor, individually or in conjunction with any other person or persons, or any other partners, which may be held in the account of the Debtor, individually, or in conjunction with any other person or person, in any corporation, domestic or foreign, or issued by the Federal government, or by any State, Municipality, or other governmental agency, including foreign governments for the period January 1, 2005 to the present;

43. All records and memoranda, including, but not limited to, monthly account statements of stock brokerage accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or any of its partners, or in which either of the We Care Entities have any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

6

44. Records of all transfers of real property and/or personal property of any kind by the We Care Entities for the period January 1, 2005 to the present;

45. Records, including, but not limited to, partnership agreements, identifying each and every general or limited partnership in which either of the We Care Entities have an interest and its percentage interest in the partnership;

46. Records pertaining to the value of any general or limited partnership in which either of the We Care Entities have an interest, and the value of that interest in each such partnership, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

47. Records, including, but not limited to, stockholders' agreements, stock certificates and corporate minute books identifying each and every corporation in which either of the We Care Entities have an ownership interest or are an officer or director, and its percentage interest in the corporation;

48. Records pertaining to the value of any corporation in which either of the We Care Entities have an ownership interest or is an officer or director, and the value of its ownership interest in each such corporation, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

49. Copies of all insurance and/or annuity policies in which either of the We Care Entities have an interest;

50. Copies of all insurance policies (including life and disability) owned by either of the We Care Entities;

51. Copies of all monthly expense reports for employees of either of the We Care Entities from January 1, 2007 to the present;

52. Copies of all cash receipts necessary to determine the amount of outstanding receivables for services provided to either of the We Care Entities from January 1, 2007 to present;

53. All documents concerning any communications, lease(s), agreements and/or memoranda between or among any either of the We Care Entities, on the one hand, and the Debtor, Wertman, Amsterdam, Tristate, Newell Funding, Quality One, and/or Volunteers on the other hand, from September 21, 2004 to the present;

54. All documents concerning any evidence of communications with respect to negotiations of any new lease terms between the either of We Care Entities, on the one hand, and Wertman, Amsterdam, Tristate, Newell Funding, Quality One, and/or Volunteers on the other hand;

55. All agreements between the Debtor and either of the We Care Entities;

7

56. All agreements between either of the We Care Entities and Alan Lapes;

57. All agreements between either of the We Care Entities and Quality One;

58. All agreements between either of the We Care Entities and Amsterdam;

59. All agreements between either of the We Care Entities and Volunteers;

60. All agreements between either of the We Care Entities and Wertman;

61. All savings bankbooks, passbooks and records and memoranda pertaining either of the
We Care Entities, and/or in the name of either of the We Care Entities, individually, or in
conjunction with any other person or persons, including but not limited to any of its
partners including the Debtor, in trust, or as custodian for any other person or persons, or
in which the Debtor has any equitable, legal or other interest for the period January 1,
2007 to the present;

62. All records and memoranda, including, but not limited to, checkbooks, checkbook
registers, canceled checks, check stubs and deposit slips, pertaining to all checking
accounts, money market funds or other funds, and any investment accounts in the name
of either of the We Care Entities, individually, or in conjunction with any other person or
persons, or in which the Debtor has a legal, equitable, or other interest for the period
January 1, 2007 to the present.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

                                        Case No. 11-13321-alg

In re:

                                        Chapter 11

243RD STREET BRONX R&R LLC,

                         Debtor.

-----------------------------------------------------------------------x

### SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026(f), 243RD

STREET LENDER LLC (the "Secured Creditor"), a secured creditor and interested party to this

Chapter 11 Case, along with the debtor 243RD STREET BRONX R&R LLC (the "Debtor")

shall adhere to the following mutually agreed upon dates and deadlines governing discovery in

this case:

1. All subpoenaed persons and/or entities shall produce the documents directed in the Subpoenas not later than Friday, July 13, 2012.

2. Additional and/or supplemental document requests, if needed, to be served by the Secured Creditor not later than Thursday, July 19, 2012.

3. All responses to documents demanded in connection with the Secured Creditors' supplemental documents requests to be supplied not later than seven (7) days after service of such supplemental document request.

4. The following persons and/or entities shall appear for depositions at the offices of counsel for the Secured Creditor, on the following dates and times:

    a. Charles Wertman – Wednesday, August 15, 2012 at 10:00 a.m.
    b. Stuart Podolsky – Thursday, August 16, 2012 at 10:00 a.m.
    c. A principal of Tristate – Friday, September 7, 2012 at 10:00 a.m.
    d. Jay Podolsky – Thursday, September 6, 2012 at 10:00 a.m.
    e. A principal of We Care Housing Services LLC – Monday, September 10, 2012 at 10:00 a.m.
    f. A principal of We Care Housing LLC - Monday, September 10, 2012 at 1:00 p.m.

Depositions shall remain ongoing and continuing until complete. Furthermore, depositions of additional persons and/or entities may be scheduled as deemed necessary.

Nothing contained herein shall in any way limit any rights of the Secured Creditor to seek any additional documents, depositions and/or any other discovery from the Debtor or any other persons and/or entities all of which rights are expressly reserved.

5. Objections to confirmation of the Second Amended Plan to be filed on or before Friday, September 28, 2012, with a combined hearing on confirmation and the Secured Creditor's motion for relief from the automatic stay to be held on October 10, 2012, at 10:00 a.m. The parties shall arrange a telephonic conference with Chambers between October 1 and October 5, 2012, to discuss the confirmation hearing.

6. The deadline to submit ballots in connection with the Debtor's Second Amended Plan shall be extended to Friday, September 28, 2012.


Dated: New York, New York
        July 13, 2012


                              s/Allan L. Gropper
                              ALLAN L. GROPPER
                              UNITED STATES BANKRUPTCY JUDGE

2

7/19/12

FedEx Ship Manager - Print Your Label(s)

From: (212) 661-2900
Timothy Colon
Kriss & Feuerstein LLP
360 Lexington Ave
Suite 1200
New York, NY 10017

Origin ID: OGSA



FedEx
Express

J12201205300325

Ship Date: 19JUL12
ActWgt: 0.1 LB
CAD: 1201248/INET3300

Delivery Address Bar Code



SHIP TO: (212) 661-2900          BILL SENDER

**WE CARE HOUSING SERVICES LLC**
**WE CARE HOUSING SERVICES LLC**
**317 W 45TH ST**

**NEW YORK, NY 10036**

Ref #      243RDBRNX/WCHS-7.19.12
Invoice #
PO #
Dept #

TRK#    **7938 1146 2050**
0201

FRI - 20 JUL  A1
STANDARD OVERNIGHT

**10036**
NY-US

**EA NYCA**

**EWR**



515G1/E052/AA44

**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



**Kriss &Feuerstein** LLP

360 Lexington Avenue, New York, NY 10017

Jason S. Leibowitz, Esq.
(212) 661-2900 ext. 4115
(212) 661-9397 (fax)
jleibowitz@kandfllp.com

July 19, 2012

*Via FedEx Overnight Courier*
We Care Housing Services, LLC
317 West 45th Street
New York, New York 10036

Re:    In re 243rd Street Bronx R&R LLC
Chapter 11
Case No. 1:11-13321-alg

Dear We Care Housing Services, LLC:

This firm is counsel to secured creditor, 243rd Street Lender LLC (the "Secured Creditor"), in the above-referenced matter.

On or about January 10, 2012 you were served with a subpoena dated January 10, 2012 (the "Subpoena"), a copy of which is enclosed herein, requiring you to produce certain documents (the "Outstanding Documents") in connection with the above-referenced matter. Nevertheless, you failed to produce any documents at the offices of the undersigned.

Enclosed please find a copy of a Scheduling Order (the "Order") dated July 13, 2012, which required that you produce the Outstanding Documents demanded in connection with the Subpoena by Friday, July 13, 2012. Notwithstanding, you have failed to produce any of said documents at the offices of the undersigned.

Please be further advised that as a result, you are in contempt of the Order, and a repeated demand for such Outstanding Documents is hereby made. The Secured Creditor is herein providing you with an opportunity to purge your contempt, provided the Outstanding Documents are provided by the close of business tomorrow.

Should you fail to produce the Outstanding Documents by the close of business tomorrow, the Secured Creditor will seek any and all appropriate remedies, including legal fees.

We Care Housing Services, LLC
July 19, 2012
Page – 2 –


In addition, enclosed herewith is the Secured Creditor's Supplemental Document Demands (the "Supplemental Demands"). The documents contained in the Supplemental Demands are due from you within seven (7) days of the date of this letter.

Thank you for your attention in this matter.



Yours truly,



JASON S. LEIBOWITZ

## INSTRUCTIONS

1.    The uniform definitions and rules of construction set forth in Rule 26.3 of the Local
Rules of the United States District Courts for the Southern and Eastern Districts of New
York are incorporated fully herein.

2.    These requests for the production of documents require that you produce all responsive
documents and things in your possession, custody, or control, without regard to the
physical location of such documents and things. You have the duty to search for
responsive documents and things in all media and sources in its possession, custody, or
control where paper or electronic files are kept or stored, including floppy disks, hard
drives on or for personal computers, computer servers, mainframe storage tapes or disks,
archive facilities and backup facilities. You have the duty to ensure that no responsive
documents are destroyed, deleted of otherwise disposed of.

3.    In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure, which
applies Rule 45(d) of the Federal Rules of Civil Procedure to this matter, documents shall
be produced as they have been kept in the ordinary course of business or shall be
organized and labeled to correspond with the requests to which the documents are
responsive. If there are no documents responsive to a request herein, the response to such
request shall so state.

4.    In connection with any objection or request for relief with respect to the document
requests herein, the objecting party shall (i) simultaneously file a copy of the document
request or answer, and (ii) specify and quote verbatim each relevant document request or
answer. Immediately following each such specification the objecting party shall set forth
the basis of the objection or relief requested. Any such objection or request for relief
shall state all grounds with specificity. Any ground not stated in such objection or
request for relief within the time provided by the Federal or Local Bankruptcy Rules shall
be deemed waived.

5.    If a claim of privilege is asserted with respect to any of the requests herein, and any
responsive documents or portions of responsive documents are withheld on such basis,
written objections to such request shall identify the nature of the privilege being claimed
and, if the privilege is being asserted in connection with a claim or defense governed by
state law, the state's privilege being invoked, and the responding party shall provide at
the time of the response to this subpoena, a list setting forth as to each document or
portion of document withheld the following information: (i) the type of document; (ii) the
general subject matter of the document; (iii) the date of the document; (iv) the author of
the document; (v) the recipients of the documents; (vi) the relationship of the author of
the document to the recipients of the document; and (vii) the privilege claimed as to the
document.

6.    If any responsive documents or parts of documents have been destroyed, deleted, or
otherwise disposed of, a list shall be provided setting forth as to each such document the
following information to the extent known: (i) the type of document; (ii) the general
subject matter of the document; (iii) the date of the document; (iv) the author of the

document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted, or otherwise disposed of.

## DEFINITIONS

The following terms when used herein shall have the following meaning:

"We Care Housing Services" shall mean We Care Housing Services, LLC.

"We Care" shall mean We Care Housing LLC.

"We Care Entities" shall mean We Care Housing Services, LLC and We Care Housing LLC.

The "Debtor" shall mean 243RD STREET BRONX R&R LLC, the Debtor in *In re: 243RD STREET BRONX R&R LLC,* (Chapter 11 Case No. 11-13321-alg), and due to "overlap" between the Debtor and We Care, all documents demanded of the *Debtor* shall hereby simultaneously also be demanded of We Care.

"Wertman" shall mean Charles Wertman, an individual person.

"Lapes" shall mean Alan Lapes, an individual person.

The "Disclosure Statement" refers to the Second Amended Disclosure Statement of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 [docket item 54].

The "Plan" refers to the Second Amended Plan of Reorganization of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 and any and all amendments thereto [docket item 53].

The "Property" shall mean the real property located at 708-710 East 243rd Street, 738-740 East 243rd Street, Bronx, State of New York being known and described as Block 5115, Lots 28 and 47.

"Secured Creditor" shall mean 243RD STREET LENDER LLC and/or its predecessor-in-interest.

"Tristate" shall mean Tristate Realty Holdings, LLC as it is identified on the Debtor's Schedule F.

"Newell Funding" shall mean Newell Funding LLC.

"Quality One" shall mean Quality One Management LLC.

"Amsterdam" shall mean Amsterdam Hospitality Group & Amsterdam Hospitality LLC.
"Volunteers" shall mean Volunteers of America Greater New York, Inc.

The "Mortgage" shall mean the Consolidated and Modified Mortgage, Assignments of
Rents, Security Agreement and Fixture Filing.

## SUPPLEMENTAL DOCUMENT DEMANDS

1. Copies of all Federal, State, City and other income tax returns of either of the We Care
Entities for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with all filed
schedules, and together with W-2 statements, Form 1099's, schedules and worksheets
thereof and all papers, documents and memoranda referring to any adjustment or audit
made in connection therewith.

2. Copies of all Federal, State, City and other income tax returns of either of the We Care
Entities for the 2007, 2008, 2009, 2010, 2011 and 2012 years, complete with all filed
schedules, and together with W-2 statements, Form 1099's, schedules and worksheets
thereof and all papers, documents and memoranda referring to any adjustment or audit
made in connection therewith.

3. All evidence of communications with respect to any new lease terms between either of
the We Care Entities, on the one hand, and the Debtor and Wertman, Amsterdam,
Tristate, Newell Funding, Quality One and/or Volunteers on the other hand.

4. All payments received by either of the We Care Entities from the Debtor, Wertman,
Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or
Volunteers, as well as any payments received by Amsterdam, Tristate, Newell Funding,
Quality One, and/or Volunteers from the Debtor, on account of any agreements made by
and between the Debtor and Wertman, Amsterdam, Tristate, Newell Funding, any of the
We Care Entities, Quality One, and/or Volunteers;

5. All communications, documents, agreements and/or memoranda concerning Wertman's,
Amsterdam's, Tristate's, Newell Funding's, any of the We Care Entities', Quality One's,
and/or Volunteers' willingness or ability to pay rent increases for apartments it currently
leases at the Property;

6. All communications, documents, agreements and/or memoranda between either of the
We Care Entities, on the one hand, and any the Debtor, Wertman, Amsterdam, Tristate,
Newell Funding, We Care, Quality One, and/or Volunteers on the other hand, which
identifies the principals of Amsterdam, Tristate, Newell Funding, any of the We Care
Entities, Quality One, and/or Volunteers;

7. All communications, documents, agreements and/or memoranda between either of the
We Care Entities, on the one hand, and the Debtor, Wertman, Amsterdam, Tristate,
Newell Funding, Quality One, and/or Volunteers on the other hand, which evidences or

3

describes the Debtor's indebtedness to Wertman, Amsterdam, Tristate, Newell Funding, either of the We Care Entities, Quality One, and/or Volunteers;

8. All communications, documents, agreements and/or memoranda between either of the We Care Entities, on the one hand, and the Debtor, Wertman, Amsterdam, Tristate, Newell Funding, Quality One, and/or Volunteers on the other hand, which identifies how the Debtor utilized funds obtained from Amsterdam, Tristate, Newell Funding, either of the We Care Entities, Quality One, and/or Volunteers;

9. Itemization of all payments of any kind whatsoever, received by Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers, along with the nature of such payments, as they were made by the Debtor to Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

10. Itemization of payments received by the Debtor from Wertman, Amsterdam, Tristate, Newell Funding, either of the We Care Entities, Quality One, and/or Volunteers since July 8, 2005;

11. All documents concerning the Debtor's relationship with Wertman, Amsterdam, Tristate, Newell Funding, either of the We Care Entities, Quality One, and/or Volunteers or its principals in connection with any other properties owned by the Debtors and/or its principals;

12. All documents, resolutions, operating agreements, manager's certificate, shareholder's agreement, partnership agreement or articles of organization pertaining to any of the We Care Entities;

13. Names and addresses of all equity holders or interest holders of either of the We Care Entities;

14. Names and addresses of the parties that executed the November 4, 2011 Amendment to Lease filed on the Court's Docket on November 7, 2011 [Docket item #29];

15. All agreements between the Debtor and either of We Care Entities, including but not limited to any and all loan documents;

16. A list of all buildings in which either of the We Care Entities places tenants, and the rents that either or both of the We Care Entities pay for those tenants;

17. Any and all appraisals of the Property, including but not limited to any draft appraisals;

18. All documents which will be introduced at any confirmation hearing for any purpose whatsoever, including without limitation, as to feasibility of a plan, the Debtor's good faith, the amount of any liens or secured claims, any violations at the Property, the amount of any unsecured claims, and the value of the Property;

4

19. All documents concerning any liens on the Property other than that of the Secured Creditor;

20. A payment history for each of the Debtor's leases with either We Care Housing Services and/or We Care from the date of the lease to the present;

21. A current balance sheet and income statement for either of the We Care Entities;

22. All organizational documents of both We Care and We Care Housing Services including without limitation, certificate of formation, bylaws, operating agreement, and any shareholders or members agreements;

23. All documents concerning how We Care and We Care Housing Services is paid by any person or entity with respect to the apartments it leases from the Debtor;

24. All documents between either of the We Care Entities, on the one hand, and any person or entity, on the other hand, concerning the apartments either of the We Care Entities lease from the Debtor;

25. All resolutions of We Care and We Care Housing Service's members, shareholders, or board approving any transactions with the Debtor (and any minutes of any board meetings at which such transactions are discussed);

26. All documents between or among (i) any of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities, on the one hand, and (ii) the Debtor and/or any shareholder, member or insider of the Debtor;

27. All documents concerning any compensation, distributions or monies received for any reason whatsoever, received within the last 10 years by any shareholder, member or insider of the Debtor from either of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities;

28. All construction contracts of any kind concerning the Debtor's Property involving since January 1, 2006;

29. All documents concerning any work or improvements done to or construction at, or to the Property since January 1, 2006;

30. All documents concerning any building violations at the Property since January 1, 2007;

31. A current balance sheet for either of the We Care Entities' insiders, including but not limited to Wertman, Tristate, Jay Podolsky and Stuart Podolsky;

32. A current balance sheet for every person or entity that will advance any funds or monies to fund the Debtor's Plan.

33. All documents concerning either of the We Care Entities' ability to pay all amounts due under the Plan, including without limitation, all documents evidencing or describing the sources for all such payments;

34. All documents and/or agreements concerning the terms and conditions by which the Debtor will be able to make payments due under the Plan;

35. All documents and/or agreements concerning the terms and conditions by which, funds will be provided to the Debtor in the future from any person or entity, aside from rents, to permit the Debtor to make payments due under the Plan;

36. Any bank statements from any person or entity that will in whole or in part, fund the Plan;

37. All certified operating statements for the Property for years 2007, 2008, 2009, 2010, 2011;

38. A current certified rent roll schedule;

39. Audited financial statements of the We Care Entities for 2009, 2010 and 2011;

40. All records, papers and memoranda, including, but not limited to, copies of deeds, mortgages, contracts, bids, closing statements, leases, loan applications, and rent receipts, concerning any and all real property owned, rented or leased by the We Care Entities, individually, or in conjunction with any other person or persons, including but not limited to any of its partners or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

41. Any and all records, documents, papers and memoranda pertaining to monies owed to or from the We Care Entities by the Debtor, and any security or collateral for such debts;

42. All stock certificates, mutual funds, bonds or other securities in the name of the Debtor, individually or in conjunction with any other person or persons, or any other partners, which may be held in the account of the Debtor, individually, or in conjunction with any other person or person, in any corporation, domestic or foreign, or issued by the Federal government, or by any State, Municipality, or other governmental agency, including foreign governments for the period January 1, 2005 to the present;

43. All records and memoranda, including, but not limited to, monthly account statements of stock brokerage accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or any of its partners, or in which either of the We Care Entities have any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

6

44. Records of all transfers of real property and/or personal property of any kind by the We Care Entities for the period January 1, 2005 to the present;

45. Records, including, but not limited to, partnership agreements, identifying each and every general or limited partnership in which either of the We Care Entities have an interest and its percentage interest in the partnership;

46. Records pertaining to the value of any general or limited partnership in which either of the We Care Entities have an interest, and the value of that interest in each such partnership, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

47. Records, including, but not limited to, stockholders' agreements, stock certificates and corporate minute books identifying each and every corporation in which either of the We Care Entities have an ownership interest or are an officer or director, and its percentage interest in the corporation;

48. Records pertaining to the value of any corporation in which either of the We Care Entities have an ownership interest or is an officer or director, and the value of its ownership interest in each such corporation, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

49. Copies of all insurance and/or annuity policies in which either of the We Care Entities have an interest;

50. Copies of all insurance policies (including life and disability) owned by either of the We Care Entities;

51. Copies of all monthly expense reports for employees of either of the We Care Entities from January 1, 2007 to the present;

52. Copies of all cash receipts necessary to determine the amount of outstanding receivables for services provided to either of the We Care Entities from January 1, 2007 to present;

53. All documents concerning any communications, lease(s), agreements and/or memoranda between or among any either of the We Care Entities, on the one hand, and the Debtor, Wertman, Amsterdam, Tristate, Newell Funding, Quality One, and/or Volunteers on the other hand, from September 21, 2004 to the present;

54. All documents concerning any evidence of communications with respect to negotiations of any new lease terms between the either of We Care Entities, on the one hand, and Wertman, Amsterdam, Tristate, Newell Funding, Quality One, and/or Volunteers on the other hand;

55. All agreements between the Debtor and either of the We Care Entities;

7

56. All agreements between either of the We Care Entities and Alan Lapes;

57. All agreements between either of the We Care Entities and Quality One;

58. All agreements between either of the We Care Entities and Amsterdam;

59. All agreements between either of the We Care Entities and Volunteers;

60. All agreements between either of the We Care Entities and Wertman;

61. All savings bankbooks, passbooks and records and memoranda pertaining either of the
We Care Entities, and/or in the name of either of the We Care Entities, individually, or in
conjunction with any other person or persons, including but not limited to any of its
partners including the Debtor, in trust, or as custodian for any other person or persons, or
in which the Debtor has any equitable, legal or other interest for the period January 1,
2007 to the present;

62. All records and memoranda, including, but not limited to, checkbooks, checkbook
registers, canceled checks, check stubs and deposit slips, pertaining to all checking
accounts, money market funds or other funds, and any investment accounts in the name
of either of the We Care Entities, individually, or in conjunction with any other person or
persons, or in which the Debtor has a legal, equitable, or other interest for the period
January 1, 2007 to the present.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

Case No. 11-13321-alg

In re:

Chapter 11

243RD STREET BRONX R&R LLC,

                                        Debtor.

-----------------------------------------------------------------------x

## SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026(f), 243RD

STREET LENDER LLC (the "Secured Creditor"), a secured creditor and interested party to this

Chapter 11 Case, along with the debtor 243RD STREET BRONX R&R LLC (the "Debtor")

shall adhere to the following mutually agreed upon dates and deadlines governing discovery in

this case:

1. All subpoenaed persons and/or entities shall produce the documents directed in the
   Subpoenas not later than Friday, July 13, 2012.

2. Additional and/or supplemental document requests, if needed, to be served by the
   Secured Creditor not later than Thursday, July 19, 2012.

3. All responses to documents demanded in connection with the Secured Creditors'
   supplemental documents requests to be supplied not later than seven (7) days after
   service of such supplemental document request.

4. The following persons and/or entities shall appear for depositions at the offices of
   counsel for the Secured Creditor, on the following dates and times:

   a. Charles Wertman – Wednesday, August 15, 2012 at 10:00 a.m.
   b. Stuart Podolsky – Thursday, August 16, 2012 at 10:00 a.m.
   c. A principal of Tristate – Friday, September 7, 2012 at 10:00 a.m.
   d. Jay Podolsky – Thursday, September 6, 2012 at 10:00 a.m.
   e. A principal of We Care Housing Services LLC – Monday, September 10, 2012 at
      10:00 a.m.
   f. A principal of We Care Housing LLC - Monday, September 10, 2012 at 1:00 p.m.

Depositions shall remain ongoing and continuing until complete. Furthermore,

depositions of additional persons and/or entities may be scheduled as deemed necessary.

1

Nothing contained herein shall in any way limit any rights of the Secured Creditor to seek any additional documents, depositions and/or any other discovery from the Debtor or any other persons and/or entities all of which rights are expressly reserved.

5.  Objections to confirmation of the Second Amended Plan to be filed on or before Friday, September 28, 2012, with a combined hearing on confirmation and the Secured Creditor's motion for relief from the automatic stay to be held on October 10, 2012, at 10:00 a.m.  The parties shall arrange a telephonic conference with Chambers between October 1 and October 5, 2012, to discuss the confirmation hearing.

6.  The deadline to submit ballots in connection with the Debtor's Second Amended Plan shall be extended to Friday, September 28, 2012.


Dated:  New York, New York
        July 13, 2012


                              s/Allan L. Gropper
                              ALLAN L. GROPPER
                              UNITED STATES BANKRUPTCY JUDGE

2

7/19/12

From: (212) 661-2900
Timothy Colon
Kriss & Feuerstein LLP
360 Lexington Ave
Suite 1200
New York, NY 10017

Origin ID: OGSA



J12201205300325

Ship Date: 19JUL12
ActWgt: 1.0 LB
CAD: 1201248/INET3300

Delivery Address Bar Code



Ref # 243RDBRNX/WCLLC-7.19.12
Invoice #
PO #
Dept #

SHIP TO: (212) 661-2900          BILL SENDER

**WE CARE HOUSING LLC**
**WE CARE HOUSING LLC**
**317 W 45TH ST**

**NEW YORK, NY 10036**



TRK# 7938 1146 2634
0201

FRI - 20 JUL  A1
STANDARD OVERNIGHT

# EA NYCA

10036
NY-US
**EWR**



515G1/E052/AA44

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



**Kriss
&Feuerstein** LLP

360 Lexington Avenue, New York, NY 10017

Jason S. Leibowitz, Esq.
(212) 661-2900 ext. 4115
(212) 661-9397 (fax)
jleibowitz@kandfllp.com

July 19, 2012

*Via FedEx Overnight Courier*
Charles Wertman
888 Seventh Avenue, 20th Floor
New York, New York 10019

   Re:  In re 243rd Street Bronx R&R LLC
       Chapter 11
       <u>Case No. 1:11-13321-alg</u>

Dear Mr. Wertman:

   This firm is counsel to secured creditor, 243rd Street Lender LLC (the "Secured Creditor"), in the above-referenced matter.

   On or about January 10, 2012 you were served with a subpoena dated January 10, 2012 (the "Subpoena"), a copy of which is enclosed herein, requiring you to produce certain documents (the "Outstanding Documents") in connection with the above-referenced matter. Nevertheless, you failed to produce any documents at the offices of the undersigned.

   Enclosed please find a copy of a Scheduling Order (the "Order") dated July 13, 2012, which required that you produce the Outstanding Documents demanded in connection with the Subpoena by Friday, July 13, 2012. Notwithstanding, you have failed to produce any of said documents at the offices of the undersigned.

   Please be further advised that as a result, you are in contempt of the Order, and a repeated demand for such Outstanding Documents is hereby made. The Secured Creditor is herein providing you with an opportunity to purge your contempt, provided the Outstanding Documents are provided by the close of business tomorrow.

   Should you fail to produce the Outstanding Documents by the close of business tomorrow, the Secured Creditor will seek any and all appropriate remedies, including legal fees.

Charles Wertman
July 19, 2012
Page – 2 –


     In addition, enclosed herewith is the Secured Creditor's Supplemental Document Demands (the "Supplemental Demands"). The documents contained in the Supplemental Demands are due from you within seven (7) days of the date of this letter.

     Thank you for your attention in this matter.


Yours truly,

JASON S. LEIBOWITZ


2

## INSTRUCTIONS

1.   The uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated fully herein.

2.   These requests for the production of documents require that you produce all responsive documents and things in your possession, custody, or control, without regard to the physical location of such documents and things.   You have the duty to search for responsive documents and things in all media and sources in its possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup facilities.   You have the duty to ensure that no responsive documents are destroyed, deleted or otherwise disposed of.

3.   In accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure, which applies Rule 45(d) of the Federal Rules of Civil Procedure to this matter, documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the requests to which the documents are responsive.   If there are no documents responsive to a request herein, the response to such request shall so state.

4.   In connection with any objection or request for relief with respect to the document requests herein, the objecting party shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer.   Immediately following each such specification the objecting party shall set forth the basis of the objection or relief requested.   Any such objection or request for relief shall state all grounds with specificity.   Any ground not stated in such objection or request for relief within the time provided by the Federal or Local Bankruptcy Rules shall be deemed waived.

5.   If a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, written objections to such request shall identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege being invoked, and the responding party shall provide at the time of the response to this subpoena, a list setting forth as to each document of portion of document withheld the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the documents; (vi) the relationship of the author of the document to the recipients of the document; and (vii) the privilege claimed as to the document.

6.   If any responsive documents or parts of documents have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the

document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted, or otherwise disposed of.

## DEFINITIONS

The following terms when used herein shall have the following meaning:

"We Care Housing Services" shall mean We Care Housing Services, LLC.

"We Care" shall mean We Care Housing LLC.

"We Care Entities" shall mean We Care Housing Services, LLC and We Care Housing LLC.

The "Debtor" shall mean 243RD STREET BRONX R&R LLC, the Debtor in *In re: 243RD STREET BRONX R&R LLC,* (Chapter 11 Case No. 11-13321-alg), and due to "overlap" between the Debtor and We Care, all documents demanded of the *Debtor* shall hereby simultaneously also be demanded of We Care.

"Wertman" shall mean Charles Wertman, an individual person.

"Lapes" shall mean Alan Lapes, an individual person.

The "Disclosure Statement" refers to the Second Amended Disclosure Statement of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 [docket item 54].

The "Plan" refers to the Second Amended Plan of Reorganization of 243RD STREET BRONX R&R LLC filed by the Debtor with the Bankruptcy Court on June 4, 2012 and any and all amendments thereto [docket item 53].

The "Property" shall mean the real property located at 708-710 East 243rd Street, 738-740 East 243rd Street, Bronx, State of New York being known and described as Block 5115, Lots 28 and 47.

"Secured Creditor" shall mean 243RD STREET LENDER LLC and/or its predecessor-in-interest.

"Tristate" shall mean Tristate Realty Holdings, LLC as it is identified on the Debtor's Schedule F.

"Newell Funding" shall mean Newell Funding LLC.

"Quality One" shall mean Quality One Management LLC.

2

"Amsterdam" shall mean Amsterdam Hospitality Group & Amsterdam Hospitality LLC.
"Volunteers" shall mean Volunteers of America Greater New York, Inc.

. The "Mortgage" shall mean the Consolidated and Modified Mortgage, Assignments of
Rents, Security Agreement and Fixture Filing.

## SUPPLEMENTAL DOCUMENT DEMANDS

1. Copies of all Federal, State, City and other income tax returns of Wertman for the 2007,
   2008, 2009, 2010, 2011 and 2012 years, complete with all filed schedules, and together
   with W-2 statements, Form 1099's, schedules and worksheets thereof and all papers,
   documents and memoranda referring to any adjustment or audit made in connection
   therewith.

2. Copies of all Federal, State, City and other income tax returns of Wertman for the 2007,
   2008, 2009, 2010, 2011 and 2012 years, complete with all filed schedules, and together
   with W-2 statements, Form 1099's, schedules and worksheets thereof and all papers,
   documents and memoranda referring to any adjustment or audit made in connection
   therewith.

3. All evidence of communications with respect to any new lease terms between the Debtor
   and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities,
   Quality One and/or Volunteers.

4. All payments received by the Debtor from Wertman, Amsterdam, Tristate, Newell
   Funding, any of the We Care Entities, Quality One, and/or Volunteers, as well as any
   payments received by Amsterdam, Tristate, Newell Funding, any of the We Care Entities,
   Quality One, and/or Volunteers from the Debtor, on account of any agreements made by
   and between the Debtor and Wertman, Amsterdam, Tristate, Newell Funding, any of the
   We Care Entities, Quality One, and/or Volunteers;

5. All communications, documents, agreements and/or memoranda concerning Wertman's,
   Amsterdam's, Tristate's, Newell Funding's, any of the We Care Entities', Quality One's,
   and/or Volunteers' willingness or ability to pay rent increases for apartments it currently
   leases at the Property;

6. All communications, documents, agreements and/or memoranda between the Debtor, on
   the one hand, and any of Wertman, Amsterdam, Tristate, Newell Funding, any of the We
   Care Entities, Quality One, and/or Volunteers on the other hand, which identifies the
   principals of Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality
   One, and/or Volunteers;

7. All communications, documents, agreements and/or memoranda between the Debtor, on
   the one hand, and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care
   Entities, Quality One, and/or Volunteers on the other hand, which evidences or describes

3

the Debtor's indebtedness to Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

8. All communications, documents, agreements and/or memoranda between the Debtor, on the one hand, and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers on the other hand, which identifies how the Debtor utilized funds obtained from Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

9. Itemization of all payments of any kind whatsoever, received by Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers, along with the nature of such payments, as they were made by the Debtor to Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

10. Itemization of payments received by the Debtor from Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers since July 8, 2005;

11. All documents concerning the Debtor's relationship with Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers or its principals in connection with any other properties owned by the Debtors and/or its principals;

12. All documents, resolutions, operating agreements, manager's certificate, shareholder's agreement, partnership agreement or articles of organization pertaining to the Debtor;

13. Names and addresses of all equity holders or interest holders of the Debtor;

14. Names and addresses of the parties that executed the November 4, 2011 Amendment to Lease filed on the Court's Docket on November 7, 2011 [Docket item #29];

15. All agreements between the Debtor and the Secured Creditor, including but not limited to any and all loan documents;

16. A list of all buildings in which any of the We Care Entities places tenants, and the rents that either or both of the We Care Entities pay for those tenants;

17. Any and all appraisals of the Property, including but not limited to any draft appraisals;

18. All documents which will be introduced at any confirmation hearing for any purpose whatsoever, including without limitation, as to feasibility of a plan, the Debtor's good faith, the amount of any liens or secured claims, any violations at the Property, the amount of any unsecured claims, and the value of the Property;

4

19. All documents concerning any liens on the Property other than that of the Secured Creditor;

20. A payment history for each of the Debtor's leases with We Care Housing Services and/or We Care from the date of the lease to the present;

21. A current balance sheet and income statement for each of the We Care Entities;

22. All organizational documents of the Debtor, We Care and We Care Housing Services including without limitation, certificate of formation, bylaws, operating agreement, and any shareholders or members agreements;

23. All documents concerning how We Care and We Care Housing Services is paid by any person or entity with respect to the apartments it leases from the Debtor;

24. All documents between either of the We Care Entities, on the one hand, and any person or entity, on the other hand, concerning the apartments We Care leases from the Debtor;

25. All resolutions of We Care and We Care Housing Service's members, shareholders, or board approving any transactions with the Debtor (and any minutes of any board meetings at which such transactions are discussed);

26. All documents between or among (i) any of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities, on the one hand, and (ii) the Debtor and/or any shareholder, member or insider of the Debtor;

27. All documents concerning any compensation, distributions or monies received for any reason whatsoever, received within the last 10 years by any shareholder, member or insider of the Debtor from either of the We Care Entities and/or any officer, shareholder, member or insider of either of the We Care Entities;

28. All construction contracts of any kind concerning the Debtor's Property since January 1, 2006;

29. All documents concerning any work or improvements done to or construction at, or to the Property since January 1, 2006;

30. All documents concerning any building violations at the Property since January 1, 2007;

31. A current balance sheet for each of the Debtor's insiders, including but not limited to Wertman, Tristate, each of the We Care Entities, Jay Podolsky and Stuart Podolsky;

32. A current balance sheet for every person or entity that will advance any funds or monies to fund the Debtor's Plan.

33. All documents concerning the Debtor's ability to pay all amounts due under the Plan, including without limitation, all documents evidencing or describing the sources for all such payments;

34. All documents and/or agreements concerning the terms and conditions by which the Debtor will be able to make payments due under the Plan;

35. All documents and/or agreements concerning the terms and conditions by which, funds will be provided to the Debtor in the future from any person or entity, aside from rents, to permit the Debtor to make payments due under the Plan;

36. Any bank statements from any person or entity that will in whole or in part, fund the Plan;

37. All certified operating statements for the Property for years 2007, 2008, 2009, 2010, 2011;

38. A current certified rent roll schedule;

39. Audited financial statements of the Debtor for 2009, 2010 and 2011;

40. Any and all information management agreements, current insurance certificates, occupancy history for 2009, 2010, 2011 and 2012;

41. A termite report, utility bills from 2011 and 2012, all permits, licenses and certifications, all property related service contracts, a description of budgeted capital expenditures, along with a year-to-date capital expenditure schedule, including a capital expenditure schedule for 2009, 2010, 2011 and 2012, a line item breakout of repairs and maintenance;

42. All current residential and commercial leases, along with a year-to-date tenant arrearage report through 2011;

43. All Division of Housing and Community Renewal Reports with respect to the Property of the Debtor for the years 2007, 2008, 2009, 2010, 2011 and 2012;

44. All records, papers and memoranda, including, but not limited to, copies of deeds, mortgages, contracts, bids, closing statements, leases, loan applications, and rent receipts, concerning any and all real property owned, rented or leased by the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

45. Any and all records, documents, papers and memoranda pertaining to monies owed to the Debtor, and any security or collateral for such debts;

6

46. All stock certificates, mutual funds, bonds or other securities in the name of the Debtor, individually or in conjunction with any other person or persons, or any other partners, which may be held in the account of the Debtor, individually, or in conjunction with any other person or person, in any corporation, domestic or foreign, or issued by the Federal government, or by any State, Municipality, or other governmental agency, including foreign governments for the period January 1, 2005 to the present;

47. All records and memoranda, including, but not limited to, monthly account statements of stock brokerage accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or any of its partners, or in which the Debtor has any legal, beneficial or equitable interest for the period January 1, 2005 to the present;

48. Records of all transfers of real property and/or personal property of any kind by the Debtor for the period January 1, 2005 to the present;

49. Records, including, but not limited to, partnership agreements, identifying each and every general or limited partnership in which the Debtor has an interest and its percentage interest in the partnership;

50. Records pertaining to the value of any general or limited partnership in which the Debtor has an interest, and the value of its interest in each such partnership, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

51. Records, including, but not limited to, stockholders' agreements, stock certificates and corporate minute books identifying each and every corporation in which the Debtor has an ownership interest or is an officer or director, and its percentage interest in the corporation;

52. Records pertaining to the value of any corporation in which the Debtor has an ownership interest or is an officer or director, and the value of its ownership interest in each such corporation, including, but not limited to, financial statements and tax returns for the period January 1, 2005 to date;

53. Copies of all insurance and/or annuity policies in which the Debtor has an interest;

54. Copies of all insurance policies (including life and disability) owned by the Debtor;

55. Copies of all monthly expense reports for employees of the Debtor from January 1, 2007 to the present;

56. Copies of all cash receipts necessary to determine the amount of outstanding receivables for services provided to the Debtor from January 1, 2007 to present;

57. All documents concerning any communications, lease(s), agreements and/or memoranda between or among any of the Debtor, Wertman, Amsterdam, Tristate, Newell Funding,

any of the We Care Entities, Quality One, and/or Volunteers from September 21, 2004 to the present;

58. All documents concerning any evidence of communications with respect to negotiations of any new lease terms between the Debtor and Wertman, Amsterdam, Tristate, Newell Funding, any of the We Care Entities, Quality One, and/or Volunteers;

59. All agreements between Wertman and Newell Funding;

60. All agreements between Wertman and Alan Lapes;

61. All agreements between Wertman and Quality One;

62. All agreements between Wertman and Amsterdam;

63. All agreements between Wertman and Volunteers;

64. All agreements between the Debtor and Wertman;

65. All agreements between Wertman and either of the We Care Entities;

66. To the extent not already provided, all savings bankbooks, passbooks and records and memoranda pertaining to the Debtor, and/or in the name of the Debtor, individually, or in conjunction with any other person or persons, including but not limited to any of its partners including We Care, in trust, or as custodian for any other person or persons, or in which the Debtor has any equitable, legal or other interest for the period January 1, 2007 to the present;

67. All records and memoranda, including, but not limited to, checkbooks, checkbook registers, canceled checks, check stubs and deposit slips, pertaining to all checking accounts, money market funds or other funds, and any investment accounts in the name of the Debtor, individually, or in conjunction with any other person or persons, or in which the Debtor has a legal, equitable, or other interest for the period January 1, 2007 to the present.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

In re:

243RD STREET BRONX R&R LLC,

                          Debtor.
----------------------------------------------------------------------x

Case No. 11-13321-alg

Chapter 11

### SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026(f), 243RD

STREET LENDER LLC (the "Secured Creditor"), a secured creditor and interested party to this

Chapter 11 Case, along with the debtor 243RD STREET BRONX R&R LLC (the "Debtor")

shall adhere to the following mutually agreed upon dates and deadlines governing discovery in

this case:

1.  All subpoenaed persons and/or entities shall produce the documents directed in the
    Subpoenas not later than Friday, July 13, 2012.

2.  Additional and/or supplemental document requests, if needed, to be served by the
    Secured Creditor not later than Thursday, July 19, 2012.

3.  All responses to documents demanded in connection with the Secured Creditors'
    supplemental documents requests to be supplied not later than seven (7) days after
    service of such supplemental document request.

4.  The following persons and/or entities shall appear for depositions at the offices of
    counsel for the Secured Creditor, on the following dates and times:

    a.  Charles Wertman – Wednesday, August 15, 2012 at 10:00 a.m.
    b.  Stuart Podolsky – Thursday, August 16, 2012 at 10:00 a.m.
    c.  A principal of Tristate – Friday, September 7, 2012 at 10:00 a.m.
    d.  Jay Podolsky – Thursday, September 6, 2012 at 10:00 a.m.
    e.  A principal of We Care Housing Services LLC – Monday, September 10, 2012 at
        10:00 a.m.
    f.  A principal of We Care Housing LLC - Monday, September 10, 2012 at 1:00 p.m.

Depositions shall remain ongoing and continuing until complete.    Furthermore,
depositions of additional persons and/or entities may be scheduled as deemed necessary.

1

Nothing contained herein shall in any way limit any rights of the Secured Creditor to seek any additional documents, depositions and/or any other discovery from the Debtor or any other persons and/or entities all of which rights are expressly reserved.

5. Objections to confirmation of the Second Amended Plan to be filed on or before Friday, September 28, 2012, with a combined hearing on confirmation and the Secured Creditor's motion for relief from the automatic stay to be held on October 10, 2012, at 10:00 a.m.   The parties shall arrange a telephonic conference with Chambers between October 1 and October 5, 2012, to discuss the confirmation hearing.

6. The deadline to submit ballots in connection with the Debtor's Second Amended Plan shall be extended to Friday, September 28, 2012.


Dated: New York, New York
        July 13, 2012


                              s/Allan L. Gropper
                              ALLAN L. GROPPER
                              UNITED STATES BANKRUPTCY JUDGE

2

FedEx Ship Manager - Print Your Label(s)

7/19/12

From:  (212) 661-2900
Timothy Colon
Kriss & Feuerstein LLP
360 Lexington Ave
Suite 1200
New York, NY 10017

Origin ID: OGSA

 FedEx
Express

Ship Date: 19JUL12
ActWgt: 1.0 LB
CAD: 1201248/INET3300

Delivery Address Bar Code



J12201205300325

SHIP TO: (212) 661-2900        BILL SENDER
**CHARLES WERTMAN**

**888 7TH AVE FL 20**
**20TH FLOOR**
**NEW YORK, NY 10106**

Ref #      234RDBRNX/WERTMAN-7.19.12
Invoice #
PO #
Dept #

FRI - 20 JUL  A1
STANDARD OVERNIGHT

TRK#   **7938 1146 8779**
0201

**EA QNYA**

**10106**
NY-US
**EWR**



515G1/E052/AA44

**After printing this label**:

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along w ith the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

243RD STREET BRONX R&R LLC,

                    Debtor.

-------------------------------------------------------------------x

**CERTIFICATE OF SERVICE**

Case No. 11-13321(alg)

Chapter 11

      I, Jason Leibowitz, am over 18 years of age, I am not a party to the action, and I reside in New York County in the State of New York.  On **July 19, 2012**, I served a true copy of the enclosed *Supplemental Document Demands and the Scheduling Order dated July 13, 2012* by via Fedex Overnight Courier by depositing same enclosed in a postpaid, properly addressed envelope, an official depository under the exclusive care and custody of FedEx to the parties at the addresses listed below:

CHARLES WERTMAN
888 7th AVENUE, 20th FLOOR
NEW YORK, NEW YORK, 10106

TRISTATE REALTY HOLDINGS LLC
C/O ZALMAN SCHOCHET, ESQ.
225 BROADWAY, 39TH FLOOR
NEW YORK, NY 10007

WE CARE HOUSING SERVICES LLC
317 WEST 45TH STREET
NEW YORK, NEW YORK, 10036

WE CARE HOUSING LLC
317 WEST 45TH STREET
NEW YORK, NEW YORK, 10036

ALAN LAPES
72 EAGLE RIM ROAD
UPPER SADDLE RIVER, NEW JERSEY
07458

NAFTULI FOLLMAN A/K/A
NATE FOLMAN
1333 56TH STREET, APT 1
NEW YORK, NEW YORK 11219

NEWELL FUNDING LLC
17 BLACK BROOK RD
POUND RIDGE, NEW YORK 10576

AMSTERDAM HOSPITALITY LLC
888 8TH AVE, 20TH FLOOR
NEW YORK, NEW YORK 10106

AMSTERDAM HOSPITALITY GROUP
LLC
C/O ALTMAN SCHOCHET LLP
225 BROADWAY / 39TH FLOOR
NEW YORK, NEW YORK 10007

JAY PODOLSKY
163 WHITMAN DRIVE
BROOLYN, NEW YORK 11234

1

STUART PODOLSKY
117 E. 57TH STREET, #52A
NEW YORK, NEW YORK 10022

MARK A. FRANKEL, ESQ.
BACKENROTH FRANKEL &
KRINSKY LLP
*ATTORNEYS FOR THE DEBTOR*
489 FIFTH AVENUE
NEW YORK, NEW YORK 10017

/s/*Jason Leibowitz*
Jason Leibowitz