UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                    Chapter 11

243rd Street Bronx R&R LLC                                  Case No.  11-13321

                              Debtor.
---------------------------------------------------------x

# OBJECTION TO CONTEMPT MOTION

        243rd Street Bronx R&R LLC, (the "Debtor"), as and for its objection to the motion ("Motion") made by 243rd Street Lender LLC (the "Mortgagee") for contempt and sanctions, respectfully represents as follows:

        1.      On July 8, 2011, the Debtor filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. "101 et seq. (the "Bankruptcy Code").

        2.      The Debtor owns two parcels of real property located at 798-710 and 740 East 243rd Street, Bronx, New York (the "Property").  The 708-710 Property is a 5 story apartment building, with 50 residential units, and 5 commercial units.  The 740 Property is a 6 story apartment building with 72 residential units.

        3.      The value of the Properties is $9,800,000.  Such value is based upon the Mortgagee's appraisals.

        4.      The Properties are encumbered by real estate tax, water, sewer and related liens.

5. As of October 5, 2011, 243rd Street Lender LLC (the "Mortgagee") was asserting a first mortgage claim in the amount of approximately $10,838,000. In addition, various vendors obtained liens against the Property totaling approximately $99,692.

6. The Debtor's general unsecured claims, total approximately $840,598, $820,000 of which is insider debt.

7. 55 of the apartments in the Debtor's Properties are leased to an organization named "We Care Housing Services" which primarily provides housing to the homeless under contract with the City of New York.

8. The Debtor's plan is relatively simple. The Debtor intends to pay New York City lien claims in full, reinstate the mortgage, and pay all other non-insider claims in full over two years. Insider debt will receive no payment until the first mortgage is paid in full.

9. The Mortgagee attached a copy of the Debtor's discovery response provided earlier this year, which indicates that the Debtor responded in all writing to all of the Mortgagee's demands. Indeed, the Mortgagee acknowledged in Exhibit G to its motion that in fact the Debtor had delivered: (a) A general ledger in the name AV 243 LLC the parent entity that maintained the Debtor's accunts, for the years of 2011, 2010, 2009, and part of 2008, (b) 55 apartment leases between AV 243 LLC and We Care Housing Services, LLC, (c) HSBC bank statements for the years 2012 (through Feb. 2012), 2011 (Missing 11/2011), 2010, 2009, and part of 2008, (d) funding schedule of AV 243 LLC with respect to insider loans to the Debtor by

Tristate for the years 2008-2010, (e) tax returns for the 2009 and 2010 year for AV 243 LLC and (f) a 10 year Lease between AV 243 LLC and We Care Housing Services LLC, for Apartment 708-C dated January 15, 2011 and (g) operating reports from the years 2011, 2010 and 2009.

10. The Debtor believed that the discovery it produced was responsive with respect to legitimate confirmation issues. The Mortgagee advised that it was not satisfied. Rather than specify a discreet list of items, however, the Mortgagee repeatedly reiterated dozens of form-book like broad categories of documents. When the Debtor realized that it would be unable to satisfy the Mortgagee demands by culling documents that seemed to be relevant to Bankruptcy plan issues, the Debtor commenced assembling approximately 20,000 pages of additional documents. In connection with such production, Mr. Wertman retained Andrew Miltonberg as counsel, and the remaining 20,000 pages was thus produced on behalf of both the Debtor and Mr. Wertman. This involved a lot of time consuming work that the Debtor had hoped to avoid. Unfortunately, the assembly and delivery of such documents did not occur until a business day or two after the instant motion was interposed. On August 16, 2012, the Debtor, through Mr. Wertman, appeared for the first day of his deposition represented by both Miltonberg and the undersigned.

11. In the meantime, as indicated in emails produced by the Debtor, the undersigned tried to determine fromWe Care and Tristate when they would be producing documents. The undersigned sent an email in early July informing the Mortgagee that the undersigned had been told that production would be made by those entities by July 13, 2012.

3

That proved not to be true. The Mortgagee nonetheless uses this email as the basis for its argument that the other respondents were within the Debtor's "chain of control."

    12.  The fact is that the undersigned does not and cannot represent any entity but the Debtor. Far from being within the Debtor's chain of control, the undersigned sent a subsequent email at the end of July to the Mortgagee which the Mortgagee chose *not* to include, a copy of which is annexed hereto, stating as follows:

> Confirming our conversation today, the Debtor has been making progress in getting cooperation with document production. As you know, the Debtor delivered its second document production timely.
> Furthermore, since the Debtor has no desire to see this case delayed, the Debtor suggested that Tristate and We Care retain counsel and respond to the discovery demands as well.
> Yesterday I spoke to Menachem Kastner and Andrew Miltonberg who have spoken to Tristate and We Care and it appears that they will be retained. Accordingly, before your clients interpose motions to compel, I suggest that the parties "meet and confer" first.

Upon information and belief, the Mortgagee filed its motion herein before connecting with counsel to the other respondents to meet and confer, and instead relied on its discussions with the undersigned and its "chain of control" argument to justify proceeding with motion practice before having first attempted to meet and confer with the other respondents.

    13.  In summary, certain of the Debtor's discovery responses have been timely and certain have not. However, the Mortgagee did receive virtually every piece of paper the Debtor could locate before Mr. Wertman's deposition which was scheduled approximately two

4

months before trial, and the Debtor agreed to permit the lender to conduct Mr. Wertman's deposition over multiple days given the late production of the last documents.

14. Against this background, the Debtor respectfully suggests that the Mortgagee has exaggerated the severity of the situation, that the Debtor has been generally cooperative, and that the motion was premature and probably unnecessary.

WHEREFORE, the Debtor respectfully requests that the Court deny the Mortgagee's Motion, and that the Court grant such other and further relief as it deems just and proper.

Dated: New York, New York
August 20, 2012

243rd Street Bronx R&R LLC

By: s/ Charles Wertman, as Managing Member

BACKENROTH FRANKEL & KRINSKY, LLP
Attorneys for Debtor

By: s/Mark Frankel
489 Fifth Avenue
New York, New York 10017
(212) 593-1100

## Mark Frankel

| | |
|---|---|
| **From:** | Mark Frankel <mfrankel@bfklaw.com> |
| **Sent:** | Friday, July 27, 2012 3:18 PM |
| **To:** | Jerry Feuerstein (jfeuerstein@kandfllp.com) |
| **Cc:** | Chesky Wertman (chesk770@aol.com); Chesky (chesk770@gmail.com); 'amiltenberg@nmllp.com'; Menachem Kastner (mkastner@cozen.com) |
| **Subject:** | 243 |

Dear Jerry:

Confirming our conversation today, the Debtor has been making progress in getting cooperation with document production. As you know, the Debtor delivered its second document production timely.

Furthermore, since the Debtor has no desire to see this case delayed, the Debtor suggested that Tristate and We Care retain counsel and respond to the discovery demands as well.

Yesterday I spoke to Menachem Kastner and Andrew Miltonberg who have spoken to Tristate and We Care and it appears that they will be retained.

Accordingly, before your clients interpose motions to compel, I suggest that the parties "meet and confer" first.

Best Regards,

Mark A. Frankel
Backenroth Frankel & Krinsky, LLP
489 Fifth Avenue
New York, New York  10017
Tel:  (212) 593-1100
Fax:  (212) 644-0544

1